Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

Jeremy R. Johnson (*Pro Hac Vice* Pending)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS, AND BUSINESS FORMS, AND (II) AUTHORIZING CONTINUATION OF EXISTING DEPOSIT PRACTICES

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the

"**Motion**") for entry of interim and final orders substantially in the forms annexed hereto as

Exhibit B and Exhibit C (the "**Interim Order**" and the "**Final Order**") respectively, pursuant to

sections 105(a), 345, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy**

**Code**"), and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), (i) authorizing, but not directing, the Debtors to continue to maintain and use their

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as Exhibit A. The Debtors' mailing address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

existing cash management system, including maintenance of existing bank accounts, checks, and business forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**") to the extent that such requirements are inconsistent with the Debtors' practices under their existing cash management system or other actions described herein; and (iii) authorizing, but not directing, the Debtors to continue to maintain and use their existing deposit practices notwithstanding the provisions of Bankruptcy Code section 345(b). In support of the Motion, the Debtors rely upon the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 345, 363, and 364, and Bankruptcy Rule 6003.

## BACKGROUND

**A.      General Background**

4.      On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5.     The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration and incorporated herein by reference.

6.     The Debtors continue to operate their businesses and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7.     No trustee or examiner, or official committee of unsecured creditors has been appointed in the Chapter 11 Cases.

8.     In the ordinary course of business, the Debtors maintain approximately 328 bank accounts (the "**Debtors Bank Accounts**") and a cash management system that utilizes different mechanics across (a) facility-level bank accounts, (b) corporate-level bank accounts, and (c) management-entity level bank accounts (the "**Cash Management System**"). The Cash Management System is integral to the operation and administration of the Debtors' businesses. The Cash Management System allows the Debtors to monitor and control all of the Debtors' cash receipts and disbursements, identify the cash requirements of the Debtors, and transfer cash as needed to respond to the cash requirements of the Debtors.

9.     A diagram reflecting the flow of funds through the Debtor Bank Accounts in the Cash Management System is annexed hereto as <u>Attachment 2</u>. The amount of funds that flow through the Cash Management System on a monthly basis fluctuates greatly depending on, among other things, new client deposits, census level, and depositing of checks in transit.

**B.     The Debtors' Facility Level Bank Accounts and Cash Management**

10.     There are 318 facility-level bank accounts across 106 facilities. Each facility maintains three banks accounts, all at CIBC, for (a) government receivables ("**Facility Government Receivables**"), (b) private pay and insurance receivables ("**Facility Non-Government Receivables**"), and (c) facility payables ("**Facility Disbursements**").

11.     Receivables are deposited directly into the facility bank account either by check or Automated Clearing House ("**ACH**") transfers. Government receivables and insurance receivables are primarily paid by ACH. All private pay checks received at the facility are deposited into the Facility Non-Government Receivable account. If the private pay check is sent to the corporate office, then corporate personnel deposit the checks received into the Facility Non- Government Receivable account.

12.     Vendor check runs occur on a daily basis and are initiated at the corporate office. The checks are issued at the facility level and the bank account is funded once the check clears the bank. The Facility Disbursement accounts get funded daily to pay for all cleared checks. Wire payments are made from the corporate office to large vendors on a discretionary basis and costs are allocated to the facilities through journal entries on a monthly basis. No cash is transferred from the facilities to corporate for the large vendor wires.

13.     The facilities do not maintain any cash balances including petty cash, as all accounts are swept on a daily basis. All facility employee expenses are submitted to the corporate office and paid through expense checks out of the Facility Disbursement accounts. Mileage expense reports are paid through direct deposit into the employees bank accounts out of the Facility Disbursement accounts. Certain employees are issued purchase cards ("**P-cards**") with pre-set limits to pay for expenses. The P-cards are issued by Elan Financial Services, and the approximate monthly spend on account of the P-cards is $220,000. The P-cards are paid in full by the Corporate Disbursement account (defined below) on a monthly basis.

**C.      The Debtors' Corporate Level Bank Accounts and Cash Management[2]**

14.     There are four (4) corporate level bank accounts, all with CIBC, for (a) HUD facility receivables Concentration ("**HUD Facility Concentration**"), (b) Non-HUD facility

---

[2]  The Debtors' corporate level bank accounts are in the name of Senior Care Centers, LLC

4

receivable account ("**Non-HUD Concentration Account**"), (c) Gamble Hospice Concentration Account ("**Hospice Concentration Account**"), and (d) corporate disbursements ("**Corporate Disbursement Account**").

15.     Cash is swept for both government receivable concentration accounts and non-government receivable concentration accounts, on a daily basis, to the applicable concentration account. The three (3) corporate receivable accounts are used to fund the Corporate Disbursement Account on a daily basis as checks clear. The Corporate Disbursement Account is only funded when checks clear the bank and otherwise maintains a zero balance on a daily basis. All checks are cut and sent on a daily basis, for all bank accounts including Facility Disbursement accounts, from the corporate office.

16.     Payroll is funded from the Corporate Disbursement Account to each facility's account, which then pays ADP. ADP then issues the check directly to the employees. Payroll funding occurs on the 9th and 24th of every month to ADP, the payroll provider. Payroll is funded to employees twice a month on the 10th and 25th either through direct deposit or check from ADP. The 401(k) employee contribution withholding is funded twice a month from the Corporate Disbursement Account. Employee medical and dental benefits are self-insured and claims are paid on a daily basis to the insurance providers from the Health Benefits Trust Disbursement Account. Elective benefits are paid on a monthly basis to ADP insurance agency.

17.     The primary vendor with automatic funding access is CIBC Bank USA ("**CIBC**") for bank debt interest payments. These amounts are automatically drawn from the Corporate Disbursement Account. Most other vendor payments are manually issued through checks, ACH, and wire transfers on a daily basis.

65407060.4

**D.       The Debtors' Management Entity Bank Accounts and Cash Management[3]**

18.      There are an additional four (4) bank accounts, all with CIBC, two for Senior Case Center Management LLC and two for Senior Rehab Solutions LLC (the "**Management Entities**"). Each Management Entity maintains a receivable account and a disbursement account. These accounts collect receivables and are used to pay account payables. The accounts are swept on a daily basis to the Non-HUD Concentration Account and do not maintain a balance.

19.      As the foregoing overview reflects, the Cash Management System is specifically designed for administering the Debtors' businesses, and cannot be altered without significant disruption to the Debtors' business operations and material distraction to the Debtors' management. The Debtors, therefore, request that the Court authorize them to continue using the existing Cash Management System, and to transfer funds into, out of, and through the Cash Management System as the Debtors did prepetition including, without limitation, any prepetition cash management agreements, bank account terms and conditions, or treasury services agreements (collectively, the "**Bank Account Agreements**").

## RELIEF REQUESTED

20.      By this Motion, the Debtors seek entry of the Interim and Final Orders, substantially in the forms of Exhibit B and Exhibit C attached hereto, (a) authorizing, but not directing, the Debtors to continue to maintain and use their existing cash management system, including maintenance of existing bank accounts, checks, and business forms; (b) granting the Debtors a waiver of certain bank account and related requirements of the U.S. Trustee to the extent that such requirements are inconsistent with the Debtors' practices under their existing cash management system or other actions described herein; and (c) authorizing, but not directing,

---

[3] The Debtors' management-entity level bank accounts relate to the entities Senior Care Center Management, LLC and Senior Rehab Solutions, LLC.

the Debtors to continue to maintain and use their existing deposit practices notwithstanding the provisions of Bankruptcy Code section 345(b). The Debtors also request that the Court authorize and direct all banks with which the Debtors maintain accounts to continue to maintain, service, and administer such accounts and authorize third-party payroll and benefits administrators and providers to prepare and issue checks on behalf of the Debtors.

**<u>BASIS FOR RELIEF</u>**

**A.      The Debtors Should Be Authorized to Continue to Use Their Existing Cash Management System and the Debtor Bank Accounts**

21.      The Cash Management System is an ordinary course, customary, and essential business practice, the continued use of which is essential to the Debtors' business operations during the Chapter 11 Cases and their goal of maximizing value for the benefit of all parties in interest. To require the Debtors to adopt a new cash management system at this early and critical stage would be expensive, impose needless administrative burdens, and cause undue disruption. Any disruption in the collection of funds as currently implemented would adversely (and perhaps irreparably) affect the Debtors' ability to maximize estate value. Moreover, such a disruption would be wholly unnecessary because the Cash Management System provides a valuable and efficient means for the Debtors to address their cash management requirements and, to the best of the Debtors' knowledge, the majority of the Debtor Bank Accounts are held at financially stable institutions insured in the United States by the Federal Deposit Insurance Corporation ("**FDIC**"). For the aforementioned reasons, maintaining the existing Cash Management System without disruption is in the best interests of the Debtors, their estates, and all interested parties. Accordingly, the Debtors request that they be allowed to maintain and continue to use the Cash Management System, including maintenance of their existing Debtor Bank Accounts.

7

22.     As part of the relief requested herein, and to ensure that their transition into chapter 11 is as smooth as possible, the Debtors seek an order authorizing the Debtors to (a) maintain and continue to use the Debtor Bank Accounts, including but not limited to those accounts listed on <u>Attachment 1</u> hereto, in the same manner and with the same account numbers, styles, and document forms as are currently employed; (b) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, drafts, and electronic fund transfers or other items presented, issued, or drawn on the Debtor Bank Accounts; (c) pay ordinary course bank fees in connection with the Debtor Bank Accounts, including prepetition fees; (d) perform their obligations under the documents and agreements governing the Debtor Bank Accounts; and (e) for all purposes, treat the Debtor Bank Accounts as accounts of the Debtors in their capacity as debtors-in-possession.

23.     If the relief requested herein is granted, the Debtors will implement appropriate mechanisms to ensure that no payments will be made on any debts incurred by the Debtors prior to the Petition Date, other than those authorized by this Court. To prevent the possible inadvertent payment of prepetition claims against the Debtors, except those otherwise authorized by the Court, the Debtors will work closely with the banks at which the Debtor Bank Accounts are maintained (each a "**Bank**" and, collectively, the "**Banks**") to ensure appropriate procedures are in place to prevent checks issued by the Debtors prepetition from being honored absent this Court's approval and to ensure that no third-party with automatic debit capabilities is able to debit amounts attributable to the Debtors' prepetition obligations.

24.     The Debtors request that no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Motion (a) at the direction of the Debtors to honor such prepetition check or item, (b) in a good

faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of a good faith error made despite implementation of reasonable item handling procedures, be deemed to be liable to the Debtors or to their estates on account of such prepetition check or other item being honored postpetition. The Debtors believe that such flexibility accorded the Banks is necessary to induce the Banks to continue providing cash management services to the Debtors.

25.    The Debtors further request that the Banks be authorized to deduct from the appropriate Debtor Bank Accounts the Banks' fees and expenses (the "**Bank Fees and Expenses**"), and that no liens on any Debtor Bank Accounts take priority over the Bank Fees and Expenses, except as set forth in any deposit agreements between the Debtors and the Banks.

26.    Additionally, in each instance in which the Debtors hold one or more accounts at a bank that is a party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of an interim or final order granting this Motion, the Debtors will (a) contact such bank, (b) provide such bank with the Debtors' employer identification numbers, and (c) identify each of their accounts held at such bank as held by a debtor-in-possession in a bankruptcy case. If the Debtors hold one or more accounts at a bank that is not a party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors will use their good faith efforts to cause such bank to execute a Uniform Depository Agreement in a form prescribed by the Office of the U.S. Trustee within forty-five (45) days of the date of entry of an interim or final order granting this Motion.

27.    In the interest of maintaining the continued and efficient operation of the Cash Management System during the pendency of the Chapter 11 Cases, the Debtors request that all Banks be authorized and directed to continue to administer, service, and maintain the Debtor

9

Bank Accounts as such accounts were administered, serviced, and maintained prepetition, without interruption and in the ordinary course (including making deductions for Bank Fees and Expenses), and, when requested by the Debtors in their sole discretion, to honor any and all checks, drafts, wires, electronic fund transfers, or other items presented, issued, or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising on or after the Petition Date.

28.     The Debtors further request that they be authorized to implement such reasonable changes to the Cash Management System as the Debtors may deem necessary or appropriate (subject to the documents governing the CIBC credit facility), including, without limitation, closing any of the Debtor Bank Accounts and opening any additional bank accounts following the Petition Date (the "**New Accounts**") wherever the Debtors deem that such accounts are needed or appropriate and whether or not the banks in which the accounts are opened are designated approved depositories in the Northern District of Texas. Notwithstanding the foregoing, any New Accounts that the Debtors open will be at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement, and any New Account that the Debtors open in the United States will be (a) at one of the existing Banks or with a bank that is organized under the laws of the United States of America or any state therein and that is insured by the FDIC, and (b) designated a "Debtor-in-Possession" account by the relevant bank. The Debtors request that the relief sought by this Motion extend to any New Accounts and that any order approving this Motion provide that the New Accounts are deemed to be Debtor Bank Accounts that are similarly subject to the rights, obligations, and relief granted in such order. The Debtors will provide the U.S. Trustee with prompt notice of any Debtor Bank Accounts that they close or

New Accounts that they open. In furtherance of the foregoing, the Debtors also request that the relevant banks be authorized to honor the Debtors' requests to open or close (as the case may be) such Debtor Bank Account(s) or New Account(s).

**B.      The Debtors Should Be Granted Authority to Continue to Use Existing Checks and Business Forms**

29.      To minimize expenses to their estates, the Debtors seek authorization to continue using all checks substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' status as a debtor in possession; provided, however, that in the event the Debtors generate new checks during the pendency of the Chapter 11 Cases other than from their existing stock of checks, such checks will include a legend referring to the Debtor as a "Debtor in Possession." The Debtors also seek authority to use all correspondence and other business forms (including, without limitation, letterhead, purchase orders, and invoices) without reference to the Debtors' status as a debtor in possession.[4]

30.      Changing the Debtors' existing checks, correspondence, and other business forms would be expensive, unnecessary, and burdensome to the Debtors' estates. Further, such changes would disrupt the Debtors' business operations and would not confer any benefit upon parties that deal with the Debtors. For these reasons, the Debtors request that they be authorized to use their existing check stock, correspondence, and other business forms without being required to place the label "Debtor-in-Possession" on any of the foregoing.

---

[4] Although the operating guidelines established for a debtor in possession by the U.S. Trustee would require the Debtors to obtain and use new checks bearing the "Debtor in Possession" designation, the Debtors do not believe that such guidelines impose any limitation on the Debtors' other correspondence and business forms. Nevertheless, out of an abundance of caution, the Debtors seek explicit authority to continue using their existing correspondence and business forms without reference to the Debtors' status as a debtor in possession.

65407060.4

**C.**     **The Debtors Should Be Granted a Waiver of Certain Requirements of the U.S. Trustee**

31.     The Debtors further request, pursuant to Bankruptcy Code sections 105(a) and 363, that this Court grant a waiver of certain bank account and related requirements of the U.S. Trustee to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the Cash Management System or (b) any action taken by the Debtors in accordance with any order granting this Motion or any other order entered in the Chapter 11 Cases. To supervise the administration of chapter 11 cases, the U.S. Trustee has established certain operating guidelines for debtors in possession. These requirements (the "**UST Requirements**") require chapter 11 debtors to, among other things: (a) close all existing bank accounts and open new debtor in possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks for all debtor in possession accounts that bear (i) the designation "Debtor-In-Possession," (ii) the bankruptcy case number, and (iii) the type of account. The UST Requirements are designed to clearly demarcate prepetition transactions and operations from postpetition transactions and operations, and to prevent the inadvertent postpetition payment of prepetition claims. As set forth above, the Debtors submit that (a) they are able to work with the Banks to ensure that this goal of separation between the prepetition and postpetition periods is observed and (b) enforcement of certain of these UST Requirements would disrupt the Debtors' operations and impose a financial burden on the Debtors' estates.

32.     It would be onerous for the Debtors to meet the UST Requirements to close all existing bank accounts and open a new debtor in possession account. Indeed, this requirement would unnecessarily inconvenience the Debtors.  Further, it would be unnecessary and inefficient

to require the Debtors to abide by the UST Requirements to establish specific debtor in possession accounts for tax payments (including payroll taxes) and to deposit to such accounts sufficient funds to pay any tax liability (when incurred) associated with the Debtors' payroll and other tax obligations. The Debtors can pay their tax obligations most efficiently from their existing Debtor Bank Accounts in accordance with their existing practices, and the U.S. Trustee will have wide latitude to monitor the flow of funds into and out of such accounts. The creation of new debtor in possession accounts designated solely for tax obligations would be unnecessarily burdensome.

33.    In addition, it is unnecessary to require the Debtors to abide by the UST Requirement to establish specific debtor in possession accounts for cash collateral. As set forth in the Debtors' cash collateral motion, the Debtors have provided significant safeguards to ensure that parties with security interests in the Debtors' cash collateral are adequately protected and that such parties have been provided with notice of the proposed use of such cash collateral.

34.    In larger chapter 11 cases, courts have routinely waived the requirements of the UST Requirements, recognizing that they are often impractical and potentially detrimental to a debtor's postpetition business operations and restructuring efforts. *Southmark Corp. v. Grosz (In re Southmark Corp.)*, 49 F.3d 1111, 1114 (5th Cir. 1995) (finding that the cash management system allows the debtor "to administer more efficiently and effectively its financial operations and assets"); *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys., Inc.)*, 997 F.2d 1039, 1061 (3rd Cir. 1993) (finding that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient"); *see also In re Taco Bueno Restaurants, Inc.*, Case No. 18-33678 (SGJ) (Bankr. N.D. Tex. Nov. 7, 2018) [Doc. No. 44];  *In re Think Finance, LLC*, Case

No. 17-33964 (HDH) (Bankr. N.D. Tex. Nov. 21, 2017) [Doc. No. 136]; *In re CHC Group Ltd.*, Case No. 16-31854 (BJH) (Bankr. N.D. Tex. June 9, 2016) [Doc. No. 288]; *In re Energy & Exploration Partners, Inc.*, Case No. 15-44931 (RFN) (Bankr. N.D. Tex. Dec. 10, 2015) [Doc. No. 427]; *In re ALCO Stores, Inc.*, Case No. 14-34941 (SGJ) (Bankr. N.D. Tex. Oct. 16, 2014) [Doc. No. 70]; *In re Reddy Ice Holdings, Inc.*, Case No. 12-32349 (SGJ) (Bankr. N.D. Tex. Apr. 19, 2012) [Doc. No. 110]; *In re IDEARC Inc.*, Case No. 09-31828 (BJH) (Bankr. N.D. Tex. Apr. 19, 2009) [Doc. No. 156]; *In re Pilgrim Corp.,* et al., Case No. 08-45664 (MXM) (Bankr. N.D. Tex. Dec. 1, 2008) [Doc. No. 69]; *In re Paragon Offshore PLC, Case No.* 16-10386 (CSS) (Bankr. D. Del. Feb. 17, 2016) [Doc. No. 73]; *In re Offshore Group Investment Limited*, Case No. 15-12422 (BLS) (Bankr. D. Del. Dec. 4, 2015) [Doc. No. 45]. Similar authorization is appropriate in these Chapter 11 Cases.

**D.      The Debtors Should Be Authorized to Continue Their Deposit Practices**

35.      As part of the Cash Management System, the Debtors routinely deposit funds into the Debtor Bank Accounts (the "**Deposit Practices**"). The Debtors request (a) authorization to continue to deposit funds in accordance with existing practices under the Cash Management System, subject to any reasonable changes the Debtors may implement to the Cash Management System, and (ii) a waiver of the deposit requirements of Bankruptcy Code section 345(b), on an interim basis, to the extent that such requirements are inconsistent with the Deposit Practices. For the avoidance of doubt, to the extent any of the Debtor Bank Accounts may be classified as investment accounts, or to the extent any of the Debtors' routine deposits into Debtor Bank Accounts may be regarded as investment activity, the Debtors hereby seek authorization to continue to deposit funds into such Debtor Bank Accounts in accordance with existing practices, notwithstanding the requirements of Bankruptcy Code section 345(b).

## APPLICABLE AUTHORITY

**A.    The Bankruptcy Code Permits the Debtors to Continue to Use the Cash Management System and the Debtor Bank Accounts**

36.    Bankruptcy Code section 363(c)(1) authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of section 363(c)(1) is to provide a debtor in possession "flexibility to engage in ordinary transactions" required to operate its business without unneeded oversight by its creditors or the court. *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets."); *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007). The authority granted by Bankruptcy Code section 363(c)(1) extends to a debtor in possession's continued use of its customary cash management system and, thus, supports the relief requested. *See, e.g., Charter Co. v. Prudential Ins. Co. Am. (In re Charter Co.),* 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ a cash management system that was "usual and customary in the past" was "entirely consistent" with Bankruptcy Code section 363(c)(1)); *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996) (included within the scope of Bankruptcy Code section 363(c) is a debtor's ability to continue "routine transactions" necessitated by a debtor's cash management system).

37.    Moreover, Bankruptcy Code section 364(a) authorizes a debtor in possession to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing. *See* 11 U.S.C. § 364(a). This provision further supports the relief requested,

and provides the Debtors with the ability, to the extent necessary, to obtain unsecured credit and incur unsecured debt in the ordinary operation of the Cash Management System.

38.     Bankruptcy Code section 105(a) also authorizes this Court to permit the Debtors to continue to use the Cash Management System, including maintenance of their existing Debtor Bank Accounts. Bankruptcy Code section 105(a) vests in this Court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The continuation of the Cash Management System, including the continued use of the Debtor Bank Accounts, is essential to the efficient administration of the Chapter 11 Cases and to the Debtors' efforts to maximize estate value for all parties in interest. Indeed, one court, in another context, has recognized that a centralized cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in part* and *rev'd in part*, 997 F.2d 1039 (3d Cir. 1993). Therefore, the relief requested is appropriate under Bankruptcy Code section 105(a).

39.     In addition, numerous courts in other large chapter 11 cases in this district and others have authorized debtors to continue to use their existing cash management systems. *See, e.g., In re Taco Bueno Restaurants, Inc.*, Case No. 18-33678 (SGJ) (Bankr. N.D. Tex. Nov. 7, 2018) [Doc. No. 44] (authorizing continued use of cash management system and business forms); *In re Think Finance, LLC*, Case No. 17-33964 (HDH) (Bankr. N.D. Tex. Nov. 21, 2017) [Doc. No. 136] (same); *In re ADPT DFW Holdings LLC*, Case No. 17-31432 (SGJ) (Bankr. N.D. Tex. June 14, 2017) [Dkt. No. 324] (same); *In re Erickson Incorporated*, Case No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 10, 2016) [Dkt. No. 41] (same); *In re Energy & Exploration Partners, Inc.*, Case No. 15-44931 (RFN) (Bankr. N.D. Tex. Feb. 25, 2016) [Dkt. No. 427]

(same); *see also In re The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Brookstone Holdings Corp*., Case No. 14-10752 (BLS) (Bankr. D. Del. Apr. 4, 2014); *In re OnCure Holdings, Inc*., Case No. 13-11540 (KG) (Bankr. D. Del. July 24, 2013); *In re Penson Worldwide, Inc.*, Case No. 13-10061 (PJW) (Bankr. D. Del. Jan. 15, 2013); *In re B456 Sys., Inc*., Case No. 12-12859 (KJC) (Bankr. D. Del. Dec. 11, 2012); *In re Vertis Holdings, Inc*., Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 1, 2012); *In re Genesis Health Ventures, Inc.*, 402 F.3d 416, 424 (3d Cir. 2005); *In re Revel AC, Inc.*, No. 13-16253 (JHW) (Bankr. D.N.J. March 26, 2013); *In re TCI 2 Holdings, LLC*, No. 09-13654 (JHW) (Bankr. D.N.J. Feb. 19, 2009); *In re Tarragon Corp.*, No. 09-10555 (DHS) (Bankr. D.N.J. Jan. 15, 2009). Indeed, bankruptcy courts have routinely permitted chapter 11 debtors to continue to use their existing cash management systems, generally treating requests for such relief as a relatively "simple matter." *See In re Baldwin-United Corp*., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re Columbia Gas Sys., Inc*., 136 B.R. at 934.

**B.      This Court Should Waive the UST Requirements to Permit the Debtors to Continue to Use the Cash Management System**

40.      The continuation of the Cash Management System, as requested in this Motion, is consistent with the Debtors' authority to use property of the estate in the ordinary course of business pursuant to Bankruptcy Code section 363(c)(1). Accordingly, this Court should grant the Debtors a waiver of the UST Requirements to the extent that such requirements conflict with the Debtors' existing practices under the Cash Management System or any action taken by the Debtors in accordance with any order granting this Motion or any other order entered in the Chapter 11 Cases.

41.      Moreover, compelling the Debtors to alter their current cash management practices and to modify the Cash Management System to comply with the UST Requirements

would risk severe disruption to the Debtors' business and jeopardize the Debtors' ability to maximize value for all parties in interest. *Cf. In re Gaylord Container Corp.*, 1993 WL 188671, at *3, 13 (E.D. La. 1993) (adopting the bankruptcy court's findings of fact and conclusions of law, which included a finding that the banking requirements of the Office of the United States Trustee for the District of Louisiana "represent a substantial burden on any debtor and, in this case, resulted in the incurrence of extraordinary unquantifiable costs by [the debtor] associated with the confusion engendered by the implementation of new policies and procedures to comply with such rules, and due to the substantial restrictions that such rules placed on the debtor's treasury functions"). This factor alone justifies the relief that the Debtors are seeking. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

## C. This Court Has the Authority to Permit the Debtors to Continue Their Deposit Practices

42. Bankruptcy Code section 345(a) authorizes a debtor in possession to make deposits of estate money in a manner "as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit." 11 U.S.C. § 345(a). If a deposit is not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," Bankruptcy Code section 345(b) provides that the debtor must require that the entity with which the deposit is made obtain a bond in favor of the United States that is secured by the undertaking of an adequate corporate surety. *See* 11 U.S.C. § 345(b).

43. This Court has discretion to waive the requirements of Bankruptcy Code section 345(b) "for cause." 11 U.S.C. § 345(b). In *In re Service Merchandise Co., Inc.,* the court indicated that the existence of "cause" should be determined based upon the totality of the

18

circumstances taking account of factors such as: (a) the sophistication of the debtor's business; (b) the size of the debtor's business; (c) the amount of investments involved; (d) the ratings of the financial institutions at which the debtor's funds are held; (e) the complexity of the case; (f) the safeguards in place within the debtor's own business to ensure the safety of funds; (g) the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions; (h) the benefit to the debtor; (i) the harm, if any, to the estate; and (j) the reasonableness of the debtor's request for relief from the section 345(b) requirements in light of the overall circumstances of the case. 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

44.     The Debtors respectfully request that this Court (a) authorize the Debtors to continue to make deposits in accordance with the Deposit Practices; and (b) exercise their discretion to waive the requirements of Bankruptcy Code section 345(b), on an interim basis, to the extent that such requirements are inconsistent with the Deposit Practices. The Debtors submit that the circumstances of the Chapter 11 Cases warrant such relief.

45.     The Debtors are sophisticated entities with a Cash Management System that relies on the Debtor Bank Accounts on a daily basis. The majority of the Debtor Bank Accounts are held at a stable financial institution that is insured by the FDIC and, thus, the Debtors' funds are safe (up to applicable FDIC limits). Furthermore, in light of the regular deposits to, and sweeps of, the various Debtor Bank Accounts and the "as needed" funding structure of the overall system, it would be especially disruptive, unnecessary, and wasteful to require the posting of a bond to the extent that the balances of the Debtor Bank Accounts exceed FDIC insurance limits at a given time.

46. Further, the Debtors have maintained the current Cash Management System for several years, during which time the Cash Management System operated successfully in conjunction with the Debtors' existing prepetition credit facility.

47. Courts have granted requests to approve the use of deposit practices that do not comply strictly with Bankruptcy Code section 345(b). *See, e.g., In re The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Ambient Corp.*, Case No. 14-11791 (KG) (Bankr. D. Del. Aug. 11, 2014); *In re OnCure Holdings, Inc.*, Case No. 13-11540 (KG) (Bankr. D. Del. July 24, 2013); *In re B456 Sys., Inc.*, Case No. 12-12859 (KJC) (Bankr. D. Del. Dec. 11, 2012); *In re Graceway Pharm., LLC*, Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011); *In re Newpage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Sept. 8, 2011). Accordingly, the Court should authorize the Debtors to continue to deposit funds in accordance with the Deposit Practices and grant a waiver of the requirements of Bankruptcy Code section 345(b) on an interim basis to the extent that the requirements are inconsistent with the Deposit Practices.

## D. Bankruptcy Rule 6003 Has Been Satisfied and Bankruptcy Rule 6004 Should Be Waived

48. Certain isolated aspects of the relief requested herein may, if granted, be subject to Bankruptcy Rule 6003. Pursuant to Bankruptcy Rule 6003, a court may grant such relief if it is necessary to avoid immediate and irreparable harm. The Debtors submit that facts set forth herein demonstrate that the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and, thus, Bankruptcy Rule 6003 has been satisfied.

49. Additionally, to the extent that any aspect of the relief sought herein constitutes a use of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). As described above, the relief that the

65407060.4

Debtors seek in this Motion is immediately necessary in order for the Debtors to be able to continue to operate their businesses and preserve the value of their estates. The Debtors thus submit that the requested waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is appropriate.

## CONSENT TO JURISDICTION

50.     The Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RESERVATION OF RIGHTS

51.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under Bankruptcy Code section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

52.     Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the states in which the Debtors operate; (c) the Debtors' forty largest unsecured creditors on a consolidated basis; (d) counsel to CIBC Bank USA; (e) Sabra Texas Holdings, L.P.; (f) the Internal Revenue Service; and (g) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate Facilities.

53. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

## NO PRIOR REQUEST

54. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter Interim and Final orders, substantially in the forms attached hereto as Exhibit B and Exhibit C, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: December 5 , 2018
      Dallas, Texas

**POLSINELLI PC**

/s/     *Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (*Pro Hac Vice* Pending)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Attachment 1**

Schedule of Debtor Bank Accounts

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2443014 | Alief SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5120 | Alief SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5712 | Alief SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1520 | PM Management - Allen NC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7129 | PM Management - Allen NC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2152 | PM Management - Allen NC LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2174 | Vintage SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2132 | Whitesboro SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1635 | PM Management - Babcock NC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 3958 | PM Management - | Government |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Babcock NC LLC | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8636 | PM Management - Babcock NC LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9932 | Bandera SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5848 | Bandera SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1937 | Bandera SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1936 | Baytown SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0746 | Baytown SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7208 | Baytown SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5669 | Beltline SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5651 | Beltline SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 5685 | Beltline SCC LLC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7043 | Booker SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8740 | Booker SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9538 | Booker SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2541 | Bossier SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2133 | Bossier SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7448 | Bossier SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2249 | Bradford SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8038 | Bradford SCC, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3046 | Bradford SCC, LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 5627 | Brinker SCC LLC | Accounts Payable |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5619 | Brinker SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5643 | Brinker SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0663 | Brownwood SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0647 | Brownwood SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0655 | Brownwood SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6716 | Capitol SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7014 | Capitol SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4113 | Capitol SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4677 | Cedar Bayou SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1424 | Cedar Bayou SCC | Deposit |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
|  | Birmingham, Michigan 48009 |  | LLC |  |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7413 | Cedar Bayou SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1546 | PM Management - Cedar Park NC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3221 | PM Management - Cedar Park NC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5617 | PM Management - Cedar Park NC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9953 | Clear Brook SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5543 | Clear Brook SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7449 | Clear Brook SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1336 | Colonial SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6441 | Colonial SCC, LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 6442 | Colonial SCC, LLC | Operating |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7501 | Community SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7488 | Community SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7496 | Community SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1643 | PM Management - Corpus Christi | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5723 | PM Management - Corpus Christi | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0953 | PM Management - Corpus Christi | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8327 | PM Management - Corpus Christi | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7528 | PM Management - Corpus Christi | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1554 | PM Management - Corpus Christi | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1279 | Corpus Christi SCC | Accounts Payable |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6070 | Corpus Christi SCC LLC ALF | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1253 | Corpus Christi SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1261 | Corpus Christi SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4952 | PM Management - Corsicana NC I | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6088 | PM Management - Corsicana NC I | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5422 | PM Management - Corsicana NC I | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1669 | PM Management - Corsicana NC L | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5423 | PM Management - Corsicana NC L | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1562 | PM Management - Corsicana NC I | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1651 | PM Management - | Accounts Payable |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Corsicana NC I | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6633 | PM Management - Corsicana NC I | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7032 | PM Management - Corsicana NC I | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2529 | PM Management - Corsicana NC L | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2580 | Crestwood SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2572 | Crestwood SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5601 | Crestwood SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7140 | Crowley SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7182 | Crowley SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7158 | Crowley SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 9125 | PM Management - | Accounts Payable |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Denison NC LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6321 | PM Management - Denison NC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8724 | PM Management - Denison NC LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2124 | Whitesboro SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2166 | Vintage SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1225 | PM Management - El Paso I NC L | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0851 | PM Management - El Paso I NC L | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9230 | PM Management - El Paso I NC L | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2548 | Fairpark SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2530 | Fairpark SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 2564 | Fairpark SCC LLC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9133 | PM Management - Fredericksburg | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7326 | PM Management - Fredericksburg | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3324 | PM Management - Fredericksburg | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9248 | PM Management - Frisco NC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2123 | PM Management - Frisco NC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8137 | PM Management - Frisco NC LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7345 | Gamble Hospice Care Central | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2232 | Gamble Hospice Care Central | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1538 | Gamble Hospice Care Central | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 3058 | Gamble Hospice | Accounts Payable |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Care Northeast | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5144 | Gamble Hospice Care Northeast | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9041 | Gamble Hospice Care Northeast | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5631 | Gamble Hospice Care Northwest | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3534 | Gamble Hospice Care Northwest | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2049 | Gamble Hospice Care Northwest | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1289 | Gamble Hospice Care of Cenla | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8151 | Gamble Hospice Care of Cenla | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7550 | Gamble Hospice Care of Cenla | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9256 | PM Management - Garland NC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 8637 | PM Management - | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Garland NC LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2530 | PM Management - Garland NC LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9167 | PM Management - Golden Triangl | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9875 | PM Management - Golden Triangl | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3222 | PM Management - Golden Triangl | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9272 | PM Management - Golden Triangl | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9222 | PM Management - Golden Triangl | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8434 | PM Management - Golden Triangl | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1732 | PM Management - Golden Triangl | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1226 | PM Management - Golden Triangl | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 2031 | PM Management - | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Golden Triangl | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1839 | PM Management - Golden Triangl | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3024 | PM Management - Golden Triangl | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2722 | PM Management - Golden Triangl | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7108 | Green Oaks SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7093 | Green Oaks SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7132 | Green Oaks SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2190 | Vintage SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2158 | Whitesboro SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1631 | Hearthstone SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1615 | Park Bend SCC LLC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1649 | Sagebrook SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1623 | Stonebridge SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7190 | Harbor Lakes SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7239 | Harbor Lakes SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7205 | Harbor Lakes SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8339 | MBS-Harden Pharmacy LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7623 | MBS-Harden Pharmacy LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5529 | MBS-Harden Pharmacy LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5790 | Hearthstone SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 5782 | Hearthstone SCC | Deposit |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7815 | Hewitt SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7792 | Hewitt SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7807 | Hewitt SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2506 | HG SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2491 | HG SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2522 | HG SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9697 | Hill Country SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9647 | Hill Country SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9590 | Hill Country SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 0008 | Holland Lake SCC, | Accounts Payable |

Attachment 1 - 15

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8180 | Holland Lake SCC, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2225 | Holland Lake SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7045 | Hunters Pond SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7348 | Hunters Pond SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1180 | Hunters Pond SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9689 | Jacksonville SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9639 | Jacksonville SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9582 | Jacksonville SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5189 | PM Management - Killeen I NC L | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 7329 | PM Management - | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Killeen I NC L | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6026 | PM Management - Killeen I NC L | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4034 | PM Management - Killeen II NC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2322 | PM Management - Killeen II NC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6528 | PM Management - Killeen III NC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2723 | PM Management - Killeen III NC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1740 | PM Management - Killeen I NC L | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1847 | PM Management - Killeen II NC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1758 | PM Management - Killeen III NC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9510 | La Hacienda SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 3930 | La Hacienda SCC | Deposit |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0627 | La Hacienda SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2459 | Lakepointe SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2483 | Lakepointe SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2467 | Lakepointe SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1766 | PM Management - Lewisville NC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3027 | PM Management - Lewisville NC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6025 | PM Management - Lewisville NC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8292 | Marlandwood East SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1287 | Marlandwood East SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1295 | Marlandwood East | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | SCC LLC | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8307 | Marlandwood West SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1300 | Marlandwood West SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1318 | Marlandwood West SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1342 | Meadow Creek SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1326 | Meadow Creek SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1334 | Meadow Creek SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9702 | Midland SCC LCC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9655 | Midland SCC LCC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9605 | Midland SCC LCC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 5847 | Mill Forest Road | Accounts Payable |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | SCC LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1607 | Mill Forest Road SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1513 | Mill Forest Road SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7551 | Mission SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7535 | Mission SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7543 | Mission SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2409 | Mullican SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2394 | Mullican SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2425 | Mullican SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1715 | Mystic Park SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 5609 | Mystic Park SCC | Deposit |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8932 | Mystic Park SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1774 | PM Management - New Braunfels | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8130 | PM Management - New Braunfels | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8222 | PM Management - New Braunfels | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1747 | Normandie SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9442 | Normandie SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1337 | Normandie SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4082 | Onion Creek SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4066 | Onion Creek SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 4074 | Onion Creek SCC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5732 | Park Bend SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5724 | Park Bend SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2231 | PM Management - Park Valley NC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1863 | PM Management - Park Valley NC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6635 | PM Management - Park Valley NC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0343 | Pasadena SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7521 | Pasadena SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2512 | Pasadena SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9613 | Pecan Tree SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 9710 | Pecan Tree SCC | Accounts Payable |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9663 | Pecan Tree SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1409 | Pecan Valley SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1134 | Pecan Valley SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7450 | Pecan Valley SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1871 | PM Management - Pflugerville A | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6729 | PM Management - Pflugerville A | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2360 | Pleasantmanor SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2352 | Pleasantmanor SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2386 | Pleasantmanor SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1952 | PM Management - | Accounts Payable |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Portland AL LL | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3028 | PM Management - Portland AL LL | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1960 | PM Management - Portland NC LL | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6323 | PM Management - Portland NC LL | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8725 | PM Management - Portland NC LL | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4112 | Presidential SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6620 | Presidential SCC LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6619 | Presidential SCC LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2328 | Redoak SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2310 | Redoak SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 2344 | Redoak SCC LLC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9455 | Mason Health, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4200 | Mason Health, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4936 | Riverside SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4829 | Riverside SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4937 | Riverside SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1978 | PM Management - Round Rock Al | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9525 | PM Management - Round Rock Al | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1376 | Round Rock SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1350 | Round Rock SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1368 | Round Rock SCC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2289 | Rowlett SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2271 | Rowlett SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2302 | Rowlett SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2134 | Ruston SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3036 | Ruston SCC, LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4647 | Ruston SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2247 | RW SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2239 | RW SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2263 | RW SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 5813 | Sagebrook SCC | Accounts Payable |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
|  | Birmingham, Michigan 48009 |  | LLC |  |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5805 | Sagebrook SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9728 | San Angelo SCC LCC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9671 | San Angelo SCC LCC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9621 | San Angelo SCC LCC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1986 | PM Management - San Antonio NC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7329 | PM Management - San Antonio NC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5197 | PM Management - SA NC ALF | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7852 | PM Management - San Antonio NC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2093 | Senior Rehab Solutions LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 2085 | Senior Rehab | Deposit |

Attachment 1 - 27

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | Solutions LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0650 | Edinburg SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0642 | Edinburg SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0537 | Edinburg SCC LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2051 | Senior Care Center Mngmt LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2001 | Senior Care Center Mngmt LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7664 | SCC Socorro, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4655 | SCC Socorro, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7185 | SCC Socorro, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2043 | Senior Care Centers, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1535 | Senior Care Centers, | Concentration |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1494 | Senior Care Centers, LLC | Concentration |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5444 | SRS North LouisianaLLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6043 | Shreveport SCC, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7044 | Shreveport SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7236 | Shreveport SCC, LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8933 | South Oaks SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0109 | South Oaks SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6622 | South Oaks SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1133 | Springlake ALF SCC, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 8239 | Springlake ALF | Accounts Payable |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | SCC, LLC | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4648 | Springlake SCC, LLC | Government |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 2135 | Springlake SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1338 | Springlake SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7051 | Stallings Court | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7043 | Stallings Court | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7085 | Stallings Court | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5766 | Stonebridge SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5758 | Stonebridge SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5869 | Stonegate SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 4848 | Stonegate SCC, LLC | Deposit |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1128 | Stonegate SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8315 | Summer Regency SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1384 | Summer Regency SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1392 | Summer Regency SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9443 | Valley Grande SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5632 | Valley Grande SCC, LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8146 | Valley Grande SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 6621 | West Oaks SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 7844 | West Oaks SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 2213 | West Oaks SCC | Government |

65407060.4

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | LLC | Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 8323 | Western Hills SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1415 | Western Hills SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1423 | Western Hills SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1449 | Weston Inn SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1431 | Weston Inn SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1407 | Weston Inn SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9042 | Westover Hills SCC, LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 0653 | Westover Hills SCC, LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 3539 | Westover Hills SCC, LLC | Operating |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 | 1473 | Windcrest SCC LLC | Accounts Payable |

| Financial Institution | Address | Account Number (last 4 digits) | Account Holder | Account Type |
|---|---|---|---|---|
| | Birmingham, Michigan 48009 | | | |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1457 | Windcrest SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1465 | Windcrest SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 9978 | Windmill SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 5713 | Windmill SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 4022 | Windmill SCC LLC | Government Receivables |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1504 | Wurzbach SCC LLC | Accounts Payable |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1481 | Wurzbach SCC LLC | Deposit |
| CIBC Bank USA | 34901 Woodward Avenue, Suite 200 Birmingham, Michigan 48009 | 1499 | Wurzbach SCC LLC | Government Receivables |

65407060.4

**<u>Attachment 2</u>**

Diagram of Cash Management System

65407060.4



# Senior Care Centers, LLC
# Account Structure

**Remote Deposit Scanner:**
- For use at corporate office
- Deposit into all accounts
- Re-programmed



**\*Composite/Fee Account\***
Senior Care Centers, LLC
Holding Company
*Depository Account*
**Acct #2212043**
- ACH Positive Pay
- Domestic Wires

↕ **ZBA**

**ADP Wire Drawdown from A/P Accounts**

ACH Credit Limit: $8,000,000
ACH Debit Limit: $4,000,000
Wire Limit-$99,999,999

---

**Senior Care Centers Management, LLC**
*Depository Account*
**Acct #2212001**
- ACH Positive Pay
- Remote Deposit (low volume)

**Senior Care Centers Management, LLC**
*A/P Account*
**Acct #2212051**
- Payee PosPay w/o Recon (issue file upload)
- CD-ROM
- ACH Positive Pay
- ACH exp. Reimburse (templates)
- Domestic Wires
- ACH File Upload-Rent Payments

**Senior Care Rehab Solutions, LLC**
*A/P Account*
**Acct #2212093**
- Payee PosPay w/o Recon (issue file upload)
- CD-ROM
- ACH Positive Pay
- ACH exp. Reimburse (templates)
- Domestic Wires

**Senior Care Centers Management, LLC**
**Senior Care Centers Health Benefits Trust Account**
*Depository Account*
**Acct #2212077**
- ACH Positive Pay
- Receives remote deposits from corporate scanner

↕ **ZBA**

**Senior Care Rehab Solutions, LLC**
*Depository Account*
**Acct #2212085**
- ACH Positive Pay
- Receives remote deposits from corporate scanner

**Senior Care Centers Management, LLC**
**Senior Care Centers Health Benefits Trust Account**
*A/P Account*
**Acct #2212116**
- ACH Positive Pay

---

**Business NetBanking ID #622374:**
- Admin: Kurt Clamp
- Info Reporting – All Accounts
- E-Statements – All Accounts
- Stops – All Accounts
- ACH direct debits (templates) – Depository Accts
- ACH direct deposit (upload) – Depository Accts
- Deposit Image Reporting

**Credit Card payments deposited into each facility.**

**Business NetBanking ID #790943:**
- Reporting and Stop Payments for Resident Trust accounts only
- Token not needed for access

1

Attachment 2 - 1



65407060.4



65407060.4



65407060.4



65407060.4



## HUD Blocked Accounts

| | | | |
|---|---|---|---|
| **Hearthstone SCC, LLC**<br>*Blocked Account*<br>**Acct #2279697**<br>• ACH PositivePay | **Park Bend SCC, LLC**<br>*Blocked Account*<br>**Acct #2279702**<br>• ACH PositivePay | **Sagebrook SCC, LLC**<br>*Blocked Account*<br>**Acct #2279710**<br>• ACH PositivePay | **Stonebridge SCC, LLC**<br>*Blocked Account*<br>**Acct #2279728**<br>• ACH PositivePay |

6

Attachment 2 - 6

65407060.4



## Senior Care Centers, LLC

**CIBC**

**Remote Deposit Scanner:**
• For use at corporate office
• Deposit into all accounts
• Re-programmed

ZBA

**Senior Care Centers, LLC**
**Holding Company**
*Depository Account*
**Acct #2212043**

**ADP Wire Drawdown from A/P Accounts**

**Marlandwood East SCC LLC**
*Depository Account*
**Acct #2351287**
•ACH Positive Pay
• Remote Deposit (low volume)

**Marlandwood East SCC LLC**
*Gvt Receivables Account*
**Acct #2351295**
• ACH Block

ZBA

**Marlandwood East SCC LLC**
*A/P Account*
**Acct #2348292**
• Payee PosPay w/o Recon (issue file upload)
• CD-ROM
• ACH Positive Pay
•Domestic Wire

**Marlandwood East SCC LLC**
*Patient Trust Account*
**Acct #2365579**

**Rowlett SCC, LLC**
*Depository Account*
**Acct #2212271**
•ACH Positive Pay
• Remote Deposit (low volume)

**Rowlett SCC, LLC**
*Gvt Receivables Account*
**Acct #2212302**
• ACH Block

ZBA

**Rowlett SCC, LLC**
*A/P Account*
**Acct #2212289**
• Payee PosPay w/o Recon (issue file upload)
• CD-ROM
• ACH Positive Pay
•Domestic Wires

**Hill Country SCC, LLC**
*Depository Account*
**Acct #2259647**
•ACH Positive Pay
• Remote Deposit (low volume)

**Hill Country SCC, LLC**
*Gvt Receivables Account*
**Acct #2259590**
• ACH Block

ZBA

**Hill Country SCC, LLC**
*A/P Account*
**Acct #2259697**
• Payee PosPay w/o Recon (issue file upload)
• CD-ROM
• ACH Positive Pay
•Domestic Wires

**Rowlett SCC, LLC**
*Patient Trust Account*
**Acct #2268086**
•Express Transfers
•ACH Debit Block
•EDI Reporting

Rowlett SCC, LLC
Patient Trust Sweep
Acct #112268081

**Hill County SCC, LLC**
*Patient Trust Account*
**Acct #2259833**
• Express Transfers
•ACH Debit Block
•EDI Reporting

Hill County SCC, LLC
Patient Trust Sweep
Acct # 112259833

65407060.4

Attachment 2 - 7



**Senior Care Centers, LLC**

65407060.4



65407060.4



10

65407060.4

Attachment 2 - 10



65407060.4



**Senior Care Centers, LLC**
**Account Structure**

65407060.4



**Senior Care Centers, LLC**
**Account Structure**

Senior Care Centers, LLC
Holding Company
*Depository Account*
Acct #2212043

ZBA

**Baytown SCC LLC**
*Operating Account*
Acct #2400746
•ACH Positive Pay
• Remote Deposit (low volume)

**Baytown SCC LLC**
*Gvt Receivables Account*
Acct #2487208
• ACH Block
ACCOUNT CLOSED

**Baytown SCC LLC**
*A/P Account*
Acct #2461936
• Payee PosPay w/o Recon
(issue file upload)
• CD-ROM
• ACH Positive Pay
• Domestic Wires

**Baytown SCC LLC**
*Patient Trust Account*
Acct #2395716
• Express Transfers
•ACH Debit Block
•EDI Reporting

Baytown SCC LLC
Patient Trust Sweep
Acct #2423612

**Bandera SCC LLC**
*Operating Account*
Acct 2405848
•ACH Positive Pay
• Remote Deposit (low volume)

**Bandera SCC LLC**
*Gvt Receivables Account*
Acct #2461937
• ACH Block

**Bandera SCC LLC**
*A/P Account*
Acct #2489932
• Payee PosPay w/o Recon
(issue file upload)
• CD-ROM
• ACH Positive Pay
• Domestic Wires

**Bandera SCC LLC**
*Patient Trust Account*
Acct #2450346
• Express Transfers
•ACH Debit Block
•EDI Reporting

Bandera SCC LLC
Patient Trust Sweep
Acct #2488011

**Alief SCC LLC**
*Operating Account*
Acct #2465120
•ACH Positive Pay
• Remote Deposit (low volume)

**Alief SCC LLC**
*Gvt Receivables Account*
Acct #2445712
• ACH Block

**Alief SCC LLC**
*A/P Account*
Acct #2443014
• Payee PosPay w/o Recon
(issue file upload)
• CD-ROM
• ACH Positive Pay
•Domestic Wires

**Alief SCC LLC**
*Patient Trust Account*
Acct #2461940
• Express Transfers
•ACH Debit Block
•EDI Reporting

Alief SCC LLC
Patient Trust Sweep
Acct #2461941

**West Oaks SCC LLC**
*Operating Account*
Acct #2467844
•ACH Positive Pay
• Remote Deposit (low volume)

**West Oaks SCC LLC**
*Gvt Receivables Account*
Acct #2392213
• ACH Block

**West Oaks SCC LLC**
*A/P Account*
Acct #2406621
• Payee PosPay w/o Recon
(issue file upload)
• CD-ROM
• ACH Positive Pay
•Domestic Wires

**West Oaks SCC LLC**
*Patient Trust Account*
Acct #2444941
• Express Transfers
•ACH Debit Block
•EDI Reporting

West Oaks SCC LLC
Patient Trust Sweep
Acct #2489934

13

65407060.4



**Senior Care Centers, LLC
Account Structure**

14

65407060.4



Attachment 2 - 15



## Senior Care Centers, LLC
## Account Structure

16

Attachment 2 - 16

65407060.4



**Senior Care Centers, LLC**
**Account Structure**

**Business NetBanking ID #622374:**
- Info Reporting – All Accounts
- E-Statements – All Accounts
- Stops – All Accounts
- ACH direct debits (templates) – Depository Accts
- ACH direct deposit (upload) – Depository Accts

17

65407060.4



**Senior Care Centers, LLC**
**Account Structure**

CIBC

Senior Care Centers, LLC
Holding Company
*Depository Account*
Acct #2212043

ZBA

ZBA

PM Management
Garland AL LLC
*Operating Account*
Acct #2407423
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

PM Management
Garland AL LLC
*Gvt Receivables Account*
Acct #2396521
• ACH Block

Senior Care Centers
Management II LLC
Garland AL LLC
*A/P Account*
Acct #2349141
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

PM Management
Georgetown AL LLC
*Operating Account*
Acct #2425215
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

PM Management
Georgetown AL LLC
*Gvt Receivables Account*
Acct #2426024
• ACH Block

Senior Care Centers
Management II LLC
Georgetown AL LLC
*A/P Account*
Acct #2349159
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**Business NetBanking ID #622374:**
• Info Reporting – All Accounts
• E-Statements – All Accounts
•Stops – All Accounts
• ACH direct debits (templates) – Depository Accts
• ACH direct deposit (upload) – Depository Accts

18

Attachment 2 - 18



### Senior Care Centers, LLC
### Account Structure

ZBA ← ZBA →

**Senior Care Centers, LLC**
**Holding Company**
*Depository Account*
**Acct #2212043**

**PM Management**
**Golden Triangle NC I LLC**
*Operating Account*
**Acct #2473222**
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management**
**Golden Triangle NC I LLC**
*Gvt Receivables Account*
**Acct #2419875**
• ACH Block

**Senior Care Centers**
**Management II LLC**
**Golden Triangle NC I LLC**
*A/P Account*
**Acct #2349167**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**PM Management**
**Golden Triangle NC III LC**
*Operating Account*
**Acct #2411226**
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management**
**Golden Triangle NC III LC**
*Gvt Receivables Account*
**Acct #2412031**
• ACH Block

**Senior Care Centers**
**Management II LLC**
**Golden Triangle NC III LLC**
*A/P Account*
**Acct #2351732**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**Killeen I NC LLC**
*Operating Account*
**Acct # 2426026**
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**Killeen I NC LLC**
*Gvt Receivables Account*
**Acct # 2447329**
• ACH Block

**Killeen I NC LLC**
*A/P Account*
**Acct #2351740**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**PM Management**
**Killeen III NC LLC**
*Operating Account*
**Acct # 2462723**
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management**
**Killeen III NC LLC**
*Gvt Receivables Account*
**Acct # 2446528**
• ACH Block

**Senior Care Centers**
**Management II LLC**
**Killeen III NC LLC**
*A/P Account*
**Acct #2351758**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**Business NetBanking ID #622374:**
• Info Reporting – All Accounts
• E-Statements – All Accounts
•Stops – All Accounts
• ACH direct debits (templates) – Depository Accts
• ACH direct deposit (upload) – Depository Accts

19



**Senior Care Centers, LLC
Account Structure**

**CIBC**

ZBA

**Senior Care Centers, LLC
Holding Company**
*Depository Account*
**Acct #2212043**

ZBA

**PM Management
New Braunfels NC LLC**
*Operating Account*
**Acct # 2408222**
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management
New Braunfels NC LLC**
*Gvt Receivables Account*
**Acct # 2398130**
• ACH Block

**Senior Care Centers
Management II LLC
New Braunfels NC LLC**
*A/P Account*
**Acct #2351774**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**PM Management
El Paso I NC LLC**
*Operating Account*
**Acct #2470851**
•ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management
El Paso I NC LLC**
*Gvt Receivables Account*
**Acct #2411225**
• ACH Block

**Senior Care Centers
Management II LLC
El Paso I NC LLC**
*A/P Account*
**Acct #2349230**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**Business NetBanking ID #622374:**
• Info Reporting – All Accounts
• E-Statements – All Accounts
•Stops – All Accounts
• ACH direct debits (templates) – Depository Accts
• ACH direct deposit (upload) – Depository Accts

20



**Senior Care Centers, LLC**
**Account Structure**

CIBC

ZBA → **Senior Care Centers, LLC**
**Holding Company**
*Depository Account*
**Acct #2212043** ← ZBA

**PM Management**
**Georgetown NC LLC**
*Operating Account*
**Acct #2412030**
• ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management**
**Georgetown NC LLC**
*Gvt Receivables Account*
**Acct #2469426**
• ACH Block

**Senior Care Centers**
**Management II LLC**
**Georgetown NC LLC**
*A/P Account*
**Acct #2349264**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**PM Management**
**Golden Triangle NC II LLC**
*Operating Account*
**Acct #2438434**
• ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management**
**Golden Triangle NC II LC**
*Gvt Receivables Account*
**Acct #2439222**
• ACH Block

**Senior Care Centers**
**Management II LLC**
**Golden Triangle NC II LC**
*A/P Account*
**Acct #2349272**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**PM Management**
**Golden Triangle NC IV LLC**
*Operating Account*
**Acct #2393024**
• ACH Positive Pay
• Remote Deposit (low volume)

ZBA

**PM Management**
**Golden Triangle NC IV LLC**
*Gvt Receivables Account*
**Acct #2462722**
• ACH Block

**Senior Care Centers**
**Management II LLC**
**Golden Triangle NC IV LLC**
*A/P Account*
**Acct #2351839**
• Payee PosPay w/o Recon
(issue file upload)
• ACH PositivePay

**Business NetBanking ID #622374:**
• Info Reporting – All Accounts
• E-Statements – All Accounts
• Stops – All Accounts
• ACH direct debits (templates) – Depository Accts
• ACH direct deposit (upload) – Depository Accts

21

65407060.4



Senior Care Centers, LLC
Account Structure

Attachment 2 - 22

65407060.4



**Senior Care Centers, LLC**
**Account Structure**

23

65407060.4



24

65407060.4



Attachment 2 - 25





65407060.4



65407060.4



65407060.4



65407060.4



## Senior Care Centers, LLC
## Account Structure

*Composite Fee Account-Full Waiver*

**SCC Cares Foundation Corporation**
*Operating Account*
**Acct #2270172**
• Internal Transfers
• ACH Positive Pay
• Receives remote deposits from corporate scanner

⇕ ZBA

**SCC Cares Foundation Corporation**
*A/P Account*
**Acct #2270180**
• ACH Positive Pay

31

Attachment 2 - 31



Attachment 2 - 32



Attachment 2 - 33



65407060.4



65407060.4





# Senior Care Centers, LLC
## Account Structure

Return Items on 3324 to hit 1535 with
Notification to SCC

36

65407060.4



Attachment 2 - 37

65407060.4



65407060.4



39

65407060.4

**Exhibit A**

(Sorted Alphabetically)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | Alief SCC LLC | 18-33987 | 0523 |
| 2. | Bandera SCC LLC | 18-33989 | 0617 |
| 3. | Baytown SCC LLC | 18-33992 | 0778 |
| 4. | Beltline SCC LLC | 18-33996 | 7264 |
| 5. | Booker SCC LLC | 18-33999 | 0967 |
| 6. | Bossier SCC LLC | 18-34003 | 2017 |
| 7. | Bradford SCC LLC | 18-34004 | 9535 |
| 8. | Brinker  SCC LLC | 18-34005 | 7304 |
| 9. | Brownwood SCC LLC | 18-33968 | 0677 |
| 10. | Capitol SCC LLC | 18-34006 | 1750 |
| 11. | CapWest-Texas LLC | 18-34008 | 4897 |
| 12. | Cedar Bayou SCC LLC | 18-34010 | 8889 |
| 13. | Clear Brook SCC LLC | 18-34012 | 1877 |
| 14. | Colonial SCC LLC | 18-34014 | 4385 |
| 15. | Community SCC LLC | 18-33969 | 7951 |
| 16. | Corpus Christi SCC LLC | 18-34016 | 9807 |
| 17. | Crestwood SCC LLC | 18-34017 | 7349 |
| 18. | Crowley SCC LLC | 18-33970 | 6697 |
| 19. | CTLTC Real Estate, LLC | 18-34018 | 0202 |
| 20. | Fairpark SCC LLC | 18-34020 | 7381 |
| 21. | Gamble Hospice Care Central LLC | 18-34022 | 6688 |
| 22. | Gamble Hospice Care Northeast LLC | 18-34025 | 6661 |
| 23. | Gamble Hospice Care Northwest LLC | 18-34027 | 2044 |
| 24. | Gamble Hospice Care of Cenla LLC | 18-34029 | 4510 |
| 25. | Green Oaks SCC LLC | 18-33971 | 7218 |
| 26. | Harbor Lakes SCC LLC | 18-33972 | 7299 |
| 27. | Harden HUD Holdco LLC | 18-34032 | 1502 |
| 28. | Harden Non-HUD Holdco LLC | 18-34035 | 3391 |
| 29. | Harden Pharmacy LLC | 18-34036 | 1995 |
| 30. | Hearthstone SCC LLC | 18-34037 | 9154 |
| 31. | Hewitt SCC LLC | 18-33973 | 7237 |
| 32. | HG SCC LLC | 18-34040 | 7415 |
| 33. | Hill Country SCC LLC | 18-34043 | 4199 |
| 34. | Holland SCC LLC | 18-33974 | 1427 |
| 35. | Hunters Pond SCC LLC | 18-34045 | 2886 |
| 36. | Jacksonville SCC LLC | 18-34046 | 4216 |
| 37. | La Hacienda SCC LLC | 18-34049 | 1074 |
| 38. | Lakepointe SCC LLC | 18-34050 | 7457 |
| 39. | Major Timbers LLC | 18-34052 | 7477 |
| 40. | Marlandwood East SCC LLC | 18-34054 | 1871 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 41. | Marlandwood West SCC LLC | 18-34058 | 2192 |
| 42. | Meadow Creek SCC LLC | 18-34064 | 9278 |
| 43. | Midland SCC LLC | 18-34065 | 4231 |
| 44. | Mill Forest Road SCC LLC | 18-34066 | 5137 |
| 45. | Mission SCC LLC | 18-33975 | 8086 |
| 46. | Mullican SCC LLC | 18-34067 | 7499 |
| 47. | Mystic Park SCC LLC | 18-34068 | 1898 |
| 48. | Normandie SCC LLC | 18-34069 | 1542 |
| 49. | Onion Creek SCC LLC | 18-34070 | 7425 |
| 50. | Park Bend SCC LLC | 18-34071 | 9410 |
| 51. | Pasadena SCC LLC | 18-34072 | 1694 |
| 52. | Pecan Tree SCC LLC | 18-34073 | 4241 |
| 53. | Pecan Valley SCC LLC | 18-34074 | 9585 |
| 54. | Pleasantmanor SCC LLC | 18-34075 | 7536 |
| 55. | PM Management - Allen NC LLC | 18-34076 | 4961 |
| 56. | PM Management - Babcock NC LLC | 18-34077 | 7829 |
| 57. | PM Management - Cedar Park NC LLC | 18-34078 | 1050 |
| 58. | PM Management - Corpus Christi NC II LLC | 18-34079 | 5231 |
| 59. | PM Management - Corpus Christi NC III LLC | 18-34080 | 5129 |
| 60. | PM Management - Corsicana NC II LLC | 18-34081 | 9281 |
| 61. | PM Management - Corsicana NC III LLC | 18-34082 | 9353 |
| 62. | PM Management - Corsicana NC LLC | 18-34083 | 1333 |
| 63. | PM Management - Denison NC LLC | 18-34084 | 5022 |
| 64. | PM Management - El Paso I NC LLC | 18-34085 | 2965 |
| 65. | PM Management - Fredericksburg NC LLC | 18-34086 | 0599 |
| 66. | PM Management - Frisco NC LLC | 18-34087 | 5082 |
| 67. | PM Management - Garland NC LLC | 18-33979 | 5137 |
| 68. | PM Management - Golden Triangle NC I LLC | 18-33980 | 9478 |
| 69. | PM Management - Golden Triangle NC II LLC | 18-33981 | 9536 |
| 70. | PM Management - Golden Triangle NC III LLC | 18-33982 | 9597 |
| 71. | PM Management - Golden Triangle NC IV LLC | 18-33983 | 9654 |
| 72. | PM Management - Killeen I NC LLC | 18-33984 | 3105 |
| 73. | PM Management - Killeen II NC LLC | 18-33985 | 3179 |
| 74. | PM Management - Killeen III NC LLC | 18-33986 | 3245 |
| 75. | PM Management - Lewisville NC LLC | 18-33988 | 5296 |
| 76. | PM Management - New Braunfels NC LLC | 18-33990 | 6293 |
| 77. | PM Management - Park Valley NC LLC | 18-33991 | 7186 |
| 78. | PM Management - Pflugerville AL LLC | 18-33993 | 4007 |
| 79. | PM Management - Portland AL LLC | 18-33994 | 5018 |
| 80. | PM Management - Portland NC LLC | 18-33995 | 4928 |
| 81. | PM Management - Round Rock AL LLC | 18-33997 | 5304 |
| 82. | PM Management - San Antonio NC LLC | 18-33998 | 1216 |
| 83. | Presidential SCC LLC | 18-34000 | 1913 |
| 84. | Redoak SCC LLC | 18-33976 | 7569 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 85. | Riverside SCC LLC | 18-34001 | 1889 |
| 86. | Round Rock SCC LLC | 18-34002 | 8936 |
| 87. | Rowlett SCC LLC | 18-34007 | 7606 |
| 88. | Ruston SCC LLC | 18-34009 | 0242 |
| 89. | RW SCC LLC | 18-34011 | 7631 |
| 90. | Sagebrook SCC LLC | 18-34013 | 9571 |
| 91. | San Angelo SCC LLC | 18-34015 | 4254 |
| 92. | SCC Edinburg LLC | 18-34019 | 1195 |
| 93. | SCC Hospice Holdco LLC | 18-34021 | 3166 |
| 94. | SCC Senior Care Investments LLC | 18-34023 | 4123 |
| 95. | SCC Socorro LLC | 18-34024 | 5459 |
| 96. | Senior Care Center Management II LLC | 18-34026 | 1280 |
| 97. | Senior Care Center Management LLC | 18-34028 | 7811 |
| 98. | Senior Care Centers Home Health, LLC | 18-34030 | 1931 |
| 99. | Senior Care Centers LLC | 18-33967 | 8550 |
| 100. | Senior Rehab Solutions LLC | 18-34031 | 4829 |
| 101. | Senior Rehab Solutions North Louisiana LLC | 18-34033 | 1690 |
| 102. | Shreveport SCC LLC | 18-34034 | 1659 |
| 103. | Solutions 2 Wellness LLC | 18-34038 | 4065 |
| 104. | South Oaks SCC LLC | 18-34039 | 8002 |
| 105. | Springlake ALF SCC LLC | 18-34041 | 2436 |
| 106. | Springlake SCC LLC | 18-34042 | 9102 |
| 107. | Stallings Court SCC LLC | 18-33977 | 7393 |
| 108. | Stonebridge SCC LLC | 18-34044 | 9234 |
| 109. | Stonegate SCC LLC | 18-33978 | 3005 |
| 110. | Summer Regency SCC LLC | 18-34047 | 7782 |
| 111. | TRISUN Healthcare LLC | 18-34048 | 2497 |
| 112. | Valley Grande SCC LLC | 18-34051 | 1341 |
| 113. | Vintage  SCC LLC | 18-34053 | 7710 |
| 114. | West Oaks SCC LLC | 18-34055 | 9535 |
| 115. | Western Hills SCC LLC | 18-34056 | 1922 |
| 116. | Weston Inn SCC LLC | 18-34057 | 7871 |
| 117. | Westover Hills SCC LLC | 18-34059 | 3303 |
| 118. | Whitesboro SCC LLC | 18-34060 | 7745 |
| 119. | Windcrest SCC LLC | 18-34061 | 9541 |
| 120. | Windmill SCC LLC | 18-34062 | 8067 |
| 121. | Wurzbach SCC LLC | 18-34063 | 9920 |

**Exhibit B**

Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK
ACCOUNTS, CHECKS, AND BUSINESS FORMS, AND (II) AUTHORIZING
<u>CONTINUATION OF EXISTING DEPOSIT PRACTICES</u>**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an (this "**Order**") (i) authorizing, but not directing, the Debtors to continue to maintain and use their existing cash management system, including maintenance of existing bank accounts, checks, and business forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the U.S. Trustee to the extent that such requirements are inconsistent with the Debtors' practices under their existing cash management system or other actions described in the Motion or this Interim Order; and (iii) authorizing, but not directing, the Debtors to continue to maintain and

---

[1]  A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, is attached to the Motion as <u>Exhibit A</u>.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

use their existing deposit practices notwithstanding the provisions of Bankruptcy Code section 345(b); the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

<strong>ORDERED, ADJUDGED, AND DECREED THAT:</strong>

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Debtors are authorized to continue to use their existing Cash Management System and shall maintain through the use of detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Interim Order. In connection with the ongoing use of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly. The Debtors must continue to maintain current records of all transfers of cash so that all transactions can be readily ascertained, traced, properly recorded, and distinguished between prepetition and postpetition transactions on intercompany accounts, and shall include a detailed accounting of such intercompany transactions in the Debtors' monthly operating reports.

3. The Debtors are authorized to (a) continue to use any and all of the Debtor Bank Accounts in existence as of the Petition Date, including, but not limited to, the Debtor Bank Accounts identified on Attachment 1 to the Motion, in the same manner and with the same account numbers, styles, and document forms as are currently employed; (b) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, drafts, and electronic fund transfers or other items presented, issued, or drawn on the Debtor Bank Accounts; (c) pay ordinary course bank fees in connection with the Debtor Bank Accounts, including any fees arising prior to the Petition Date; (d) perform their obligations under the documents and agreements governing the Debtor Bank Accounts; and (e) for all purposes, treat the Debtor Bank Accounts as accounts of the Debtors in their capacity as debtors in possession.

4. In each instance where the Debtors hold Debtor Bank Accounts at banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of entry of this Interim Order, the Debtors shall (a) contact each bank, (b) provide the bank with the Debtors' employer identification numbers, and (c) identify each of its bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case. In each instance where the Debtors hold Debtor Bank Accounts at banks that are not a party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within forty-five (45) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

65407060.4

5.     The Debtors are authorized to continue to use their existing checks, correspondence, and other business forms without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Interim Order.

6.     The Debtors are authorized to continue to utilize all third-party providers necessary for the administration of their Cash Management System, including their payroll processor, Automatic Data Processing, Inc. In addition, the Debtors are authorized, but not directed, to pay all prepetition or postpetition amounts due to such third-party providers.

7.     *Nunc pro tunc* to the Petition Date, and subject to the terms of this Interim Order, all Banks at which the Debtor Bank Accounts are maintained are authorized and directed to continue to administer, service, and maintain the Debtor Bank Accounts as such accounts were administered, serviced, and maintained prepetition, without interruption and in the ordinary course (including making deductions for bank fees and expenses), and, when requested by the Debtors in their sole discretion, to honor any and all checks, drafts, wires, electronic fund transfers, or other items presented, issued, or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising on or after the Petition Date; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the Banks are obligated to settle), or other items presented, issued,

or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising prior to the Petition Date shall be honored.

8.     Each Bank shall implement reasonable handling procedures designed to effectuate the terms of this Interim Order. No Bank that implements such handling procedures and then honors a prepetition check or item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in the good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates on account of such prepetition check or item being honored postpetition or otherwise in violation of this Interim Order.

9.     The Debtors are authorized to implement such reasonable changes, consistent with this Interim Order, to the Cash Management System as the Debtors may deem necessary or appropriate (subject to the documents governing the CIBC credit facility), including, without limitation, closing any of the Debtor Bank Accounts or opening any additional bank accounts following the Petition Date (the "**New Accounts**") wherever the Debtors deem that such accounts are needed or appropriate. Notwithstanding the foregoing, the Debtors shall open such New Account(s) at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement, and any New Account that the Debtors open in the United States shall be (a) at one of the existing Banks or with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC and (b) designated a "Debtor in Possession" account by the relevant bank. The New Accounts are deemed to be Debtor Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Interim Order. The Banks are

5

authorized to honor the Debtors' requests to open or close (as the case may be) such Debtor Bank Account(s) or New Account(s). In the event that the Debtors open or close any Debtor Bank Accounts(s) or New Account(s), such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases within fifteen (15) days.

10.     The Debtors are authorized to deposit funds in accordance with existing practices under the Cash Management System as in effect as of the Petition Date, subject to any reasonable changes, consistent with this Interim Order, to the Cash Management System that the Debtors may implement, and, to the extent such practices are inconsistent with the requirements of Bankruptcy Code section 345(b), such requirements are waived on an interim basis. The Debtors shall have sixty (60) days (or such additional time as the U.S. Trustee may agree to) from the Petition Date (the "**Extension Period**") within which to either come into compliance with Bankruptcy Code section 345(b) or to make such other arrangements as agreed with the U.S. Trustee. Such extension is without prejudice to the Debtors' rights to request a further extension of the Extension Period or a final waiver of the requirements under Bankruptcy Code section 345(b).

11.     Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6).

12.     Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Interim Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

65407060.4

13.     Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order. The final hearing (the "**Final Hearing**") to consider the entry of a final order granting the relief requested in the Motion shall be held on _____, 2019, at __:__ _.m. Prevailing Central Time.

15.     Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on, no later than seven (7) days prior to the commencement of the final hearing: (a) Senior Care Centers, LLC, 600 N. Pearl Street, Suite 1100, Dallas, Texas, 75201 (Attn: Kevin O'Halloran); (b) Polsinelli PC, 2950 N. Harwood, Suite 2100, Dallas, Texas 75201 (Attn: Trey Monsour), and Polsinelli PC, 600 Third Avenue, 42nd Floor, New York, New York 10016 (Attn: Jeremy Johnson); (c) the Office of the United States for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn: Meredyth Kippes); (d) counsel to CIBC Bank USA, 190 South LaSalle Street, Suite 3700, Chicago, Illinois 60603 (Attn: John Weiss); and (e) counsel to the official committee of unsecured creditors, if one is appointed.

16.     Nothing in the Motion or this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors' rights to dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (d) an admission of the priority status of any

7

claim, whether under Bankruptcy Code section 503(b)(9) or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party.

17.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Interim Order.

18.     This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Interim Order.

### End of Order ###

## **Exhibit C**

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|                        |   |                                   |
|------------------------|---|-----------------------------------|
| In re:                 | § | Chapter 11                        |
|                        | § |                                   |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
|                        | § |                                   |
|              Debtors.  | § | (Joint Administration Requested)  |
|                        | § |                                   |

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK
ACCOUNTS, CHECKS, AND BUSINESS FORMS AND (II) AUTHORIZING
<u>CONTINUATION OF EXISTING DEPOSIT PRACTICES</u>**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an (this "**Order**")  (i)

authorizing, but not directing, the Debtors to continue to maintain and use their existing cash

management system, including maintenance of existing bank accounts, checks, and business

forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the

U.S. Trustee to the extent that such requirements are inconsistent with the Debtors' practices

under their existing cash management system or other actions described in the Motion or this

Interim Order; and (iii) authorizing, but not directing, the Debtors to continue to maintain and

use their existing deposit practices notwithstanding the provisions of Bankruptcy Code section

---

[1]  A list of the Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, is attached to the Motion as <u>Exhibit A</u>.
[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

65407060.4

345(b); the Court having reviewed the Motion, the First Day Declaration, and the *Interim Order (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, and (II) Authorizing Continuation of Existing Deposit Practices* [Docket No. ____] (the "**Interim Order**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized to continue to use their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Final Order. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly. The Debtors must continue to maintain

current records with respect to all transfers of cash so that all transactions can be readily ascertained, traced, properly recorded, and distinguished between pre-petition and post-petition transactions on intercompany accounts, and shall include a detailed accounting of such intercompany transactions in the Debtors' monthly operating reports.

4.      The Debtors are authorized to (i) continue to use any and all of the Debtor Bank Accounts in existence as of the Petition Date, including, but not limited to, the Debtor Bank Accounts identified on Attachment 1 to the Motion, in the same manner and with the same account numbers, styles, and document forms as are currently employed; (ii) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, drafts, and electronic fund transfers or other items presented, issued, or drawn on the Debtor Bank Accounts; (iii) pay ordinary course bank fees in connection with the Debtor Bank Accounts, including any fees arising prior to the Petition Date; (iv) perform their obligations under the documents and agreements governing the Debtor Bank Accounts; and (v) for all purposes, treat the Debtor Bank Accounts as accounts of the Debtors in their capacities as debtors in possession.

5.      In each instance where the Debtors hold Debtor Bank Accounts at banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of entry of this Final Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, and (c) identify each of its bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case. In each instance where the Debtors hold Debtor Bank Accounts at banks that are not a party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within

4

forty-five (45) days of the date of this Final Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

6.      The Debtors are authorized to continue to use their existing checks, correspondence, and other business forms without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided* that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Final Order.

7.      The Debtors are authorized to continue to utilize all third-party providers necessary for the administration of their Cash Management System, including their payroll processor, Automatic Data Processing, Inc. In addition, the Debtors are authorized, but not directed, to pay all prepetition or postpetition amounts due to such third-party providers.

8.      *Nunc pro tunc* to the Petition Date, and subject to the terms of this Final Order, all Banks at which the Debtor Bank Accounts are maintained are authorized and directed to continue to administer, service, and maintain the Debtor Bank Accounts as such accounts were administered, serviced, and maintained prepetition, without interruption and in the ordinary course (including making deductions for Bank Fees and Expenses), and, when requested by the Debtors in their sole discretion, to honor any and all checks, drafts, wires, electronic fund transfers, or other items presented, issued, or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising on or after the Petition Date; *provided*, *however*, that unless

5

otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the Banks are obligated to settle), or other items presented, issued, or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising prior to the Petition Date shall be honored.

9.      Each Bank shall implement reasonable handling procedures designed to effectuate the terms of this Final Order. No Bank that implements such handling procedures and then honors a prepetition check or item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in the good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates on account of such prepetition check or item being honored postpetition or otherwise in violation of this Final Order.

10.      The Debtors are authorized to implement such reasonable changes, consistent with this Final Order, to the Cash Management System as the Debtors may deem necessary or appropriate, including, without limitation, closing any of the Debtor Bank Accounts or opening any additional bank accounts following the Petition Date (the "**New Accounts**") wherever the Debtors deem that such accounts are needed or appropriate. Notwithstanding the foregoing, the Debtors shall open such New Account(s) at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement and any New Account that the Debtors open in the United States shall be (a) at one of the existing Banks or with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC and (b) designated a "Debtor in Possession" account by the relevant bank.  The New Accounts are deemed to be Debtor Bank

Accounts and are similarly subject to the rights, obligations, and relief granted in this Final Order. The Banks are authorized to honor the Debtors' requests to open or close (as the case may be) such Debtor Bank Account(s) or New Account(s). In the event that the Debtors open or close any Debtor Bank Accounts(s) or New Account(s), such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases within fifteen (15) days.

11.     The Debtors are authorized to deposit funds in accordance with existing practices under the Cash Management System as in effect as of the Petition Date, subject to any reasonable changes, consistent with this Final Order, to the Cash Management System that the Debtors may implement, and, to the extent such practices are inconsistent with the requirements of Bankruptcy Code section 345(b), such requirements are waived, on an interim basis. The Debtors shall have sixty (60) days (or such additional time as the U.S. Trustee may agree to) from the Petition Date (the "**Extension Period**") within which to either come into compliance with Bankruptcy Code section 345(b) or to make such other arrangements as agreed with the U.S. Trustee. Such extension is without prejudice to the Debtors' rights to request a further extension of the Extension Period or a final waiver of the requirements under Bankruptcy Code section 345(b).

12.     Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6).

13.     Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors' rights to

dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (d) an admission of the priority status of any claim, whether under Bankruptcy Code section 503(b)(9) or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party.

14.     Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

15.     Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule of the Northern District of Texas that might otherwise delay the effectiveness of this Final Order, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

### End of Order ###

65407060.4