

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

_____

**Signed December 7, 2018**     **United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Debtors. | § § | (Jointly Administered) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, (IV) SETTING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (the "**Interim Order**") and findings of fact and conclusions of law (the "**Findings of Fact and Conclusions of Law**") (i) authorizing the Debtors to use the Cash Collateral of CIBC Bank USA, as Administrative Agent for itself and for CIT Finance LLC, MB Financial Bank, N.A., Bankers Trust Company, Wells Fargo Bank, N.A., and Compass Bank (collectively, the "**Lenders**"), (ii) granting the Administrative Agent, for the benefit of the Lenders, adequate

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as <u>Exhibit 1</u>.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

66418474.2

protection upon the terms set forth in the Interim Order and in any final orders, (iii) modifying the automatic stay, (iv) scheduling a final hearing on the Motion and approving the form and manner of notice thereof, and (v) granting such other and further relief as the Court deems just and appropriate; the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consented to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor:

**IT IS HEREBY FOUND THAT:**[3]

A.    On December 4, 2018 (the "**Petition Date**"), the Debtors filed petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

B.    Since the Petition Date, the Debtors have continued in the management and operation of their businesses and property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or committee has been appointed in the Chapter 11 Cases.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

66418474.2

C. The Debtors stipulate and agree that they are obligated under the notes, agreements, instruments, and undertakings listed on Exhibit 2 hereto (collectively, the "**Credit Facility Documents**"). Any and all monetary and nonmonetary obligations of the Debtors under the Credit Facility Documents as of the Petition Date are referred to herein as the "**Prepetition Obligations**." The foregoing acknowledgments and stipulations shall be binding on the Debtors but not on any other party-in-interest in these cases, except as provided in Paragraph 9 of the Interim Order.

D. The Debtors further stipulate and agree as follows:

(1) As of the Petition Date, the Credit Facility Documents are each valid and enforceable against each of the Debtors that is a party thereto, and none of the Debtors possesses, and agrees not to assert, any claim (as such term is defined in Bankruptcy Code section 101(5), counterclaim, setoff, or defense of any kind, nature or description which would in any way affect the validity or enforceability of the Credit Facility Documents;

(2) As of the Petition Date, the Prepetition Obligations constitute legal, valid, and binding obligations of the Debtors, as applicable, enforceable in accordance with the terms of the Credit Facility Documents; no offsets, defenses or counterclaims to any of the Prepetition Obligations exist; no portion of the Prepetition Obligations is subject to recharacterization, disallowance, reduction or subordination pursuant to the Bankruptcy Code or non-bankruptcy law; the Prepetition Obligations constitute allowable secured claims; and the Debtors have irrevocably waived, discharged, and released any rights they may have to challenge or object to the Prepetition Obligations, and/or to challenge or object to the security for the Prepetition Obligations;

(3) The Administrative Agent's liens and security interests with respect to the Debtors' "Goods, Accounts (including Health–Care Insurance Receivables), Equipment, Inventory, contract rights or rights to payment of money (including any escrowed funds, escrow payments or indemnification payments owing to any of the Debtors pursuant to any escrow agreement, purchase agreement or acquisition agreement), leases, license agreements, franchise agreements, General Intangibles, Intellectual Property, commercial tort claims, documents, Instruments (including any promissory notes), Chattel Paper (whether tangible or electronic), cash, Deposit Accounts, Securities Accounts, Letter-of-Credit Rights (whether or not the letter of credit is evidenced by a writing), Securities, and all other Investment Property, Supporting Obligations, and Financial Assets;

        all of each Debtor's books and records relating to any of the foregoing; and all and all claims, rights and interests in any of the above and all substitutions for, additions, attachments, accessories, accessions, and improvements to and replacements, products, Proceeds and insurance proceeds of any or all of the foregoing (each as defined in the Credit Facility Documents), and every other item of collateral described in the Credit Facility Documents (collectively, all of the above types and descriptions of collateral are referred to herein as the "**Prepetition Collateral**") are valid, enforceable and perfected (by filing financing statements, and, where necessary, by possession of relevant accounts, cash, instruments, certificates or other property), and are not subject to recharacterization, disallowance, reduction or subordination pursuant to the Bankruptcy Code or non-bankruptcy law. All of such financing statements and relevant instruments were validly authorized by the Debtors and validly executed by authorized representatives of the Debtors. Pursuant to the Credit Facility Documents, the Administrative Agent has first priority security interests in and liens on all of the Prepetition Collateral, including the Cash Collateral (defined herein) and all proceeds of the Prepetition Collateral, to secure payment of the Prepetition Obligations;

(4)    The Administrative Agent's security interests and liens have attached to all funds and property of the Debtors consisting of the Prepetition Collateral and the products and proceeds thereof, and the Administrative Agent's security interests and liens will, notwithstanding the commencement of these Chapter 11 Cases, as of the Petition Date and thereafter, attach to the products and other proceeds of the Prepetition Collateral. Without limiting the foregoing, the Administrative Agent's security interests and liens attach to all cash (whether as original collateral or cash proceeds of the Prepetition Collateral), negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents now or hereafter in the possession, custody or control of the Debtors (the "**Cash Collateral**").

(5)    As of the Petition Date, the principal and interest portion of the Prepetition Obligations is not less than $45,564,254.58, which includes two letters of credit that had been issued for the account of Senior Care Centers, LLC in the total amount of $2,783,201.23.

The foregoing acknowledgments and stipulations shall be binding on the Debtors but not on any other party-in-interest in this case, except as provided in Paragraph 9 of the Interim Order.

      E.    The Debtors have requested that the Administrative Agent consent to the Debtors' use of Cash Collateral and the Administrative Agent is willing to consent to the Debtors' use of

Cash Collateral on the terms and conditions provided herein. The Administrative Agent is relying on the terms, conditions, and protections provided herein in so consenting.

F. The agreements and arrangements described in the Motion and authorized in the Interim Order have been negotiated at arm's-length with all parties represented by counsel, are fair and reasonable under the circumstances, and are enforceable in accordance with their terms. The Debtors and the Administrative Agent are acting in good faith with respect to the use of Cash Collateral as provided in the Interim Order. The superpriority claims, security interests and liens and other protections granted to the Administrative Agent pursuant to the Interim Order (1) are fair and reasonable and satisfy the requirements of the Bankruptcy Code, and (2) will not be affected by any subsequent reversal, modification, vacatur or amendment of the Interim Order or any other order, as provided in Bankruptcy Code section 364(e).

G. In light of the Administrative Agent's agreement to subordinate its liens and superpriority claims to the Carve-Out (as defined below), and its agreement to permit use of its Cash Collateral, the Administrative Agent and the Lenders are entitled to all of the rights and benefits of Bankruptcy Code section 552(b), and the "equities of the case" exception shall not apply.

H. The liens and security interests granted to the Administrative Agent hereunder shall not prime or impair any validly perfected lien or security interest senior to the liens and security interests of the Administrative Agent or the Lenders with respect to the Debtors' assets and properties in existence as of the Petition Date, if any (the "**Prior Senior Liens**"). The granting of the replacement liens, superpriority administrative claims and other agreements of the Debtors hereunder constitute adequate protection to the Administrative Agent and the Lenders for the Debtors' use of Cash Collateral for purposes of the Interim Order.

66418474.2

I. Good cause has been shown for entry of the Interim Order. Without use of Cash Collateral, the Debtors will not be able to fund their day-to-day operations, including payroll for their employees and ongoing services to their residents. Unless the Court authorizes the use of Cash Collateral, the Debtors will be unable to pay for the goods and services necessary to preserve and maximize the value of the Debtors' assets. Accordingly, the Interim Order is required to avoid immediate and irreparable harm to the Debtors' estates. Entry of the Interim Order is in the best interests of the Debtors, their creditors, and the estates.

### ###End of Order###

Ordered submitted by:

**POLSINELLI PC**

*/s/      Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (*Pro Hac Vice* Pending)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit 1**

(Sorted Alphabetically)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | Alief SCC LLC | 18-33987 | 0523 |
| 2. | Bandera SCC LLC | 18-33989 | 0617 |
| 3. | Baytown SCC LLC | 18-33992 | 0778 |
| 4. | Beltline SCC LLC | 18-33996 | 7264 |
| 5. | Booker SCC LLC | 18-33999 | 0967 |
| 6. | Bossier SCC LLC | 18-34003 | 2017 |
| 7. | Bradford SCC LLC | 18-34004 | 9535 |
| 8. | Brinker SCC LLC | 18-34005 | 7304 |
| 9. | Brownwood SCC LLC | 18-33968 | 0677 |
| 10. | Capitol SCC LLC | 18-34006 | 1750 |
| 11. | CapWest-Texas LLC | 18-34008 | 4897 |
| 12. | Cedar Bayou SCC LLC | 18-34010 | 8889 |
| 13. | Clear Brook SCC LLC | 18-34012 | 1877 |
| 14. | Colonial SCC LLC | 18-34014 | 4385 |
| 15. | Community SCC LLC | 18-33969 | 7951 |
| 16. | Corpus Christi SCC LLC | 18-34016 | 9807 |
| 17. | Crestwood SCC LLC | 18-34017 | 7349 |
| 18. | Crowley SCC LLC | 18-33970 | 6697 |
| 19. | CTLTC Real Estate, LLC | 18-34018 | 0202 |
| 20. | Fairpark SCC LLC | 18-34020 | 7381 |
| 21. | Gamble Hospice Care Central LLC | 18-34022 | 6688 |
| 22. | Gamble Hospice Care Northeast LLC | 18-34025 | 6661 |
| 23. | Gamble Hospice Care Northwest LLC | 18-34027 | 2044 |
| 24. | Gamble Hospice Care of Cenla LLC | 18-34029 | 4510 |
| 25. | Green Oaks SCC LLC | 18-33971 | 7218 |
| 26. | Harbor Lakes SCC LLC | 18-33972 | 7299 |
| 27. | Harden HUD Holdco LLC | 18-34032 | 1502 |
| 28. | Harden Non-HUD Holdco LLC | 18-34035 | 3391 |
| 29. | Harden Pharmacy LLC | 18-34036 | 1995 |
| 30. | Hearthstone SCC LLC | 18-34037 | 9154 |
| 31. | Hewitt SCC LLC | 18-33973 | 7237 |
| 32. | HG SCC LLC | 18-34040 | 7415 |
| 33. | Hill Country SCC LLC | 18-34043 | 4199 |
| 34. | Holland SCC LLC | 18-33974 | 1427 |
| 35. | Hunters Pond SCC LLC | 18-34045 | 2886 |
| 36. | Jacksonville SCC LLC | 18-34046 | 4216 |
| 37. | La Hacienda SCC LLC | 18-34049 | 1074 |
| 38. | Lakepointe SCC LLC | 18-34050 | 7457 |
| 39. | Major Timbers LLC | 18-34052 | 7477 |
| 40. | Marlandwood East SCC LLC | 18-34054 | 1871 |

| #   | Debtor Name                                 | Case No.  | EIN  |
|-----|---------------------------------------------|-----------|------|
| 41. | Marlandwood West SCC LLC                    | 18-34058  | 2192 |
| 42. | Meadow Creek SCC LLC                        | 18-34064  | 9278 |
| 43. | Midland SCC LLC                             | 18-34065  | 4231 |
| 44. | Mill Forest Road SCC LLC                    | 18-34066  | 5137 |
| 45. | Mission SCC LLC                             | 18-33975  | 8086 |
| 46. | Mullican SCC LLC                            | 18-34067  | 7499 |
| 47. | Mystic Park SCC LLC                         | 18-34068  | 1898 |
| 48. | Normandie SCC LLC                           | 18-34069  | 1542 |
| 49. | Onion Creek SCC LLC                         | 18-34070  | 7425 |
| 50. | Park Bend SCC LLC                           | 18-34071  | 9410 |
| 51. | Pasadena SCC LLC                            | 18-34072  | 1694 |
| 52. | Pecan Tree SCC LLC                          | 18-34073  | 4241 |
| 53. | Pecan Valley SCC LLC                        | 18-34074  | 9585 |
| 54. | Pleasantmanor SCC LLC                       | 18-34075  | 7536 |
| 55. | PM Management - Allen NC LLC                | 18-34076  | 4961 |
| 56. | PM Management - Babcock NC LLC              | 18-34077  | 7829 |
| 57. | PM Management - Cedar Park NC LLC           | 18-34078  | 1050 |
| 58. | PM Management - Corpus Christi NC II LLC    | 18-34079  | 5231 |
| 59. | PM Management - Corpus Christi NC III LLC   | 18-34080  | 5129 |
| 60. | PM Management - Corsicana NC II LLC         | 18-34081  | 9281 |
| 61. | PM Management - Corsicana NC III LLC        | 18-34082  | 9353 |
| 62. | PM Management - Corsicana NC LLC            | 18-34083  | 1333 |
| 63. | PM Management - Denison NC LLC              | 18-34084  | 5022 |
| 64. | PM Management - El Paso I NC LLC            | 18-34085  | 2965 |
| 65. | PM Management - Fredericksburg NC LLC       | 18-34086  | 0599 |
| 66. | PM Management - Frisco NC LLC               | 18-34087  | 5082 |
| 67. | PM Management - Garland NC LLC              | 18-33979  | 5137 |
| 68. | PM Management - Golden Triangle NC I LLC    | 18-33980  | 9478 |
| 69. | PM Management - Golden Triangle NC II LLC   | 18-33981  | 9536 |
| 70. | PM Management - Golden Triangle NC III LLC  | 18-33982  | 9597 |
| 71. | PM Management - Golden Triangle NC IV LLC   | 18-33983  | 9654 |
| 72. | PM Management - Killeen I NC LLC            | 18-33984  | 3105 |
| 73. | PM Management - Killeen II NC LLC           | 18-33985  | 3179 |
| 74. | PM Management - Killeen III NC LLC          | 18-33986  | 3245 |
| 75. | PM Management - Lewisville NC LLC           | 18-33988  | 5296 |
| 76. | PM Management - New Braunfels NC LLC        | 18-33990  | 6293 |
| 77. | PM Management - Park Valley NC LLC          | 18-33991  | 7186 |
| 78. | PM Management - Pflugerville AL LLC         | 18-33993  | 4007 |
| 79. | PM Management - Portland AL LLC             | 18-33994  | 5018 |
| 80. | PM Management - Portland NC LLC             | 18-33995  | 4928 |
| 81. | PM Management - Round Rock AL LLC           | 18-33997  | 5304 |
| 82. | PM Management - San Antonio NC LLC          | 18-33998  | 1216 |
| 83. | Presidential SCC LLC                        | 18-34000  | 1913 |
| 84. | Redoak SCC LLC                              | 18-33976  | 7569 |

66418474.2

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 85. | Riverside SCC LLC | 18-34001 | 1889 |
| 86. | Round Rock SCC LLC | 18-34002 | 8936 |
| 87. | Rowlett SCC LLC | 18-34007 | 7606 |
| 88. | Ruston SCC LLC | 18-34009 | 0242 |
| 89. | RW SCC LLC | 18-34011 | 7631 |
| 90. | Sagebrook SCC LLC | 18-34013 | 9571 |
| 91. | San Angelo SCC LLC | 18-34015 | 4254 |
| 92. | SCC Edinburg LLC | 18-34019 | 1195 |
| 93. | SCC Hospice Holdco LLC | 18-34021 | 3166 |
| 94. | SCC Senior Care Investments LLC | 18-34023 | 4123 |
| 95. | SCC Socorro LLC | 18-34024 | 5459 |
| 96. | Senior Care Center Management II LLC | 18-34026 | 1280 |
| 97. | Senior Care Center Management LLC | 18-34028 | 7811 |
| 98. | Senior Care Centers Home Health, LLC | 18-34030 | 1931 |
| 99. | Senior Care Centers LLC | 18-33967 | 8550 |
| 100. | Senior Rehab Solutions LLC | 18-34031 | 4829 |
| 101. | Senior Rehab Solutions North Louisiana LLC | 18-34033 | 1690 |
| 102. | Shreveport SCC LLC | 18-34034 | 1659 |
| 103. | Solutions 2 Wellness LLC | 18-34038 | 4065 |
| 104. | South Oaks SCC LLC | 18-34039 | 8002 |
| 105. | Springlake ALF SCC LLC | 18-34041 | 2436 |
| 106. | Springlake SCC LLC | 18-34042 | 9102 |
| 107. | Stallings Court SCC LLC | 18-33977 | 7393 |
| 108. | Stonebridge SCC LLC | 18-34044 | 9234 |
| 109. | Stonegate SCC LLC | 18-33978 | 3005 |
| 110. | Summer Regency SCC LLC | 18-34047 | 7782 |
| 111. | TRISUN Healthcare LLC | 18-34048 | 2497 |
| 112. | Valley Grande SCC LLC | 18-34051 | 1341 |
| 113. | Vintage SCC LLC | 18-34053 | 7710 |
| 114. | West Oaks SCC LLC | 18-34055 | 9535 |
| 115. | Western Hills SCC LLC | 18-34056 | 1922 |
| 116. | Weston Inn SCC LLC | 18-34057 | 7871 |
| 117. | Westover Hills SCC LLC | 18-34059 | 3303 |
| 118. | Whitesboro SCC LLC | 18-34060 | 7745 |
| 119. | Windcrest SCC LLC | 18-34061 | 9541 |
| 120. | Windmill SCC LLC | 18-34062 | 8067 |
| 121. | Wurzbach SCC LLC | 18-34063 | 9920 |

**Exhibit 2**

Credit Facility Documents

1.  Amended and Restated Credit and Security Agreement dated as of January 12, 2017 by and between Senior Care Centers, LLC, as Borrower Representative, the non-HUD Borrowers,[1] and CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as Lead Arranger, Administrative Agent and Lender, and CIT Finance LLC, MB Financial Bank, N.A., Bankers Trust Company, Wells Fargo Bank, N.A., and Compass Bank, as the Additional Lenders, as it has been amended by (i) that certain Joinder and First Amendment to Amended and Restated Credit and Security Agreement dated as of April 19, 2017, (ii) that certain Omnibus Release of Borrowers dated as of May 12, 2017, (iii) that certain Second Amendment to Amended and Restated Credit and Security Agreement dated as of May 23, 2017; (iv) that certain Omnibus Release of Borrowers dated as of June 21, 2017; (v) that certain Omnibus Release of Borrowers dated as of June 21, 2017; (vi) that certain Omnibus Release of Borrowers dated as of August 31, 2017; (vii) that certain Third Amendment to Amended and Restated Credit and Security Agreement and Omnibus Release of Borrowers and Amendment to Financing Documents dated October 18, 2017; (viii) that certain Limited Waiver to Amended and Restated Credit and Security Agreement and Omnibus Release of Borrowers dated as of December 15, 2017; (ix) that certain Fourth Amendment to Amended and Restated Credit and

---

[1] The non-HUD Borrowers as of December 4, 2018 consist of HILL COUNTRY SCC LLC, JACKSONVILLE SCC LLC, MIDLAND SCC LLC, PECAN TREE SCC LLC, SAN ANGELO SCC LLC, Riverside SCC LLC, South Oaks SCC LLC, Capitol SCC LLC, Bandera SCC LLC, Cedar Bayou SCC LLC, Baytown SCC LLC, La Hacienda SCC LLC, West Oaks SCC LLC, Alief SCC LLC, Windmill SCC LLC, Pasadena SCC LLC, Mystic Park SCC LLC, Presidential SCC LLC, Mill Forest Road SCC LLC, Rowlett SCC LLC, Onion Creek SCC LLC, Brownwood SCC LLC, SCC Edinburg LLC, Redoak SCC LLC, Mission SCC LLC, Community SCC LLC, Green Oaks SCC LLC, Hewitt SCC LLC, Crowley SCC LLC, Stallings Court SCC LLC, Harbor Lakes SCC LLC, Marlandwood East SCC LLC, Meadow Creek SCC LLC, Western Hills SCC LLC, Weston Inn SCC LLC, Hunters Pond SCC LLC, Pecan Valley SCC LLC, Westover Hills SCC LLC, Clear Brook SCC LLC, Valley Grande SCC LLC, Normandie SCC LLC, Bradford SCC LLC, Shreveport SCC LLC, Booker SCC LLC, Springlake SCC LLC, Colonial SCC LLC, Bossier SCC LLC, Ruston SCC LLC, Springlake ALF SCC LLC, Stonegate SCC LLC, Holland Lake SCC LLC, SCC Socorro LLC, Senior Care Center Management LLC, SCC Senior Care Investments LLC, Solutions 2 Wellness LLC, Senior Care Centers Home Health LLC, Canopy Medical Staffing LLC, CTLTC Real Estate, LLC, Harden Non-HUD Holdco, LLC, TRISUN Healthcare, LLC, CapWest – Texas, LLC, MAJOR TIMBERS, LLC, PM Management – Babcock NC, LLC, PM Management – Cedar Park NC, LLC, PM Management–Corpus Christi NC II, LLC, PM Management–Corpus Christi NC III, LLC, PM Management – Corsicana NC, LLC, PM Management – Corsicana NC II, LLC, PM Management – Corsicana NC III, LLC, PM Management – El Paso I NC, LLC, PM Management – Garland AL, LLC, PM Management – Georgetown AL, LLC, PM Management – Georgetown NC, LLC, PM Management – Golden Triangle NC I, LLC, PM Management – Golden Triangle NC II, LLC, PM Management – Golden Triangle NC III, LLC, PM Management – Golden Triangle NC IV, LLC, PM Management – Pflugerville AL, LLC, PM Management – Portfolio V NC, LLC, PM Management – Portfolio VII NC, LLC, PM Management–Portland AL, LLC, PM Management–Portland NC, LLC, PM Management – Round Rock AL, LLC, PM Management – San Antonio AL, LLC, PM Management – San Antonio NC, LLC, PM Management–Sinton NC, LLC, each a Texas limited liability company, HHC Portland AL, LP, a Texas limited partnership, and Senior Rehab Solutions LLC, a Delaware limited liability company.

Security Agreement and Omnibus Release of Borrower dated as of February 1, 2018 and (x) that certain letter agreement dated as of October 22, 2018;

2. Amended and Restated Revolving Credit Note made by the non-HUD Borrowers in favor of CIBC Bank USA, dated as of January 12, 2017, as it has been modified by that certain First Modification to Amended and Restated Revolving Credit Note dated as of April 19, 2017;

3. Amended and Restated Revolving Credit Note made by the non-HUD Borrowers in favor of CIT Finance LLC, dated as of January 12, 2017, as it has been modified by that certain First Modification to Amended and Restated Revolving Credit Note dated as of April 19, 2017;

4. Amended and Restated Revolving Credit Note made by the non-HUD Borrowers in favor of Wells Fargo Bank, N.A., dated as of January 12, 2017, as it has been modified by that certain First Modification to Amended and Restated Revolving Credit Note dated as of April 19, 2017;

5. Amended and Restated Revolving Credit Note made by the non-HUD Borrowers in favor of Bankers Trust Company, dated as of January 12, 2017, as it has been modified by that certain First Modification to Amended and Restated Revolving Credit Note dated as of April 19, 2017;

6. Amended and Restated Revolving Credit Note made by the non-HUD Borrowers in favor of MB Financial Bank, N.A., dated as of January 12, 2017, as it has been modified by that certain First Modification to Amended and Restated Revolving Credit Note dated as of April 19, 2017;

7. Amended and Restated Revolving Credit Note made by the non-HUD Borrowers in favor of Compass Bank, dated as of January 12, 2017, as it has been modified by that certain First Modification to Amended and Restated Revolving Credit Note dated as of April 19, 2017;

8. Amended and Restated Pledge Agreement dated as of January 12, 2017 by and among Senior Care Centers, LLC, as Borrower Representative and Pledgor, CTLTC Real Estate, LLC, Harden Non-HUD Holdco, LLC, CapWest – Texas, LLC, Senior Rehab Solutions LLC, as Pledgors, and CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as Pledgee, as reaffirmed by (i) that certain Reaffirmation of Amended and Restated Guaranty and Amended and Restated Pledge Agreement dated April 19, 2017; (ii) that certain Reaffirmation of Guaranty and Pledge Agreement dated May 12, 2017; (iii) that certain Reaffirmation of Amended and Restated Guaranty and Amended and Restated Pledge Agreement dated May 23, 2017; (iv) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (v) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (vi) that certain Reaffirmation of Guaranty and Pledge Agreement dated August 31, 2017; (vii) that certain Reaffirmation of Guaranty and Pledge Agreement dated October 18, 2017; (viii) that certain Reaffirmation of Guaranty and Pledge Agreement dated December 15, 2017; and (ix) that certain Reaffirmation of Guaranty and Pledge Agreement dated February 1, 2018;

9. Amended and Restated Guaranty dated as of January 12, 2017 by Senior Care Centers, LLC, as Guarantor, for the benefit of CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as reaffirmed by (i) that certain Reaffirmation of Amended and Restated Guaranty and Amended and Restated Pledge Agreement dated April 19, 2017; (ii) that certain Reaffirmation of Guaranty and Pledge Agreement dated May 12, 2017; (iii) that certain Reaffirmation of Amended and Restated Guaranty and Amended and Restated Pledge Agreement dated May 23, 2017; (iv) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (v) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (vi) that certain Reaffirmation of Guaranty and Pledge Agreement dated August 31, 2017; (vii) that certain Reaffirmation of Guaranty and Pledge Agreement dated October 18, 2017; (viii) that certain Reaffirmation of Guaranty and Pledge Agreement dated December 15, 2017; and (ix) that certain Reaffirmation of Guaranty and Pledge Agreement dated February 1, 2018;

10. Amended and Restated Intellectual Property Security Agreement dated as of January 12, 2017 by and among Senior Care Centers, LLC, as Borrower Representative, the non-HUD Borrowers, and CIBC Bank USA, formerly known as The PrivateBank and Trust Company;

11. Blocked Account Agreement (Commercial Blocked Account) dated as of April 1, 2015 by and among the non-HUD Borrowers, CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as the Bank, and CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as Agent, as amended by (i) that certain First Amendment to Blocked Account Agreement dated as of August 1, 2015; (ii) that certain Second Amendment to Blocked Account Agreement dated as of December 21, 2015; (iii) that certain Third Amendment to Blocked Account Agreement dated as of April 19, 2017; (iv) that certain Fourth Amendment to Blocked Account Agreement dated as of May 12, 2017; (v) that certain Fifth Amendment to Blocked Account Agreement dated as of June 21, 2017; (vi) that certain Sixth Amendment to Blocked Account Agreement dated as of June 21, 2017 (vii) that certain Seventh Amendment to Blocked Account Agreement dated as of August 31, 2017; (viii) that certain Eighth Amendment to Blocked Account Agreement dated as of October 18, 2017; (ix) that certain Ninth Amendment to Blocked Account Agreement dated as of December 15, 2017; and (x) that certain Tenth Amendment to Blocked Account Agreement dated as of February 1, 2018;

12. Blocked Account Agreement (Government Deposit Account) dated as of April 1, 2015 by and among the non-HUD Borrowers, CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as the Bank, and CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as Agent, as amended by (i) that certain First Amendment to Blocked Account Agreement dated as of August 1, 2015; (ii) that certain Second Amendment to Blocked Account Agreement dated as of December 21, 2015; (iii) that certain Third Amendment to Blocked Account Agreement dated as of April 19, 2017; (iv) that certain Fourth Amendment to Blocked Account Agreement dated as of May 12, 2017; (v) that certain Fifth Amendment to Blocked Account Agreement dated as of June 21, 2017; (vi) that certain Sixth Amendment to Blocked Account Agreement dated as of June 21, 2017 (vii) that certain Seventh Amendment to Blocked Account Agreement dated as of August 31, 2017; (viii) that certain Eighth Amendment

66418474.2

to Blocked Account Agreement dated as of October 18, 2017; (ix) that certain Ninth Amendment to Blocked Account Agreement dated as of December 15, 2017; and (x) that certain Tenth Amendment to Blocked Account Agreement dated as of February 1, 2018;

13. Master Letter of Credit Agreement dated as of June 21, 2017 issued by the non-HUD Borrowers in favor of CIBC Bank USA, formerly known as The PrivateBank and Trust Company;

14. Master Letter of Credit Agreement dated as of April 19, 2017 issued by the non-HUD Borrowers and Senior Care Centers, LLC, as Borrower Representative in favor of CIBC Bank USA, formerly known as The PrivateBank and Trust Company;

15. Credit and Security Agreement dated as of June 21, 2017 by and between Senior Care Centers, LLC, as Borrower Representative, the HUD Borrowers,[2] and CIBC Bank USA, formerly known as The PrivateBank and Trust Company, as Lead Arranger, Administrative Agent and Lender, and CIT Finance LLC, MB Financial Bank, N.A., Bankers Trust Company, Wells Fargo Bank, N.A., and Compass Bank, as the Additional Lenders, as it has been amended by (i) that certain Joinder and First Amendment to Credit and Security Agreement dated as of June 21, 2017, (ii) that certain Joinder and Second Amendment to Credit and Security Agreement dated as of June 21, 2017; (iii) that certain Joinder and Third Amendment to Credit and Security Agreement dated as of August 31, 2017; and (iv) that certain Joinder and Fourth Amendment to Credit and Security Agreement and Amendment to Financing Documents dated October 18, 2017; (v) that certain Limited Waiver, Joinder and Fifth Amendment to Credit and Security Agreement dated December 15, 2017; (vi) that certain Sixth Amendment to Credit and Security Agreement dated as of February 1, 2018 and (vii) that certain letter agreement dated as of October 22, 2018;

16. Revolving Credit Note made by HUD Borrowers in favor of CIBC Bank USA, dated as of June 21, 2017, as modified by (i) that certain First Modification to Revolving Credit Note dated as of June 21, 2017; (ii) that certain Second Modification to Revolving Credit Note dated as of June 21, 2017; (iii) that certain Third Modification to Revolving Credit Note dated as of October 18, 2017; (iv) that certain Fourth Modification to Revolving Credit Note dated as of June 21, 2017; (v) that certain Fifth Modification to Revolving Credit Note dated as of December 15, 2017; and (vi) that certain Sixth Modification to Revolving Credit Note dated as of February 1, 2018;

---

[2] The HUD Borrowers as of December 4, 2018 consist of Hearthstone SSC LLC, Crestwood SCC LLC, Park Bend SCC LLC, Sagebrook SCC LL, Stonebridge SCC, LLC, Corpus Christi SCC LLC, Round Rock SCC LLC, Brinker SCC LLC, Beltline SCC LLC, Fairpark SCC LLC, HG SCC LLC, Lakepointe SCC LLC, Mullican SCC LLC, Pleasantmanor SCC LLC, RW SCC LLC, Vintage SCC LLC, Whitesboro SCC LLC, PM Management – Fredericksburg NC, LLC, Marlandwood West SCC LLC, Summer Regency SCC LLC, Windcrest SCC LLC, Wurzbach SCC LLC, PM Management – Allen NC, LLC, PM Management – Denison NC, LLC, PM Management – Frisco NC, LLC, PM Management – Garland NC, LLC, PM Management – Lewisville NC, LLC, and PM Management – Portfolio VI NC, LLC, each a Texas limited liability company.

17. Revolving Credit Note made by Borrowers in favor of CIT Finance LLC, dated as of June 21, 2017, as modified by (i) that certain First Modification to Revolving Credit Note dated as of June 21, 2017; (ii) that certain Second Modification to Revolving Credit Note dated as of June 21, 2017; (iii) that certain Third Modification to Revolving Credit Note dated as of October 18, 2017; (iv) that certain Fourth Modification to Revolving Credit Note dated as of June 21, 2017; (v) that certain Fifth Modification to Revolving Credit Note dated as of December 15, 2017; and (vi) that certain Sixth Modification to Revolving Credit Note dated as of February 1, 2018;

18. Revolving Credit Note made by Borrowers in favor of Wells Fargo Bank, N.A., dated as of June 21, 2017, as modified by (i) that certain First Modification to Revolving Credit Note dated as of June 21, 2017; (ii) that certain Second Modification to Revolving Credit Note dated as of June 21, 2017; (iii) that certain Third Modification to Revolving Credit Note dated as of October 18, 2017; (iv) that certain Fourth Modification to Revolving Credit Note dated as of June 21, 2017; (v) that certain Fifth Modification to Revolving Credit Note dated as of December 15, 2017; and (vi) that certain Sixth Modification to Revolving Credit Note dated as of February 1, 2018;

19. Revolving Credit Note made by Borrowers in favor of MB Financial Bank, N.A., dated as of June 21, 2017, as modified by (i) that certain First Modification to Revolving Credit Note dated as of June 21, 2017; (ii) that certain Second Modification to Revolving Credit Note dated as of June 21, 2017; (iii) that certain Third Modification to Revolving Credit Note dated as of October 18, 2017; (iv) that certain Fourth Modification to Revolving Credit Note dated as of June 21, 2017; (v) that certain Fifth Modification to Revolving Credit Note dated as of December 15, 2017; and (vi) that certain Sixth Modification to Revolving Credit Note dated as of February 1, 2018;

20. Revolving Credit Note made by Borrowers in favor of Bankers Trust Company, dated as of June 21, 2017, as modified by (i) that certain First Modification to Revolving Credit Note dated as of June 21, 2017; (ii) that certain Second Modification to Revolving Credit Note dated as of June 21, 2017; (iii) that certain Third Modification to Revolving Credit Note dated as of October 18, 2017; (iv) that certain Fourth Modification to Revolving Credit Note dated as of June 21, 2017; (v) that certain Fifth Modification to Revolving Credit Note dated as of December 15, 2017; and (vi) that certain Sixth Modification to Revolving Credit Note dated as of February 1, 2018;

21. Revolving Credit Note made by Borrowers in favor of Compass Bank, dated as of June 21, 2017, as modified by (i) that certain First Modification to Revolving Credit Note dated as of June 21, 2017; (ii) that certain Second Modification to Revolving Credit Note dated as of June 21, 2017; (iii) that certain Third Modification to Revolving Credit Note dated as of October 18, 2017; (iv) that certain Fourth Modification to Revolving Credit Note dated as of June 21, 2017; (v) that certain Fifth Modification to Revolving Credit Note dated as of December 15, 2017; and (vi) that certain Sixth Modification to Revolving Credit Note dated as of February 1, 2018;

22. Guaranty made by Senior Care Centers, LLC dated as of June 21, 2017 in favor of CIBC Bank USA, as Agent, as reaffirmed by (i) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (ii) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (iii) that certain Reaffirmation of Guaranty and Pledge Agreement dated August 31, 2017; (iv) that certain Reaffirmation of Guaranty and Pledge Agreement dated October 18, 2017; (v) that certain Reaffirmation of Guaranty and Pledge Agreement dated December 15, 2017; and (vi) that certain Reaffirmation of Guaranty and Pledge Agreement dated February 1, 2018;

23. Pledge Agreement made by Senior Care Centers, LLC dated as of June 21, 2017 in favor of CIBC Bank USA, as Agent, as reaffirmed by (i) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (ii) that certain Reaffirmation of Guaranty and Pledge Agreement dated June 21, 2017; (iii) that certain Reaffirmation of Guaranty and Pledge Agreement dated August 31, 2017; (iv) that certain Reaffirmation of Guaranty and Pledge Agreement dated October 18, 2017; (v) that certain Reaffirmation of Guaranty and Pledge Agreement dated December 15, 2017; and (vi) that certain Reaffirmation of Guaranty and Pledge Agreement dated February 1, 2018;

24. Pledge Agreement made by Harden Non-HUD Holdco, LLC, dated as of August 31, 2017 in favor of CIBC Bank USA, as Agent, as reaffirmed by (i) that certain Reaffirmation of Pledge Agreement dated October 18, 2017; (ii) that certain Reaffirmation of Pledge Agreement dated December 15, 2017; and (iii) that certain Reaffirmation of Pledge Agreement dated February 1, 2018;

25. Blocked Account Agreement (Government Deposit Account) dated as of June 21, 2017 by and among CIBC Bank USA (as AR Lender and depository bank), Lancaster Pollard Mortgage Company, LLC and Hearthstone SCC LLC, Crestwood SCC LLC, Park Bend SCC LLC, Sagebrook SCC LLC, Stonebridge SCC, LLC, Corpus Christi SCC LLC, Round Rock SCC LLC, Brinker SCC LLC, Beltline SCC LLC, Fairpark SCC LLC, HG SCC LLC, Lakepointe SCC LLC, Mullican SCC LLC, Pleasantmanor SCC LLC, RW SCC LLC, Vintage SCC LLC, Whitesboro SCC LLC, Marlandwood West SCC LLC, Summer Regency SCC LLC, Windcrest SCC LLC, and Wurzbach SCC LLC as amended by (i) that certain First Amendment to Blocked Account Agreement dated as of June 21, 2017; (ii) that certain Second Amendment to Blocked Account Agreement dated as of June 21, 2017; and (iii) that certain Third Amendment to Blocked Account Agreement dated as of October 18, 2017;

26. Blocked Account Agreement (Government Deposit Account) dated as of August 31, 2017 by and among CIBC Bank USA (as AR Lender and depository bank), Red Mortgage Capital, LLC and PM Management – Fredericksburg NC, LLC;

27. Blocked Account Agreement (Government Deposit Account) dated as of December 15, 2017 by and among CIBC Bank USA (as AR Lender and depository bank), Berkadia Commercial Mortgage LLC and PM Management – Allen NC, LLC, PM Management – Denison NC, LLC, PM Management – Frisco NC, LLC, PM Management – Garland NC, LLC, PM Management – Lewisville NC, LLC, and PM Management – Portfolio VI NC, LLC;

28. Blocked Account Agreement (Commercial Blocked Account) dated as of June 21, 2017 by and among CIBC Bank USA (as AR Lender and depository bank), Lancaster Pollard Mortgage Company, LLC and Hearthstone SCC LLC, Crestwood SCC LLC, Park Bend SCC LLC, Sagebrook SCC LLC, Stonebridge SCC, LLC, Corpus Christi SCC LLC, Round Rock SCC LLC, Brinker SCC LLC, Beltline SCC LLC, Fairpark SCC LLC, HG SCC LLC, Lakepointe SCC LLC, Mullican SCC LLC, Pleasantmanor SCC LLC, RW SCC LLC, Vintage SCC LLC, Whitesboro SCC LLC, Marlandwood West SCC LLC, Summer Regency SCC LLC, Windcrest SCC LLC, and Wurzbach SCC LLC as amended by (i) that certain First Amendment to Blocked Account Agreement dated as of June 21, 2017; (ii) that certain Second Amendment to Blocked Account Agreement dated as of June 21, 2017; and (iii) that certain Third Amendment to Blocked Account Agreement dated as of October 18, 2017;

29. Blocked Account Agreement (Commercial Blocked Account) dated as of August 31, 2017 by and among CIBC Bank USA (as AR Lender and depository bank), Red Mortgage Capital, LLC and PM Management – Fredericksburg NC, LLC; and

30. Blocked Account Agreement (Commercial Blocked Account) dated as of December 15, 2017 by and among CIBC Bank USA (as AR Lender and depository bank), Berkadia Commercial Mortgage LLC and PM Management – Allen NC, LLC, PM Management – Denison NC, LLC, PM Management – Frisco NC, LLC, PM Management – Garland NC, LLC, PM Management – Lewisville NC, LLC, and PM Management – Portfolio VI NC, LLC; and

31. Master Letter of Credit Agreement dated as of December 15, 2017 issued by the HUD Borrowers and Senior Care Centers, LLC in favor of CIBC Bank USA.

66418474.2