IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 18-33967 |
| SENIOR CARE CENTERS, LLC, *et al.*, | |
| DEBTORS | CHAPTER 11 |

OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTING, (III) MODIFYING THE AUTOMATIC STAY, (IV) SETTING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COME, Bell County Tax Appraisal District, Brown County Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Hays County, City of Waco et al., Midland Central Appraisal District, and Williamson County ("**Texas Ad Valorem Taxing Jurisdictions**"), secured creditors in the above-numbered and styled bankruptcy case, and file this *Objection to Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protecting, (III) Modifying The Automatic Stay, (IV) Setting a Final Hearing, and (V) Granting Related Relief* (the "**Motion**"), and respectfully represent:

## Background Information

Texas Ad Valorem Taxing Jurisdictions have filed pre-petition secured proofs of claim herein for *ad valorem* property taxes assessed against the Debtor's property in the estimated amount of $553,664.54 for the 2018 tax year.

1. Texas Ad Valorem Taxing Jurisdictions are fully secured *ad valorem* tax creditors of Debtors, holding prior perfected liens against property of the Estate. Texas Ad Valorem Taxing Jurisdictions' claims are secured by a first priority lien pursuant to the Texas Tax Code §32.01, *et seq.*

2. Section 32.01 provides:

   (a) On January 1 of 2018, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

   (b) A tax lien on inventory, furniture, equipment and other personal property is a lien *in solido* and attaches to inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

   (c) The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit. TEXAS TAX CODE §32.01(a)-(b), (d).

3. Further, pursuant to section 32.05 (b) of the Texas Property Tax Code, Texas Ad Valorem Taxing Jurisdictions' liens are superior to the claims of creditors of the property's owners and to claims of persons holding liens on the property. Section 32.05(b) provides that:

   [A] tax lien provided by this chapter **takes priority over the claims of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien**, whether or not the debt or lien existed before the attachment of the tax lien.

4. TEX. PROP. TAX CODE § 32.05(b)(emphasis added); *See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S.W.2d 841 (Tex. App. – Eastland 1995, no writ) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien is also unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

## **Objection**

5. In accordance with Section 363(e), "at any time on request of an entity that has an interest in property used, sold, or leased…the court, with or without a hearing, shall prohibit or condition such use, as is necessary to provide adequate protection of such interest." Texas Ad Valorem Taxing Jurisdictions specifically object to paragraph 11 of the Motion in that the "Administrative Agent has first priority security interest in and liens on all of the Prepetition Collateral, including the Cash Collateral and all proceeds of the Prepetition Collateral…." Texas Ad Valorem Taxing Jurisdictions hold senior secured liens on the personal property of the Debtors and would require payment of their tax claims from before payment to any other creditor or, in the alternative, a tax carve out from any sale proceeds on collateral in which Texas Ad Valorem Taxing Jurisdictions hold liens against.

6. Although the Debtors allege that the "Adequate Protection Liens" are "replacement security interests," in fact they are attempting to give these parties priming liens. Section 363 of the Bankruptcy Code does not allow for the granting of priming liens which subordinate the interests of other creditors. Adequate protection can be achieved with a segregated account. The following language if included in the order approving the cash collateral motion would be sufficient to satisfy the objection of Texas Ad Valorem Taxing Jurisdictions:

> The Debtors shall establish a segregated account into which there shall be deposited an amount equal to $553,664.54 to provide for the payment of claims or liens of Bell County Tax Appraisal District, Brown County Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Hays County, City of Waco et al., Midland Central Appraisal District, and Williamson County, holding secured claims with respect to ad valorem and similar taxes. The liens of Bell County Tax Appraisal District, Brown County Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Hays County, City of Waco et al., Midland Central Appraisal District, and Williamson shall attach to these segregated proceeds with the same validity, to the same extent, and with the same priority they now hold in the property being sold. This segregated account shall be in the nature of

adequate protection and shall neither be a cap on the amounts recoverable by Bell County Tax Appraisal District, Brown County Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Hays County, City of Waco et al., Midland Central Appraisal District, and Williamson County from proceeds of sale, nor shall this segregated account be an allowance of their claims, said claims being subject to any and all rights of any party to object to the validity, extent or priority of these claims. No funds from this segregated account will be distributed apart from agreement of the Debtors and Bell County Tax Appraisal District, Brown County Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Hays County, City of Waco et al., Midland Central Appraisal District, and Williamson County or upon subsequent order of the court duly noticed to Bell County Tax Appraisal District, Brown County Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Hays County, City of Waco et al., Midland Central Appraisal District, and Williamson County.

WHEREFORE, PREMISED CONSIDERED Texas Ad Valorem Taxing Jurisdictions request the Court to deny the Motion unless and until all issues raised herein are resolved, and grant Texas Ad Valorem Taxing Jurisdictions such other and further relief, at law or in equity as is just.

Dated: December 12, 2018

>
> Respectfully submitted,
> MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
> Attorneys for Texas Ad Valorem Taxing Jurisdictions
>
> */s/Tara LeDay*
> Tara LeDay
> State Bar Number 24106701
> P.O. Box 1269
> Round Rock, Texas 78680
> Telephone: (512) 323-3200
> tleday@mvbalaw.com

CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the above Objection to Confirmation of Joint Plan of Reorganization of Reddy Ice Holdings, Inc. and Reddy Ice Corporation dated December 12, 2018 to the following parties by fax, and to those parties listed on the Court's Notice of Electronic Filing on December 12, 2018 by Electronic Notification.

*/s/ Tara LeDay*
Tara LeDay

Case 18-33967-bjh11 Doc 117 Filed 12/12/18    Entered 12/12/18 13:28:36    Page 6 of 6