E. P Keiffer
State Bar No. 11181700
Kevin D. McCullough
State Bar No. 00788005
Rochelle McCullough, LLP
325 North Saint Paul St., Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
pkeiffer@romclaw.com
kdm@romclaw.com

CONFLICTS COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Senior Care Centers, LLC, *et al.*,**[1] | § | **CASE NO. 18-33967 (BJH) -11** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

**MOTION TO APPROVE AGREEMENTS FOR (I) USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION BETWEEN CERTAIN SENIOR CARE CENTERS DEBTORS AND KEYBANK N. A., (III) MODIFYING THE AUTOMATIC STAY AND (IV) GRANTING RELIEF RELATED TO USE OF KEYBANK N.A.'S CASH COLLATERAL PURSUANT TO RULE 4001(d)(1)(A)(i),(iii) and (iv)**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 NO LATER THAN FEBRUARY 20, 2019.**

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as Exhibit A. The Debtors' mailing address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201. The Debtors which are bringing this Motion are listed in Exhibit A by appearing in a larger bold font than the other Debtors.

Motion to Approve Agreements for Use of Cash Collateral, Granting
Adequate Protection, Modifying the Stay and Related Relief as to
Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv) **Page 1**

**ANY OBJECTION OR RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON THE MOVANT AND KEYBANK PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD REGARDING SAME AT THE OMNIBUS HEARING DATE SET IN THIS CASE ON FEBRUARY 21, 2019 AT 2:00 P.M. BEFORE THE HONORABLE DOUGLAS DODD AT THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM NO. 2, DALLAS, TEXAS 75242.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

The applicable debtors and debtors in possession who are represented by proposed conflicts counsel as to issues regarding KeyBank National Association (hereinafter the "**KeyBank-Debtors**[2]") file this *Motion to Approve Agreements for Use of Cash Collateral and Adequate Protection Between Certain Senior Care Centers Debtors and KeyBank National Association Pursuant to Rule 4001(d)(1)(A)(i) and (iv)* (the "**Motion**") and seek the entry of an Agreed Order and Findings of Fact, in the form attached hereto as Exhibits B-1 and B-2 (the "**Proposed Orders**"), pursuant to sections 105(a), 361, 362 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001(d)((1)(A)(i) and (iv) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2] KeyBank Debtors are as defined in the Findings of Fact and Conclusions of Law attached as Exhibit B-2 as: (a) PM Management – Killeen I NC, LLC [ Case No. 18-33984]; (b) PM Management – Killeen II NC, LLC [Case No. 18-33985]; (c) PM Management – Killeen III NC, LLC [Case No. 18-33986]; and (d) newly filed PM Management – Portfolio VIII NC, LLC [Case No. 19-30252].

Motion to Approve Agreements for Use of Cash Collateral, Granting
Adequate Protection, Modifying the Stay and Related Relief as to
Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv) **Page 2**

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The KeyBank-Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 361, 362 and 363 and Bankruptcy Rules 4001(d)(A)(1)(i), (iii) and (iv).

## BACKGROUND

4. On December 4, 2018, the operating KeyBank-Debtors and on January 29, 2019 (the "**Petition Dates**") the holding company KeyBank Debtor, along with five other entities, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code as (the "**Chapter 11 Cases**").

5. The factual background regarding the then filing KeyBank Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail as part of the First Day Declaration and fully incorporated herein by reference.

6. All of the KeyBank-Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. No trustee or examiner has been requested in the Chapter 11 Cases.

8. On December 14, 2018, the Office of the United States Trustee for the Northern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

Motion to Approve Agreements for Use of Cash Collateral, Granting
Adequate Protection, Modifying the Stay and Related Relief as to
Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv)                                                                 **Page 3**

## FACTS RELEVANT TO THE MOTION

9. Three of the KeyBank Debtor are operators of senior care facilities known as The Rosewood Retirement Community, Indian Oaks Living Center, and Hill Country Rehab and Nursing Center. These KeyBank Debtors sublease those facilities from the remaining and newest KeyBank Debtor, PM Management – Portfolio VIII NC, LLC, as the "Master Tenant" who in turn has leased the facilities from their owners, HC-RW Associates, Ltd., H-C Associates, Ltd., and HC Hill Country Associates, Ltd. (collectively, the "**KeyBank Borrowers**").

10. Each of the KeyBank Borrowers are indebted to KeyBank, in varying degrees, under the terms of loans which are secured by, among other things, mortgages and liens against the facilities, and assignments of the rents, leases, and revenue from the KeyBank Debtors, as well as security agreements by the Subtenants in, among other things, all (i) fixtures, furniture, equipment, and other goods and tangible personal property, (ii) licenses, permits, government receivables accounts, government payments and other healthcare assets, (iii) funds, monies, securities whether in escrow, lock boxes, depository, blocked accounts, or otherwise, (iv) accounts, accounts receivable, general intangibles, chattel paper, instruments, rights to payment, inventory, goods, cash, cash proceeds, bank accounts, deposit accounts, (v) all security or other deposits; and (vi) all products and proceeds of the foregoing (as further defined and described in the Lease and Security Documents).

11. The KeyBank Debtors are generally obligated under the master lease agreement, sublease agreements, security agreements, instruments, operator and regulatory referenced in the Findings of Fact and Conclusions of Law attached as Exhibit "B-2" (collectively, the "**Lease and Security Documents**").

Motion to Approve Agreements for Use of Cash Collateral, Granting
Adequate Protection, Modifying the Stay and Related Relief as to
Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv) **Page 4**

12. Upon the Chapter 11 filing of the operating KeyBank Debtors, it was ascertained that: a) KeyBank's heretofore status as the holder of a perfected interest in the operating KeyBank Debtors deposit accounts by means of a control account, had lapsed due to a change, some time prior to the Petition Date, to another banking entity; b) that KeyBank nevertheless had, as of the Petition Date and thereafter, superior position with regard to all of the KeyBank Debtor assets that generated cash collateral and KeyBank had proceeds based perfection on cash as it was collected by the applicable KeyBank Debtors; and c) while the lead Debtor's cash management system swept all deposits from all deposit account of the operating KeyBank Debtors into centralized accounts along with multiple other funds from other Debtor's operation, the Debtors' principal lender, CIBC Bank USA ("**CIBC**"), CIBC did not have any of the operating KeyBank Debtors as borrowers on its many and varied documents governing its relationship with the Debtors in general, making the KeyBank Debtors' operations generally not part of CIBC and the Debtors' borrowing base calculations. Nevertheless, pre-petition the KeyBank Debtors' lease payments were timely met and funds flowed in the Debtors' cash management system with CIBC without any functional hitches.

13. But the filing of the KeyBank Debtors' Bankruptcy Cases caused these shortcomings to come to light, initially by means of KeyBank's *Limited Objection of KeyBank National Association to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Setting a Final Hearing, and (V) Granting Related Relief* [DKT #155] and thereafter by informal document exchanges between Conflicts Counsel, counsel for KeyBank and counsel for CIBC. Additionally, the Official Unsecured Creditors' Committee's counsels were involved

Motion to Approve Agreements for Use of Cash Collateral, Granting
Adequate Protection, Modifying the Stay and Related Relief as to
Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv) **Page 5**

in earlier drafts of these agreements, other matters had justifiably taken their attention elsewhere, but the latest versions have been sent to the Committee for review (*See* certificate of conference). The noted issues and means to resolve the issues raised, while keeping the KeyBank Debtors' operations unfazed, were sufficiently worked out by and between those parties (with the caveat that minor to be noticed revisions may occur), resulting in the filing of this Motion.

**Substance of the Agreements to Provide Adequate Protection**

14. The KeyBank Debtors and KeyBank have agreed, with CIBC participating in the drafting process regarding Exhibits B-1 and B-2, to terminate the pre-petition sweep of the KeyBank Debtors' CIBC account into the Debtors' main cash management system as of January 23, 2019 and to provide that the KeyBank Debtors may continue to use cash collateral to pay the entities' ordinary course operating expenses including lease expenses, as well as, KeyBank Debtor's manually funding their collective proportionate share of obligations that are otherwise administered through other accounts in the Debtors' cash management system or are otherwise centralized systemwide costs for Debtor's operations and are not collectively paid at the KeyBank Debtor level, with all excess cash to otherwise remain in each KeyBank Debtor to otherwise remain in that KeyBank Debtor's CIBC account(s).

15. The balance of the agreement details generally accepted stipulations made in a cash collateral usage context as to the KeyBank Debtors not challenging the extent, validity or priority of KeyBank's liens and claims (while third parties such as the Committee are given time frames to mount any challenges to those positions). Additionally, standard notice, reporting and default provisions, the latter such as failing to make lease payments when due, within grace periods provided, as well as other standards such as trustee or examiner appointments, using cash

Motion to Approve Agreements for Use of Cash Collateral, Granting
Adequate Protection, Modifying the Stay and Related Relief as to
Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv)  **Page 6**

collateral outside the terms of the agreements, seeking an order to modify, reverse or amend these order based agreements or seeking to reject the underlying leases or other transition events without KeyBank's approval or that are not in a form acceptable to KeyBank. Please specifically see paragraph 8 of Exhibit B-1 for complete details. The automatic stay is modified to allow KeyBank to exercise remedies generally available to them as to any uncured defaults. Moreover, nothing in the agreements affects HUD's rights noted in paragraph 14 of Exhibit B-1.

**WHEREFORE, PREMISES CONSIDERED**, the KeyBank Debtors and KeyBank respectfully request that this Court (i) grant the Motion and enter the Agreed Order and Findings of Fact and Conclusions of Law attached hereto as **Exhibits "B-1"** and **"B-2"** respectively and (ii) grant these parties any such other relief to which they may be justly entitled.

**DATED: February 6, 2019**

Respectfully submitted,

*<u>/s/ E. P. Keiffer</u>*

E. P Keiffer
State Bar No. 11181700
Kevin D. McCullough
State Bar No. 00788005

**ROCHELLE McCULLOUGH, LLP**
325 North Saint Paul St., Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
pkeiffer@romclaw.com
kdm@romclaw.com

*Conflicts Counsel to the Debtors and Debtors in Possession*

Motion to Approve Agreements for Use of Cash Collateral, Granting Adequate Protection, Modifying the Stay and Related Relief as to Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv) **Page 7**

**CERTIFICATE OF CONFERENCE**

I, E. P. Keiffer, have had numerous telephone conversations and exchanges of e-mails and drafts of the proposed order package detailed in Exhibits B-1 and B-2 to this Motion with: a) counsels for CIBC; b) counsel for HUD; and c) counsels for the Committee prior to filing this Rule 4001(d)(1)(A) motion. As to discussions with CIBC regarding the terms of the proposed order package detailed in Exhibits B-1 and B-2, the provisions detailed in those Exhibits B-1 and B-2 are generally satisfactory to CIBC, subject to revisions and agreement as to the payment of centralized expenses. Discussions with CIBC as to appropriate provisions relating to centralized expenses are ongoing. As to discussions with HUD, the language HUD requested is in the order package detailed in Exhibits B-1 and B-2 and no objection is expected. Lastly as to the Committee, in addition to sending earlier drafts of the order package detailed in Exhibits B-1 and B-2, this Motion in draft form, the current order package drafts were sent to the Committee on February 4, 2019 and February 6, 2019 prior to the filing of this Motion. The Committee may have some minor revisions that will likely be acceptable to the principal parties herein that would modify the text of the order package detailed in Exhibits B-1 and B-2. Nevertheless, nothing in this certificate of conference is intended to prevent or prohibit any of those parties from filing an objection if any issues that arise are not resolved amicably prior to the objection deadline noted.

*/s/ E. P. Keiffer*
**E. P. Keiffer**

Motion to Approve Agreements for Use of Cash Collateral, Granting Adequate Protection, Modifying the Stay and Related Relief as to Use of Cash Collateral Pursuant to Rule 4001(d)(1)(A)(i),(iii) and (iv) **Page 8**

# Exhibit A

(Sorted Alphabetically)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | Alief SCC LLC | 18-33987 | 0523 |
| 2. | Bandera SCC LLC | 18-33989 | 0617 |
| 3. | Baytown SCC LLC | 18-33992 | 0778 |
| 4. | Beltline SCC LLC | 18-33996 | 7264 |
| 5. | Booker SCC LLC | 18-33999 | 0967 |
| 6. | Bossier SCC LLC | 18-34003 | 2017 |
| 7. | Bradford SCC LLC | 18-34004 | 9535 |
| 8. | Brinker SCC LLC | 18-34005 | 7304 |
| 9. | Brownwood SCC LLC | 18-33968 | 0677 |
| 10. | Capitol SCC LLC | 18-34006 | 1750 |
| 11. | CapWest-Texas LLC | 18-34008 | 4897 |
| 12. | Cedar Bayou SCC LLC | 18-34010 | 8889 |
| 13. | Clear Brook SCC LLC | 18-34012 | 1877 |
| 14. | Colonial SCC LLC | 18-34014 | 4385 |
| 15. | Community SCC LLC | 18-33969 | 7951 |
| 16. | Corpus Christi SCC LLC | 18-34016 | 9807 |
| 17. | Crestwood SCC LLC | 18-34017 | 7349 |
| 18. | Crowley SCC LLC | 18-33970 | 6697 |
| 19. | CTLTC Real Estate, LLC | 18-34018 | 0202 |
| 20. | Fairpark SCC LLC | 18-34020 | 7381 |
| 21. | Gamble Hospice Care Central LLC | 18-34022 | 6688 |
| 22. | Gamble Hospice Care Northeast LLC | 18-34025 | 6661 |
| 23. | Gamble Hospice Care Northwest LLC | 18-34027 | 2044 |
| 24. | Gamble Hospice Care of Cenla LLC | 18-34029 | 4510 |
| 25. | Green Oaks SCC LLC | 18-33971 | 7218 |
| 26. | Harbor Lakes SCC LLC | 18-33972 | 7299 |
| 27. | Harden HUD Holdco LLC | 18-34032 | 1502 |
| 28. | Harden Non-HUD Holdco LLC | 18-34035 | 3391 |
| 29. | Harden Pharmacy LLC | 18-34036 | 1995 |
| 30. | Hearthstone SCC LLC | 18-34037 | 9154 |
| 31. | Hewitt SCC LLC | 18-33973 | 7237 |
| 32. | HG SCC LLC | 18-34040 | 7415 |
| 33. | Hill Country SCC LLC | 18-34043 | 4199 |
| 34. | Holland SCC LLC | 18-33974 | 1427 |
| 35. | Hunters Pond SCC LLC | 18-34045 | 2886 |
| 36. | Jacksonville SCC LLC | 18-34046 | 4216 |
| 37. | La Hacienda SCC LLC | 18-34049 | 1074 |
| 38. | Lakepointe SCC LLC | 18-34050 | 7457 |
| 39. | Major Timbers LLC | 18-34052 | 7477 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 40. | Marlandwood East SCC LLC | 18-34054 | 1871 |
| 41. | Marlandwood West SCC LLC | 18-34058 | 2192 |
| 42. | Meadow Creek SCC LLC | 18-34064 | 9278 |
| 43. | Midland SCC LLC | 18-34065 | 4231 |
| 44. | Mill Forest Road SCC LLC | 18-34066 | 5137 |
| 45. | Mission SCC LLC | 18-33975 | 8086 |
| 46. | Mullican SCC LLC | 18-34067 | 7499 |
| 47. | Mystic Park SCC LLC | 18-34068 | 1898 |
| 48. | Normandie SCC LLC | 18-34069 | 1542 |
| 49. | Onion Creek SCC LLC | 18-34070 | 7425 |
| 50. | Park Bend SCC LLC | 18-34071 | 9410 |
| 51. | Pasadena SCC LLC | 18-34072 | 1694 |
| 52. | Pecan Tree SCC LLC | 18-34073 | 4241 |
| 53. | Pecan Valley SCC LLC | 18-34074 | 9585 |
| 54. | Pleasantmanor SCC LLC | 18-34075 | 7536 |
| 55. | PM Management - Allen NC LLC | 18-34076 | 4961 |
| 56. | PM Management - Babcock NC LLC | 18-34077 | 7829 |
| 57. | PM Management - Cedar Park NC LLC | 18-34078 | 1050 |
| 58. | PM Management - Corpus Christi NC II LLC | 18-34079 | 5231 |
| 59. | PM Management - Corpus Christi NC III LLC | 18-34080 | 5129 |
| 60. | PM Management - Corsicana NC II LLC | 18-34081 | 9281 |
| 61. | PM Management - Corsicana NC III LLC | 18-34082 | 9353 |
| 62. | PM Management - Corsicana NC LLC | 18-34083 | 1333 |
| 63. | PM Management - Denison NC LLC | 18-34084 | 5022 |
| 64. | PM Management - El Paso I NC LLC | 18-34085 | 2965 |
| 65. | PM Management - Fredericksburg NC LLC | 18-34086 | 0599 |
| 66. | PM Management - Frisco NC LLC | 18-34087 | 5082 |
| 67. | PM Management - Garland NC LLC | 18-33979 | 5137 |
| 68. | PM Management - Golden Triangle NC I LLC | 18-33980 | 9478 |
| 69. | PM Management - Golden Triangle NC II LLC | 18-33981 | 9536 |
| 70. | PM Management - Golden Triangle NC III LLC | 18-33982 | 9597 |
| 71. | PM Management - Golden Triangle NC IV LLC | 18-33983 | 9654 |
| 72. | **PM Management - Killeen I NC LLC** | **18-33984** | **3105** |
| 73. | **PM Management - Killeen II NC LLC** | **18-33985** | **3179** |
| 74. | **PM Management - Killeen III NC LLC** | **18-33986** | **3245** |
| 75. | PM Management - Lewisville NC LLC | 18-33988 | 5296 |
| 76. | PM Management - New Braunfels NC LLC | 18-33990 | 6293 |
| 77. | PM Management - Park Valley NC LLC | 18-33991 | 7186 |
| 78. | PM Management - Pflugerville AL LLC | 18-33993 | 4007 |
| 79. | PM Management – Portfolio IX NC, LLC | 19-30253 | 1841 |
| 80. | PM Management – Portfolio V NC, LLC | 19-30249 | 2086 |
| 81. | PM Management – Portfolio VI NC, LLC | 19-30250 | 5354 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 82. | PM Management – Portfolio VII NC, LLC | 19-30251 | 9728 |
| 83. | **PM Management – Portfolio VIII NC, LLC** | **19-30252** | **3048** |
| 84. | PM Management - Portland AL LLC | 18-33994 | 5018 |
| 85. | PM Management - Portland NC LLC | 18-33995 | 4928 |
| 86. | PM Management - Round Rock AL LLC | 18-33997 | 5304 |
| 87. | PM Management – San Antonio AL, LLC | 19-30254 | 4069 |
| 88. | PM Management - San Antonio NC LLC | 18-33998 | 1216 |
| 89. | Presidential SCC LLC | 18-34000 | 1913 |
| 90. | Redoak SCC LLC | 18-33976 | 7569 |
| 91. | Riverside SCC LLC | 18-34001 | 1889 |
| 92. | Round Rock SCC LLC | 18-34002 | 8936 |
| 93. | Rowlett SCC LLC | 18-34007 | 7606 |
| 94. | Ruston SCC LLC | 18-34009 | 0242 |
| 95. | RW SCC LLC | 18-34011 | 7631 |
| 96. | Sagebrook SCC LLC | 18-34013 | 9571 |
| 97. | San Angelo SCC LLC | 18-34015 | 4254 |
| 98. | San Antonio SCC, LLC | 19-30261 | 4923 |
| 99. | SCC Edinburg LLC | 18-34019 | 1195 |
| 100. | SCC Hospice Holdco LLC | 18-34021 | 3166 |
| 101. | SCC Senior Care Investments LLC | 18-34023 | 4123 |
| 102. | SCC Socorro LLC | 18-34024 | 5459 |
| 103. | Senior Care Center Management II LLC | 18-34026 | 1280 |
| 104. | Senior Care Center Management LLC | 18-34028 | 7811 |
| 105. | Senior Care Centers Home Health, LLC | 18-34030 | 1931 |
| 106. | Senior Care Centers LLC | 18-33967 | 8550 |
| 107. | Senior Rehab Solutions LLC | 18-34031 | 4829 |
| 108. | Senior Rehab Solutions North Louisiana LLC | 18-34033 | 1690 |
| 109. | Shreveport SCC LLC | 18-34034 | 1659 |
| 110. | Solutions 2 Wellness LLC | 18-34038 | 4065 |
| 111. | South Oaks SCC LLC | 18-34039 | 8002 |
| 112. | Springlake ALF SCC LLC | 18-34041 | 2436 |
| 113. | Springlake SCC LLC | 18-34042 | 9102 |
| 114. | Stallings Court SCC LLC | 18-33977 | 7393 |
| 115. | Stonebridge SCC LLC | 18-34044 | 9234 |
| 116. | Stonegate SCC LLC | 18-33978 | 3005 |
| 117. | Summer Regency SCC LLC | 18-34047 | 7782 |
| 118. | TRISUN Healthcare LLC | 18-34048 | 2497 |
| 119. | Valley Grande SCC LLC | 18-34051 | 1341 |
| 120. | Vintage SCC LLC | 18-34053 | 7710 |
| 121. | West Oaks SCC LLC | 18-34055 | 9535 |
| 122. | Western Hills SCC LLC | 18-34056 | 1922 |
| 123. | Weston Inn SCC LLC | 18-34057 | 7871 |
| 124. | Westover Hills SCC LLC | 18-34059 | 3303 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 125. | Whitesboro SCC LLC | 18-34060 | 7745 |
| 126. | Windcrest SCC LLC | 18-34061 | 9541 |
| 127. | Windmill SCC LLC | 18-34062 | 8067 |
| 128. | Wurzbach SCC LLC | 18-34063 | 9920 |