Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Debtors. | § § § | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING**
**EXCLUSIVITY PERIODS FOR THE FILING AND SOLICITATION**
**OF ACCEPTANCE OF A CHAPTER 11 PLAN**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 21, 2019 AT 2:00 P.M. (PREVAILING CENTRAL TIME) AT THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE ST., 14TH FLOOR, COURTROOM NO. 2, DALLAS, TEXAS 75242.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON**

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

67583901.1

**THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Senior Care Centers, LLC and its affiliated debtors and debtors in possession hereby move (the "**Motion**") for entry of an order, substantially in the form of Exhibit A attached hereto (the "**Proposed Order**"), pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), extending the 120 and 180 day exclusivity periods provided by Bankruptcy Code section 1121(b) and (c)(3) for filing a of a chapter 11 plan and the solicitation of acceptances of the plan. In support of the Motion, the Debtors rely upon the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 25] (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code section 1121(d) and Local Rule 3016-1.

## BACKGROUND

4. On December 4, 2018 (the "**December Petition Date**"), certain of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, and on January 21, 2019 (the "**January Petition Date**", and together with the December Petition Date, the "**Petition**

**Dates**"), an additional seven affiliated Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

6. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases.

7. On December 14, 2018, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

## RELIEF REQUESTED

8. The Debtors request entry of an order pursuant to Bankruptcy Code section 1121(d) and Local Rule 3016-1 extending by 120 days (a) the exclusive period during which only the Debtors may file a plan pursuant to Bankruptcy Code section 1121(b) and (c)(2) (the "**Exclusive Filing Period**"), and (b) the exclusive period during which only the Debtors may confirm a plan pursuant to Bankruptcy Code section 1121(c)(3) (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**"). Currently, the Exclusive Filing Period is set to expire April 3, 2019 and the Exclusive Solicitation Period is set to expire June 3, 2019. If granted, the relief requested herein would extend the Exclusive Filing Period to August 2, 2019 and the Exclusive Solicitation Period to September 30, 2019.

**BASIS FOR RELIEF**

**A.     The Court May Extend the Exclusivity Periods for "Cause"**

9. Bankruptcy Code section 1121(b) provides that "only the debtor may file a plan until after 120 days after" a petition date, *i.e.*, the Exclusive Filing Period. Bankruptcy Code section 1121(c)(3) provides that if a debtor files a plan within the Exclusive Filing Period, it has 180 days from the petition date to obtain acceptance of such a plan, *i.e.*, the Exclusive Solicitation Period.

10. Pursuant to Bankruptcy Code section 1121(d), the Court may extend the Exclusive Periods for "cause." Local Rule 3016-1(a) provides that if a debtor seeks to extend the Exclusive Periods, such motion must "include[] a statement of the reasons why a plan has not been filed and a detailed timetable of the steps to be taken in order to file a plan." While the Bankruptcy Code does not define "cause," the legislative history indicates that cause is intended to be a flexible standard which balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231- 32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest). *See also In re Perkins*, 71 B.R. 294, 297 (Bankr. W.D. Tenn. 1987) (finding that "[t]he hallmark of [section 1121(d)] is flexibility."); *In re Tony Downs Foods Co.*, 34 B.R. 405, 406 (Bankr. D. Minn. 1983) ("It is clear that both the House and the Senate intended to vest in the Bankruptcy Court, discretion as to whether or not to grant an extension of exclusivity or a reduction of exclusivity and that such a decision should be for cause shown based upon all the facts and circumstances of the particular case.").

11. When determining whether cause exists, bankruptcy courts consider a variety of factors. *In re Borders Grp., Inc.*, 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The

determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); *In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). *See also Official Comm. of Unsecured Creditors of Mirant Ams. Generation, L.L.C. v. Mirant Corp. (In re Mirant Corp.)*, Case No. 4–04–CV–476–A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) ("The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors.") (citations omitted). Such factors include, without limitation:

    a.    the size and complexity of the debtor's case;

    b.    the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    c.    the existence of good faith progress towards reorganization;

    d.    the fact that the debtor is paying its bills as they become due;

    e.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f.    whether the debtor has made progress in negotiations with its creditors;

    g.    the amount of time which has elapsed in the case;

    h.    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    i.    whether an unresolved contingency exists.

*See, e.g.*, *In re Express One Int'l., Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003). *See also Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.)*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002) (noting that such factors "are standardly considered" when evaluating "cause"). Further, the Fifth Circuit has instructed that the

legislative history of Bankruptcy Code section 1121 may be considered, including the balancing the interests of debtors and creditors. *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987).

12. Not all factors are relevant in every case, and the presence of a subset may justify extending the Exclusivity Periods. *In re Express One Int'l, Inc.*, 194 B.R. at 100; *In re Hoffinger Indus., Inc.*, 292 B.R. at 644; *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986). Courts routinely grant a debtor's first request for an extension if the facts and circumstances warrant such extension. *See, e.g.*, *In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization . . . the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted)

**B.**   **Cause Exists to Extend the Exclusivity Periods**

13. Here, sufficient cause exists to grant a 120-day extension of the Exclusivity Periods. Such extensions are necessary and appropriate for the Debtors to successfully implement a plan. As set forth below, extension of the Exclusivity Periods is in the best interests of the Debtors and all parties in interest.

14. First, the Chapter 11 Cases are particularly complex. The Debtors operate over 100 skilled nursing, assisted living, and hospice facility across Louisiana and Texas and have over 9,00 current patients and 11,000 employees. The Debtors have worked to stabilize and transition operations into the bankruptcy process, causing significant demands on the Debtors' employees and professionals. The Debtors and their professionals have also worked to analyze unexpired leases and executory contracts, file schedules of assets and liabilities and statements of financial affairs, and a myriad of other issues.

15. Second, and relatedly, the Debtors are in the process of negotiating dozens of operations transfer agreements ("**OTAs**") with landlords, new operators, regulators, and other parties in interest. *See, e.g.* Docket Nos. 574-85. Following the transition of a large number of these facilities, the Debtors and their professionals, including their investment banker, will undertake a sales process. A successful plan result is far more likely as this process takes shape.

16. Third, the Debtors have been paying, and will continue to pay their undisputed postpetition debts and have operated their businesses in the ordinary course since the filing of the Chapter 11 Cases. Thus, no creditor or party in interest is prejudiced by the relief requested herein.

17. Fourth, the Debtors commenced these cases 86 days ago and this is the Debtors' first request for an extension of the Exclusivity Periods. The relief requested herein is a good faith effort to establish a viable plan strategy and exit from bankruptcy. The Debtors do not file this motion with the intent of harming key constituencies or unduly causing delay. The Debtors intend to preserve the estate's limited funds by formulating a plan and disclosure statement, with the Committee, as the cases develop and following a marketing and sales process. The Debtors' require sufficient time to properly negotiate a plan.

18. Accordingly, the Debtors' submit that "cause" exists to extend the Exclusivity Periods pursuant to Bankruptcy Code section 1121(d).

C. **Additional Information as Required by Local Rule 3016-1**

19. As set forth above, a plan have not yet been filed as the Debtors continue to work with key stakeholders, including the Committee, on the roadmap for the Chapter 11 Cases and eventual exit from bankruptcy. During the brief pendency of these Chapter 11 Cases, a number of facilities are in the process of being transitioned to new operators so that the remaining

portfolio can be marketed and sold. The requested 120-day extension would allow a sales process to occur with a plan to come thereafter.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

21. Notice of this Motion shall be provided to: (a) the U.S. Trustee the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the states in which the Debtors operate; (c) counsel to CIBC Bank USA; (d) counsel to the Official Committee of Unsecured Creditors; (e) the Internal Revenue Service; (f) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

22. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

67583901.1

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: February 28, 2019<br>Dallas, Texas | **POLSINELLI PC**<br><br>*/s/      Trey A. Monsour*<br>Trey A. Monsour<br>State Bar No. 14277200<br>2950 N. Harwood, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>tmonsour@polsinelli.com<br><br>-and-<br><br>Jeremy R. Johnson (Admitted *Pro Hac Vice*)<br>600 3rd Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>jeremy.johnson@polsinelli.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

# **Exhibit A**

Proposed Order

67583901.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER EXTENDING EXCLUSIVITY PERIODS FOR THE FILING AND
SOLICITATION OF ACCEPTANCE OF A CHAPTER 11 PLAN**

Upon the motion (the "**Motion**") of the Debtors for entry of an order, pursuant to Bankruptcy Code section 1121(d), extending the Debtors' exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**"); and the Court having reviewed the Motion and the and the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and*

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

67583901.1

2

*First Day Pleadings* [Docket No. 25] (the "**First Day Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 1121(d), the Exclusive Filing Period is extended through and including July 2, 2019.

3. Pursuant to Bankruptcy Code section 1121(d), the Exclusive Solicitation Period is extended through and including September 1, 2019.

4. The Extension of the Exclusive Periods granted herein is without prejudice to further requests that may be made pursuant to Bankruptcy Code section 1121(d).

5. Notwithstanding any Bankruptcy Rule or Local Tule to the contrary, this Order shall be immediately effective and enforceable upon its entry

6. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

67583901.1

**# # # End of Order # # #**

Ordered submitted by:

**POLSINELLI PC**

*/s/      Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtors and Debtors in Possession*