Thomas C. Scannell (TX 24070559)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | **CHAPTER 11** |
| **SENIOR CARE CENTERS, LLC,** *ET AL.* § | |
| § | **CASE NO: 18-33967-BJH-11** |
| DEBTORS. § | **(Joint Administration)** |

**MS AMLIN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(B), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON MARCH 19, 2019, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

MS Amlin Underwriting Limited ("MS Amlin"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order granting relief from the automatic stay as necessary to permit MS Amlin to cancel certain insurance policies[1] with the debtor Senior Care Centers, LLC, ("Debtor") effective as of May 1, 2018. In support of this Motion, MS Amlin states as follows:

---

[1] A true and correct copy of these insurance policies are attached hereto as **Composite Exhibit A.**

MS AMLIN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY                                      PAGE 1
4812-1653-9272.3

## BACKGROUND

1. The Debtor operates multiple senior living facilities. Prior to filing its petition for bankruptcy, the Debtor purchased the insurance policies at issue here (the "Policies"), referred to as "Certificates of Insurance," through Certain Underwriters at Lloyd's of London (the "Underwriters").

2. Lloyd's of London is a commercial insurance marketplace comprised of syndicates, which act as underwriters and assume a percentage of risk under various certificates of insurance.

3. MS Amlin is the underwriting member of one of Lloyd's of London's syndicates (Syndicate 2001). Generally, MS Amlin, through Syndicate 2001, provides, *inter alia*, specialty insurance coverage to commercial enterprises, and is the lead syndicate on the Policies issued to the Debtor.

4. The Policies insure the Debtor against general and professional liability.

5. The Policies permit Underwriters, through MS Amlin as lead syndicate, to cancel the Policies by providing written notice. Specifically, the Policies state:

> We can cancel this policy by giving written notice to the first of you named on the Declarations, at your last known address at least (1) 10 days, if we cancel for non-payment of premium; or (2) 30 days, if we cancel for any other reason before effective date of cancellation.

*See* Ex. A, Section XVII "Cancellation", ¶ B.

6. The Policies make clear that the terms "we," "us," and "our" refer to the Underwriters providing the insurance. *See id.* at "Long Term Care Common Conditions", p. 1.

7. Prior to the petition date, the Debtor had multiple claims made against it—triggering coverage under the Policies. Pursuant to the terms of the Policies, Debtor was required to pay a deductible for each such claim in the amount of $100,000. The Debtor failed to make

payment on numerous deductibles owed under the Policies. As of the date of filing of this Motion, the Debtor owes over $3.3 million in unpaid deductibles.

8. Failing to pay these deductibles forces MS Amlin and the other Underwriters to absorb the costs associated with the deductibles Debtor owes. Until the Policies are terminated, additional deductible payments are continuing to come due, increasing Underwriters' losses with no clear prospect of recovery.

## REQUESTED RELIEF

9. MS Amlin is seeking relief from the automatic stay under Bankruptcy Code § 362(d)(1) to terminate a pre-petition executory contract with Debtor. Accordingly, MS Amlin requests that this Court enter an Order modifying the automatic stay to permit MS Amlin to terminate the Policies, and exercise all of its rights and remedies under the Policies.

## GROUNDS FOR RELIEF

10. As an initial matter, an unsecured creditor may seek relief from the automatic stay under 11 U.S.C. §362(d). *In re Westwood Broad., Inc.*, 35 B.R. 47, 48 (Bankr. D. Haw. 1983).

11. Although section 362(a) of the Bankruptcy Code stays certain acts against a debtor and property of the estate after the commencement of a bankruptcy proceeding, section 362(d) of the Bankruptcy Code authorizes creditors to petition for relief from the automatic stay. Under 11 U.S.C. §362(d)(1), the Court can lift the automatic stay "for cause."

12. Discretionary relief from the stay, and whether cause exists, must be determined on a case by case basis, as there is no clear or standard definition of what constitutes "cause." *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) (citing 2 Collier Bankruptcy Manual § 362.06 (3d ed. 1979)).

13. Here, cause exists to lift the stay because on a post-petition basis, the Debtor has failed to fund its unpaid deductibles, forcing MS Amlin to absorb increasing losses. Further, the

Policies permit cancellation, at will, upon 30 days' notice. *See* Ex. A, Section XVII "Cancellation", ¶ B.

### *Cancellation Is Proper Pursuant to Terms of the Policies.*

14. Courts willingly grant relief from stay to cancel insurance policies where the contractual terms allow for cancellation. *See, e.g., In re Naartjie Custom Kids, Inc.*, 2015 WL 1132791, at *1 (Bankr. D. Utah Jan. 26, 2015) (granting motion for relief from stay to allow insurer to cancel policy pursuant to contractual terms allowing for cancellation if insured population drops below stated minimum).

15. Further, MS Amlin requests this relief from stay so MS Amlin may be "free to enforce its rights under non-bankruptcy law." *In re Consol. Indus. Corp.,* 330 B.R. 227, 232 (Bankr. N.D. Ind. 2001) ("*Consolidated Industries*"). To pursue this form of relief, a petitioner has to show only that it has a "'colorable claim' concerning the opportunity for cancellation." *Id.* at 233.

16. In *Consolidated Industries*, the debtor's former parent petitioned the court to determine that it was entitled to cancel liability insurance it previously acquired for the debtor. *Id.* at 229. Finding the proceeding was "in effect, a request for relief from the automatic stay," the court looked to authority surrounding creditors seeking to enforce their rights under non-bankruptcy law. *Id.* at 232-33. Consequently, the court granted relief from stay, noting the insurance policies in question provided for cancellation by giving written notice. *Id.* at 229.

17. In doing so, the court viewed the debtor's former parent as being "faced with the prospect of a continually increasing unsecured claim, through the unreimbursed expenses that it has and will continue to incur, and the opportunity under non-bankruptcy law to minimize its losses by attempting to cancel the insurance contracts generating those expenses." *Id.* at 233. The Court

lifted the stay in order to permit the petitioner "to staunch the flow of blood and minimize its losses." *Id.*

18. In sum, the *Consolidated Industries* court found relief from stay was appropriate because the Debtor's post-petition conduct forced the movant to incur an ever increasing pre-petition claim.

19. Similarly, MS Amlin seeks to enforce its contractual right to terminate the Policies so that it too may "staunch the flow of blood" that the compounding unpaid deductibles are causing. If the Court lifts the automatic stay, MS Amlin would undoubtedly have the contractual right to terminate the Policies in accordance with the cancellation provisions. *See* Section XVII, ¶ B.

20. In short, each day the Policies remain in effect creates the prospect that MS Amlin will have to continue paying expenses related to claims for which it will not receive any reimbursement. If the Court grants relief to allow MS Amlin to pursue its contractual termination rights, the Debtor will simply be held to the contractual terms to which it agreed.

## CONCLUSION

For the foregoing reasons, MS Amlin respectfully moves this Court to enter an Order granting MS Amlin relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) so that it, and its successors and assigns, may exercise its rights and remedies pursuant to the Policies, and granting such other and further relief as the Court deems just and necessary.

Date: March 5, 2019 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Thomas C. Scannell*
　　　　　　　　　　　　　　　　　　　　Thomas C. Scannell (TX 24070559)
　　　　　　　　　　　　　　　　　　　　**FOLEY & LARDNER LLP**
　　　　　　　　　　　　　　　　　　　　2021 McKinney Avenue, Suite 1600
　　　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　　　Telephone: (214) 999-3000
　　　　　　　　　　　　　　　　　　　　Facsimile: (214) 999-4667
　　　　　　　　　　　　　　　　　　　　tscannell@foley.com

　　　　　　　　　　　　　　　　　　　　**COUNSEL FOR MOVANT**

## **CERTIFICATE OF CONFERENCE**

The undersigned counsel for Movant hereby certifies that on March 4, 2019, I conferred via telephone with Trey Monsour, counsel of record to the Debtors in these jointly administered bankruptcy cases, regarding the relief requested by Movant in the Motion. As of the date of the Motion, the Debtors are opposed to the relief requested in the Motion. Although not able to settle the relief requested in the Motion prior to filing, the parties will continue to discuss and consider in good faith any alternatives for resolution during the pendency of the Motion.

　　　　　　　　　　　　　　　　　　　　*/s/ Thomas C. Scannell*
　　　　　　　　　　　　　　　　　　　　Thomas C. Scannell

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 5, 2019, a true and correct copy of the foregoing document was served electronically by the Court's CM/ECF PACER system on all parties registered to receive CM/ECF notice in these cases, including, without limitation, the following parties:

　　Counsel for Debtors:
　　Polsinelli PC
　　Trey Andrew Monsour
　　1000 Louisiana St., Ste 6400
　　Houston, TX 77002
　　TMonsour@Polsinelli.com

　　Jeremy Johnson
　　600 Third Avenue, 42nd Floor
　　New York, NY 10016
　　Jeremy.johnson@polsinelli.com

Counsel for the Unsecured Creditors Committee:
Nancy A. Peterman
Shari L. Heyen
Greenberg Traurig LLP
1000 Louisiana, Suite 1700
Houston, TX 77002
(713) 374-3500
Fax : (713) 374-3505
petermann@gtlaw.com
heyens@gtlaw.com

Office of the United States Trustee
Attn: Meredyth A. Kippes
1100 Commerce Street, Room 976
Dallas, TX 75242
Meredyth.a.kippes@usdoj.gov

Counsel for the Administrative Agent:
Duane Morris LLP
Attn: John Robert Weiss; Rosanne Ciambrone
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
jrweiss@duanemorris.com
rciambrone@duanemorris.com

                                          */s/ Thomas C. Scannell*
                                          Thomas C. Scannell