

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 27, 2019**

_____

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|                          |   |                          |
|--------------------------|---|--------------------------|
| In re:                   | § | Chapter 11               |
|                          | § |                          |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH)  |
|                          | § |                          |
| Debtors.                 | § | (Jointly Administered)   |
|                          | § |                          |

### ORDER ESTABLISHING BAR DATES, APPROVING FORM AND
### MANNER OF NOTICE, AND APPROVING PROCEDURES FOR
### FILING PROOFS OF CLAIM

Upon the motion (the "**Motion**") of the Debtors for entry of an order establishing bar

dates and procedures for filing proofs of claim in these chapter 11 cases; and the Court having

reviewed the Motion and the and the *Declaration of Kevin O'Halloran, Chief Restructuring

Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day

Pleadings* [Docket No. 25] (the "**First Day Declaration**"); and the Court having jurisdiction

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      As used herein, the term "claim" has the meaning given to it in Bankruptcy Code section 101(5).

**A.      Bar Dates**

3.      General Bar Date. May 15, 2019 at 4:00 p.m. (prevailing Central Time) is the deadline (the "**General Bar Date**") for all entities and persons (as each is defined in Bankruptcy Code section 101(15) and 101(41) (each an "**Entity**" and together, "**Entities**"), other than governmental units, holding prepetition claims to file proofs of claim (each a "**Proof of Claim**") unless they fall within one of the exceptions described below. Subject to such exceptions, the General Bar Date shall apply to all types of claims against the Debtors which arose prior to the Petition Dates, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under Bankruptcy Code sections 507(a)(4) and (5), or 503(b)(9)) and unsecured nonpriority claims. The filing of a Proof of Claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative expense claims

2

under Bankruptcy Code section 503(b)(9) (each a "**503(b)(9) Claim**"); provided, however, that all other administrative claims under Bankruptcy Code section 503(b) ("**Administrative Claims**") must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and will not be deemed proper if made by Proof of Claim.

4.     <u>Governmental Bar Dates</u>. July 20, 2019 at 4:00 p.m. (prevailing Central Time) is the governmental bar date (the "**Governmental Bar Dates**"). The Governmental Bar Date shall apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Dates, including governmental units with claims against a Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

5.     <u>Amended Schedules Bar Date</u>. In the event that the Debtors further amend the Schedules, the Debtors shall give notice of such amendment to the holders of claims against the Debtors affected thereby, and if the subject amendment either (x) adds a new party as a creditor, (y) reduces the unliquidated, noncontingent, and liquidated amount of a claim, or (z) changes the nature or classification of a claim against a Debtor or the Debtor liable on the claim as reflected therein, such holders shall be given until the later of (a) the General Bar Date, or (b) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date such notice is given (or such other time period as may be fixed by the Bankruptcy Court) to file proofs of claim with respect to such affected claim, if necessary, or be barred from filing such claim (the "**Amended Schedules Bar Date**").

6.     <u>Rejection Bar Date</u>. Should the Debtors reject any executory contract or unexpired lease pursuant to Bankruptcy Code section 365, each Entity holding a claim against the Debtors arising from such rejection must file a Proof of Claim by the later of (a) at 4:00 p.m.

67868871.3

(prevailing Central Time) on the date that is 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of the Bankruptcy Court or pursuant to a notice under procedures approved by the Bankruptcy Court; (b) any date set by another order of the Bankruptcy Court; or (c) the General Bar Date (the "**Rejection Bar Date**").

**B.** **Entities That Must File Proofs of Claim**

7.      Subject to the exceptions listed in paragraph 8 below, the following Entities must file Proofs of Claim before the applicable Bar Date:

a.      any Entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to participate in these Chapter 11 Cases or share in any potential distribution in any of these Chapter 11 Cases;

b.      any Entity which believes its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against the incorrect Debtor, and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and

c.      any Entity asserting a 503(b)(9) claim.

**C.** **Entities Not Required to File Proofs of Claim**

8.      The following Entities, whose claims would otherwise be subject to a Bar Date, need not file a Proof of Claim:

a.      any Entity that has already properly filed a Proof of Claim against one or more of the Debtors in accordance with the procedures described herein;

b.      any Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," contingent," or "unliquidated," (ii) such Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such Entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any holder of a claim previously allowed by order of the Court;

d.      any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court; or

      e.     any holder of a claim allowable under Bankruptcy Code section 503(b) and 507(a)(2) as an expense of administration (with the exception of 503(b)(9) Claims, which are subject to the General Bar Date).

**D.**    <u>**No Requirement to file Proofs of Interest**</u>

9.    Any Entity holding an interest (an "**Interest Holder**"), whose interest is based exclusively upon the ownership of membership interests, partnership interests, common or preferred stock in a corporation or warrants or rights to purchase, sell or subscribe to such a security or interests (any such security or interests being referred to herein as an "**Interest**"), need not file a proof of interest on or before the General Bar Date; <u>provided</u>, <u>however</u>, that Interest Holders who wish to assert claims against any of the Debtors which arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, insurance, or distribution of the Interest, must file Proofs of Claim on or before the General Bar Date, unless another exception identified in paragraph 8 of this Order applies.

**E.**    <u>**Effect of Failure to File Proofs of Claim**</u>

10.    Pursuant to Bankruptcy Rule 3003(c)(2), any Entity which is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against a Debtor, but that fails to do so by the applicable Bar Date, shall be barred, estopped, and enjoined from:

      a.     asserting any claim against the Debtors that the Entity has that (i) is in an amount that exceed the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated, or (ii) is of a different nature, classification, or priority than any claim identified in the Schedules on behalf of such Entity (any such claim under this subparagraph (a) being referred to herein as an "**Unscheduled Claim**"); or

      b.     voting upon, or receiving distributions under any chapter 11 plan in these Chapter 11 Cases in respect of an Unscheduled Claim.

67868871.3

11.     Notwithstanding anything in this Order, nothing shall prejudice any Entity from: (a) seeking to extend the time to file a Proof of Claim "for cause shown" under Bankruptcy Rule 3003(c)(3); or (b) raising the defense of "excusable neglect" within the meaning of Bankruptcy Rule 9006(b).

**F.      Procedures for Filing Proofs of Claim**

12.     The following procedures for filing Proofs of Claim are hereby approved:

a.      Unless otherwise ordered by the Court, all Entities asserting prepetition claims against more than one Debtor are required to file a separate Proof of Claim with respect to each such Debtor;

(i)     if more than one Debtor is listed on the Proof of Claim form, then the Debtors will treat such claim as filed only against the first listed Debtor;

(ii)    any claim filed under the joint administration case number 18-33967, or otherwise without identifying a Debtor, shall be deemed as filed only against Senior Care Centers, LLC; and

b.      Proofs of Claim must be on the form of Proof of Claim annexed to the Order as Exhibit 1 or otherwise conform substantially to the Official Bankruptcy Form B410 ("**Official Form B410**") and comply with the instructions to Official Form B410.

c.      Unless otherwise ordered by the Court, any holder of a claim against the Debtors that seeks to assert a claim against more than one Debtor must file separate Proofs of Claim against each such Debtor and must identify on the Proof of Claim the applicable Debtor against which such claim is asserted and the corresponding case number.

d.      Proofs of Claim will be deemed timely filed only if the Proofs of Claim are postmarked by the applicable Bar Date and sent to the Court or the Debtors' Court-approved claims agent, Omni Management Group ("**Omni**") at:

> If by first-class mail, hand delivery, or overnight mail:
> Senior Care Centers, LLC, et al. Claims Processing
> c/o Omni Management Group
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

6

e. Proofs of Claim may be submitted online through the Debtors' case website at: https://omnimgt.com/SeniorCareCenters and click on "Submit a Proof of Claim"; or on the Court's online claim filing system at: https://ecf.txnb.uscourts.gov/cgi-bin/autoFilingClaims.pl.

f. Proofs of Claim sent by facsimile or email transmission will not be accepted, with the exception of Proofs of Claim submitted through the Case Website.

13. Notwithstanding Paragraph 12(a) of this Order, the Debtors shall not disallow any claims filed against the wrong Debtor if the Debtors are able to readily ascertain the correct Debtor from such Proof of Claim.

**G.    Notice Procedures**

14. The (a) form Proof of Claim attached hereto as <u>Exhibit 1</u>, (b) Bar Date Notice attached hereto as <u>Exhibit 2</u>, and (c) Publication Notice attached hereto as <u>Exhibit 3</u>, are hereby approved.

15. The following procedures to provide notice of the Bar Dates (the "**Notice Procedures**") are hereby approved:

a. <u>Mailing of Bar Date Notice</u>. The Debtors shall serve via first-class mail (i) the Proof of Claim form, and (ii) the Bar Date Notice within two days of the entry of this Order or April 2, 2019 on the following parties:

(i) the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**");

(ii) the Office of the Attorney General of the states in which the Debtors operate;

(iii) counsel to CIBC Bank USA;

(iv) counsel to the Official Committee of Unsecured Creditors;

(v) the Internal Revenue Service;

(vi) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate;

7

      (vii)    all parties who have requested notice pursuant to Bankruptcy Rule 2002; and

      (viii)   all known creditors.

b.    <u>Posting of Bar Date Notice on Case Website</u>. Within two days of the entry of this Order or April 2, 2019, the Debtors shall cause the Bar Date Notice to be posted on the Debtors' case website at https://omnimgt.com/SeniorCareCenters (the "**Case Website**").

c.    <u>Providing Notice at the Debtors' Facilities</u>. Within two days of the entry of this Order or April 2, 2019, the Debtors shall cause the Bar Date Notice to be provided in the same manner the Debtors have historically given notices to residents and employees in each of their facilities, including, but not limited to posting the Bar Date Notice at each of their facilities.

d.    <u>Publication of Bar Date Notice</u>. At least 21 days prior to the General Bar Date, the Debtors are authorized, but not directed, to publish an abridged form of the Bar Date Notice, substantially in the form annexed to the Order as <u>Exhibit 3</u> (the "**Publication Notice**") in the national edition of either *The Wall Street Journal* or *USA Today*, and any other regional or local publication within the geographic locations in which the Debtors' facilities are located, including any other newspapers, trade journals, or similar publications as the Debtors determine necessary, which publication is approved by the Court and shall be deemed good, adequate, and sufficient publication of notice of the Bar Dates and the procedures for filing Proofs of Claim in these Chapter 11 Cases.

16.    The Debtors and Omni Management Group are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17.    The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed Proof of Claim or any claim listed or reflected in the Schedules as to its nature, amount, liability, classification, or otherwise (with such right also being held by all other parties in interest, pursuant to Bankruptcy Code section 502(a); (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated (or, with respect to any other party in interest, to object to or otherwise challenge any scheduled claim); and (c) otherwise amend or supplement the Schedules.

18.     The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

19.     Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these Chapter 11 Cases. Notice of the Bar Dates as provided pursuant to the Notice Procedures shall be deemed sufficient and adequate notice. The Debtors shall only be required to serve a copy of this Order on the master service list maintained in these Chapter 11 Cases, not the creditor matrix.

20.     For the avoidance of doubt, the United States Trustee will not be required to file a proof of claim for preconfirmation of any United States Trustee fees.

21.     Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry

22.     This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

### # # # End of Order # # #

67868871.3

Ordered submitted by:

**POLSINELLI PC**

*/s/      Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtors and Debtors in Possession*

67868871.3

## **Exhibit 1**

Proof of Claim Form

## **Exhibit 2**

Bar Date Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

> **GENERAL BAR DATE: MAY 15, 2019 AT 4:00 P.M. (PREVAILING CENTRAL TIME).**
>
> **YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. YOU SHOULD CONSULT AN ATTORNEY IF YOU BELIEVE THAT YOU HAVE A CLAIM. YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS:

**PLEASE TAKE NOTICE THAT** on March ●, 2019, the United States Bankruptcy Court for the Northern District of Texas (the "**Court**") entered an order [Docket No. ●] (the "**Bar Date Order**") establishing certain deadlines for filing proofs of claim ("**Proofs of Claim**") against Senior Care Centers, LLC and its above-captioned debtor affiliates (collectively, the "**Debtors**"). A list of the names of the Debtors and their case numbers may be found on the Debtors' case website at https://omnimgt.com/SeniorCareCenters (the "**Case Website**").

General Bar Date. All entities and persons (as each is defined in Bankruptcy Code section 101(15) and 101(41) (each an "**Entity**" and together, "**Entities**"), other than governmental units, holding prepetition claims against the Debtors including any secured or priority claims, such as any claims entitled to administrative expense priority under Bankruptcy Code section 503(b)(9), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **May 15, 2019 at 4:00 p.m. (prevailing Central Time)** (the "**General Bar Date**"), unless they expressly fall under one of the categories listed in the section "Who Need Not File a Proof of Claim" below.

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

<u>Governmental Bar Date</u>. All government units (as such term is defined in Bankruptcy Code section 101(27)) which have a claim or potential claim against any of the Debtors which arose or is deemed to have arisen prior to the Petition Dates, including any secured or priority claims, such as any claims entitled to administrative expense priority under Bankruptcy Code section 503(b)(9), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **July 20, 2019 at 4:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**").

<u>Executory Contracts and Unexpired Leases</u>. If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the General Bar Date, (ii) 4:00 p.m. (prevailing central time) on the date that is thirty (30) days after the date on which an order is entered approving such rejection, and (iii) any date that the Court may fix in the applicable order authorizing such rejection (the "**Rejection Bar Date**"). Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of prepetition unpaid amounts accrued and outstanding pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the General Bar Date.

<u>Amended Schedules Bar Date</u>. You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' schedules of assets and liabilities (the "**Schedules**"). If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. If you (i) agree with the priority and amount of your claim as listed in the Schedules, and (ii) do not dispute that your claim is only against the specified Debtor; and if your claim is not described as "disputed," "contingent," or "unliquidated" in the Schedules, you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

Copies of the Schedules may be found free of charge on the Case Website at https://omnimgt.com/SeniorCareCenters. Please note that there is no charge to view the Schedules through the Case Website. Copies of the Schedules may also be obtained by contacting the Debtors' Claims Agent, Omni Management Group ("**Omni**"): (i) by calling 888-585-6520; or (ii) by writing to Senior Care Centers, LLC, et al. Claims Processing, c/o Omni Management Group, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367.

In the event that the Debtors amend or supplement their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the priority or secured status of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In in event that such amendment relates to your claim against a Debtor, the deadline for you to file a Proof of Claim on account of any such claim is the later of (x) the applicable Bar Date and (y) 4:00 p.m. (prevailing Central Time) on the date that is thirty (30) days after the date on which the Debtors serve notice of the amendment or supplement (the "**Amended Schedules Bar Date**", and together with the General Bar Date, the Governmental Bar Date, and Rejection Bar Date, the "**Bar Dates**").

2

Filing a Proof of Claim. Each Proof of Claim must be filed, including supporting documentation, by first-class mail, hand delivery, or overnight mail so as to be postmarked to Omni on or before the applicable Bar Date, at the following address:

> Senior Care Centers, LLC, et al. Claims Processing
> c/o Omni Management Group
> 5955 De Soto Ave., Suite 100
> Woodland Hills, CA 91367

Proofs of Claim may also be submitted online through the Case Website at https://omnimgt.com/SeniorCareCenters and click on "Submit a Proof of Claim"; or on the Court's online claim filing system at: https://ecf.txnb.uscourts.gov/cgi-bin/autoFilingClaims.pl. **Proofs of Claim sent by facsimile or email transmission will NOT be accepted, with the exception of Proofs of Claim submitted through the Case Website.**

Contents of Proofs of Claim. Each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) must be on the form of Proof of Claim annexed to the Bar Date Order as Exhibit 1 or otherwise conform substantially to the Official Bankruptcy Form B410 ("**Official Form B410**"); (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual bases for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. Please note that, unless otherwise ordered by the Court, if you are asserting a Proof of Claim against more than one debtor, separate Proofs of Claim must be filed against each such debtor and you must identify on your Proof of Claim the specific debtor against which your claim is asserted and the case number of that Debtor's bankruptcy case.

Additional Information. Copies of the Bar Date Order, Schedules, and other information regarding the Debtors' Chapter 11 Cases are available on the Case Website at: https://omnimgt.com/SeniorCareCenters. If you require additional information or have any questions, you may contact Omni directly (i) by calling 888-585-6520; or (ii) by writing to Senior Care Centers, LLC, et al. Claims Processing, c/o Omni Management Group, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. **Please note that Omni cannot offer legal advice or advise whether you should file a proof of claim.**

Who Must File a Proof of Claim. Unless your claim expressly falls under one of the categories listed in the section "Who Need Not File a Proof of Claim" below, the following entities must file a Proof of Claim on or before the applicable Bar Date:

> a.    any Entity that has already properly filed a Proof of Claim against one or more of the Debtors in accordance with the procedures described herein;

> b.    any Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," contingent," or "unliquidated," (ii) such Entity agrees with the amount, nature, and priority of the claim as set forth in the

Schedules; and (iii) such Entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any holder of a claim previously allowed by order of the Court;

d.      any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

e.      any holder of a claim allowable under Bankruptcy Code section 503(b) and 507(a)(2) as an expense of administration (with the exception of 503(b)(9) Claims, which are subject to the General Bar Date); or

f.      any Debtor with respect to its claims against one or more of the other Debtors.

**CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM. ANY HOLDER OF A CLAIM AGAINST THE DEBTORS WHO IS REQUIRED TO FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER, BUT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE PERMITTED TO VOTE TO ACCEPT OR REJECT ANY PLAN FILED IN THESE CHAPTER 11 CASES, OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM. LATE FILED CLAIMS SHALL BE SUBJECT TO DISALLOWANCE.**

DATED: March ●, 2019

BY ORDER OF THE COURT
DALLAS, TEXAS

67868871.3

**Exhibit 3**

Publication Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |
|  | § |  |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

**GENERAL BAR DATE: MAY 15, 2019 AT 4:00 P.M. (PREVAILING CENTRAL TIME).
GOVERNMENTAL BAR DATE: JULY 20, 2019 AT 4:00 P.M. (PREVAILING CENTRAL TIME).**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS:

**PLEASE TAKE NOTICE THAT** on March ●, 2019, the United States Bankruptcy Court for the Northern District of Texas (the "**Court**") entered an order [Docket No. ●] (the "**Bar Date Order**") establishing certain deadlines for filing proofs of claim ("**Proofs of Claim**") against Senior Care Centers, LLC.

General Bar Date. All entities and persons (as each is defined in Bankruptcy Code section 101(15) and 101(41) (each an "**Entity**" and together, "**Entities**"), other than governmental units, holding prepetition claims against the Debtors including any secured or priority claims, such as any claims entitled to administrative expense priority under Bankruptcy Code section 503(b)(9), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **May 15, 2019 at 4:00 p.m. (prevailing Central Time)** (the "**General Bar Date**")..

Governmental Bar Date. All government units (as such term is defined in Bankruptcy Code section 101(27)) which have a claim or potential claim against any of the Debtors which arose or is deemed to have arisen prior to the Petition Dates, including any secured or priority claims, such as any claims entitled to administrative expense priority under Bankruptcy Code section 503(b)(9), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **July 20, 2019 at 4:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**").

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

Executory Contracts and Unexpired Leases. If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the General Bar Date, (ii) 4:00 p.m. (prevailing central time) on the date that is thirty (30) days after the date on which an order is entered approving such rejection, and (iii) any date that the Court may fix in the applicable order authorizing such rejection (the "**Rejection Bar Date**"). Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of prepetition unpaid amounts accrued and outstanding pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the General Bar Date.

Amended Schedules Bar Date. In the event that the Debtors amend or supplement their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the priority or secured status of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In in event that such amendment relates to your claim against a Debtor, the deadline for you to file a Proof of Claim on account of any such claim is the later of (x) the applicable Bar Date and (y) 4:00 p.m. (prevailing Central Time) on the date that is thirty (30) days after the date on which the Debtors serve notice of the amendment or supplement (the "**Amended Schedules Bar Date**", and together with the General Bar Date, the Governmental Bar Date, and Rejection Bar Date, the "**Bar Dates**").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION. LATE FILED CLAIMS SHALL BE SUBJECT TO DISALLOWANCE.**

Filing a Proof of Claim. Each Proof of Claim must be filed, including supporting documentation, by first-class mail, hand delivery, or overnight mail so as to be **actually received** by Omni on or before the applicable Bar Date, at the following address: Senior Care Centers, LLC, et al. Claims Processing, c/o Omni Management Group, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. Proofs of Claim may also be submitted online through the Case Website at https://omnimgt.com/SeniorCareCenters and click on "Submit a Proof of Claim"; or on the Court's online claim filing system at: https://ecf.txnb.uscourts.gov/cgi-bin/autoFilingClaims.pl. **Proofs of Claim sent by facsimile or email transmission will NOT be accepted, with the exception of Proofs of Claim submitted through the Case Website.**

Contents of Proofs of Claim. Each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) must be on the form of Proof of Claim annexed to the Bar Date Order as Exhibit 1 or otherwise conform substantially to the Official Bankruptcy Form B410 ("**Official Form B410**"); (iv) specify the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual bases for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an

2

authorized agent of the claimant. Please note that, unless otherwise ordered by the Court, if you are asserting a Proof of Claim against more than one debtor, separate Proofs of Claim must be filed against each such debtor and you must identify on your Proof of Claim the specific debtor against which your claim is asserted and the case number of that Debtor's bankruptcy case.

Additional Information. Copies of the Bar Date Order, Schedules, and other information regarding the Debtors' Chapter 11 Cases are available on the Case Website at: https://omnimgt.com/SeniorCareCenters. If you require additional information or have any questions, you may contact Omni directly (i) by calling 888-585-6520; or (ii) by writing to Senior Care Centers, LLC, et al. Claims Processing, c/o Omni Management Group, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367. **Please note that Omni cannot offer legal advice or advise whether you should file a proof of claim.**

DATED: _____ , 2019

BY ORDER OF THE COURT
DALLAS, TEXAS

67868871.3

**Exhibit 4**

Original Debtors

(Sorted Alphabetically)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | Alief SCC LLC | 18-33987 | 0523 |
| 2. | Bandera SCC LLC | 18-33989 | 0617 |
| 3. | Baytown SCC LLC | 18-33992 | 0778 |
| 4. | Beltline SCC LLC | 18-33996 | 7264 |
| 5. | Booker SCC LLC | 18-33999 | 0967 |
| 6. | Bossier SCC LLC | 18-34003 | 2017 |
| 7. | Bradford SCC LLC | 18-34004 | 9535 |
| 8. | Brinker SCC LLC | 18-34005 | 7304 |
| 9. | Brownwood SCC LLC | 18-33968 | 0677 |
| 10. | Capitol SCC LLC | 18-34006 | 1750 |
| 11. | CapWest-Texas LLC | 18-34008 | 4897 |
| 12. | Cedar Bayou SCC LLC | 18-34010 | 8889 |
| 13. | Clear Brook SCC LLC | 18-34012 | 1877 |
| 14. | Colonial SCC LLC | 18-34014 | 4385 |
| 15. | Community SCC LLC | 18-33969 | 7951 |
| 16. | Corpus Christi SCC LLC | 18-34016 | 9807 |
| 17. | Crestwood SCC LLC | 18-34017 | 7349 |
| 18. | Crowley SCC LLC | 18-33970 | 6697 |
| 19. | CTLTC Real Estate, LLC | 18-34018 | 0202 |
| 20. | Fairpark SCC LLC | 18-34020 | 7381 |
| 21. | Gamble Hospice Care Central LLC | 18-34022 | 6688 |
| 22. | Gamble Hospice Care Northeast LLC | 18-34025 | 6661 |
| 23. | Gamble Hospice Care Northwest LLC | 18-34027 | 2044 |
| 24. | Gamble Hospice Care of Cenla LLC | 18-34029 | 4510 |
| 25. | Green Oaks SCC LLC | 18-33971 | 7218 |
| 26. | Harbor Lakes SCC LLC | 18-33972 | 7299 |
| 27. | Harden HUD Holdco LLC | 18-34032 | 1502 |
| 28. | Harden Non-HUD Holdco LLC | 18-34035 | 3391 |
| 29. | Harden Pharmacy LLC | 18-34036 | 1995 |
| 30. | Hearthstone SCC LLC | 18-34037 | 9154 |
| 31. | Hewitt SCC LLC | 18-33973 | 7237 |
| 32. | HG SCC LLC | 18-34040 | 7415 |
| 33. | Hill Country SCC LLC | 18-34043 | 4199 |
| 34. | Holland SCC LLC | 18-33974 | 1427 |
| 35. | Hunters Pond SCC LLC | 18-34045 | 2886 |
| 36. | Jacksonville SCC LLC | 18-34046 | 4216 |
| 37. | La Hacienda SCC LLC | 18-34049 | 1074 |
| 38. | Lakepointe SCC LLC | 18-34050 | 7457 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 39. | Major Timbers LLC | 18-34052 | 7477 |
| 40. | Marlandwood East SCC LLC | 18-34054 | 1871 |
| 41. | Marlandwood West SCC LLC | 18-34058 | 2192 |
| 42. | Meadow Creek SCC LLC | 18-34064 | 9278 |
| 43. | Midland SCC LLC | 18-34065 | 4231 |
| 44. | Mill Forest Road SCC LLC | 18-34066 | 5137 |
| 45. | Mission SCC LLC | 18-33975 | 8086 |
| 46. | Mullican SCC LLC | 18-34067 | 7499 |
| 47. | Mystic Park SCC LLC | 18-34068 | 1898 |
| 48. | Normandie SCC LLC | 18-34069 | 1542 |
| 49. | Onion Creek SCC LLC | 18-34070 | 7425 |
| 50. | Park Bend SCC LLC | 18-34071 | 9410 |
| 51. | Pasadena SCC LLC | 18-34072 | 1694 |
| 52. | Pecan Tree SCC LLC | 18-34073 | 4241 |
| 53. | Pecan Valley SCC LLC | 18-34074 | 9585 |
| 54. | Pleasantmanor SCC LLC | 18-34075 | 7536 |
| 55. | PM Management - Allen NC LLC | 18-34076 | 4961 |
| 56. | PM Management - Babcock NC LLC | 18-34077 | 7829 |
| 57. | PM Management - Cedar Park NC LLC | 18-34078 | 1050 |
| 58. | PM Management - Corpus Christi NC II LLC | 18-34079 | 5231 |
| 59. | PM Management - Corpus Christi NC III LLC | 18-34080 | 5129 |
| 60. | PM Management - Corsicana NC II LLC | 18-34081 | 9281 |
| 61. | PM Management - Corsicana NC III LLC | 18-34082 | 9353 |
| 62. | PM Management - Corsicana NC LLC | 18-34083 | 1333 |
| 63. | PM Management - Denison NC LLC | 18-34084 | 5022 |
| 64. | PM Management - El Paso I NC LLC | 18-34085 | 2965 |
| 65. | PM Management - Fredericksburg NC LLC | 18-34086 | 0599 |
| 66. | PM Management - Frisco NC LLC | 18-34087 | 5082 |
| 67. | PM Management - Garland NC LLC | 18-33979 | 5137 |
| 68. | PM Management - Golden Triangle NC I LLC | 18-33980 | 9478 |
| 69. | PM Management - Golden Triangle NC II LLC | 18-33981 | 9536 |
| 70. | PM Management - Golden Triangle NC III LLC | 18-33982 | 9597 |
| 71. | PM Management - Golden Triangle NC IV LLC | 18-33983 | 9654 |
| 72. | PM Management - Killeen I NC LLC | 18-33984 | 3105 |
| 73. | PM Management - Killeen II NC LLC | 18-33985 | 3179 |
| 74. | PM Management - Killeen III NC LLC | 18-33986 | 3245 |
| 75. | PM Management - Lewisville NC LLC | 18-33988 | 5296 |
| 76. | PM Management - New Braunfels NC LLC | 18-33990 | 6293 |
| 77. | PM Management - Park Valley NC LLC | 18-33991 | 7186 |
| 78. | PM Management - Pflugerville AL LLC | 18-33993 | 4007 |
| 79. | PM Management - Portland AL LLC | 18-33994 | 5018 |
| 80. | PM Management - Portland NC LLC | 18-33995 | 4928 |
| 81. | PM Management - Round Rock AL LLC | 18-33997 | 5304 |
| 82. | PM Management - San Antonio NC LLC | 18-33998 | 1216 |

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 83. | Presidential SCC LLC | 18-34000 | 1913 |
| 84. | Redoak SCC LLC | 18-33976 | 7569 |
| 85. | Riverside SCC LLC | 18-34001 | 1889 |
| 86. | Round Rock SCC LLC | 18-34002 | 8936 |
| 87. | Rowlett SCC LLC | 18-34007 | 7606 |
| 88. | Ruston SCC LLC | 18-34009 | 0242 |
| 89. | RW SCC LLC | 18-34011 | 7631 |
| 90. | Sagebrook SCC LLC | 18-34013 | 9571 |
| 91. | San Angelo SCC LLC | 18-34015 | 4254 |
| 92. | SCC Edinburg LLC | 18-34019 | 1195 |
| 93. | SCC Hospice Holdco LLC | 18-34021 | 0104 |
| 94. | SCC Senior Care Investments LLC | 18-34023 | 4123 |
| 95. | SCC Socorro LLC | 18-34024 | 5459 |
| 96. | Senior Care Center Management II LLC | 18-34026 | 1280 |
| 97. | Senior Care Center Management LLC | 18-34028 | 7811 |
| 98. | Senior Care Centers Home Health, LLC | 18-34030 | 1931 |
| 99. | Senior Care Centers LLC | 18-33967 | 8550 |
| 100. | Senior Rehab Solutions LLC | 18-34031 | 4829 |
| 101. | Senior Rehab Solutions North Louisiana LLC | 18-34033 | 1690 |
| 102. | Shreveport SCC LLC | 18-34034 | 1659 |
| 103. | Solutions 2 Wellness LLC | 18-34038 | 4065 |
| 104. | South Oaks SCC LLC | 18-34039 | 8002 |
| 105. | Springlake ALF SCC LLC | 18-34041 | 2436 |
| 106. | Springlake SCC LLC | 18-34042 | 9102 |
| 107. | Stallings Court SCC LLC | 18-33977 | 7393 |
| 108. | Stonebridge SCC LLC | 18-34044 | 9234 |
| 109. | Stonegate SCC LLC | 18-33978 | 3005 |
| 110. | Summer Regency SCC LLC | 18-34047 | 7782 |
| 111. | TRISUN Healthcare LLC | 18-34048 | 2497 |
| 112. | Valley Grande SCC LLC | 18-34051 | 1341 |
| 113. | Vintage SCC LLC | 18-34053 | 7710 |
| 114. | West Oaks SCC LLC | 18-34055 | 9535 |
| 115. | Western Hills SCC LLC | 18-34056 | 1922 |
| 116. | Weston Inn SCC LLC | 18-34057 | 7871 |
| 117. | Westover Hills SCC LLC | 18-34059 | 3303 |
| 118. | Whitesboro SCC LLC | 18-34060 | 7745 |
| 119. | Windcrest SCC LLC | 18-34061 | 9541 |
| 120. | Windmill SCC LLC | 18-34062 | 8067 |
| 121. | Wurzbach SCC LLC | 18-34063 | 9920 |

## **Exhibit 5**

New Debtors

(Sorted Alphabetically)

| # | Debtor Name | Case No. | EIN |
|---|---|---|---|
| 1. | PM Management - Portfolio IX NC LLC | 19-30253 | 1841 |
| 2. | PM Management – Portfolio V NC, LLC | 19-30249 | 2086 |
| 3. | PM Management - Portfolio VI NC LLC | 19-30250 | 5354 |
| 4. | PM Management - Portfolio VII NC LLC | 19-30251 | 9728 |
| 5. | PM Management - Portfolio VIII NC LLC | 19-30252 | 3048 |
| 6. | PM Management - San Antonio AL LLC | 19-34021 | 4609 |
| 7. | San Antonio SCC, LLC | 19-30261 | 4923 |