Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § § | Case No. 18-33967 (BJH) |
| Debtors. | § § § § | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) APPROVING SETTLEMENT AGREEMENT, AND
(II) GRANTING RELATED RELIEF**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 12, 2019 AT 9:00 A.M. (PREVAILING CENTRAL TIME) AT THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE ST., 14TH FLOOR, COURTROOM NO. 2, DALLAS, TEXAS 75242.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN AT LEAST 4 DAYS IN ADVANCE OF THE HEARING DATE PROVIDED ABOVE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

1

67906637.1

**SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit B</u> (the "**Proposed Order**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) approving a settlement agreement (the "**Settlement Agreement**") by and among PM Management – Pflugerville AL, LLC ("**Lessee**") and Heatherwilde Assisted Living, LLC ("**Landlord**"), which is attached hereto as <u>Exhibit A</u>, and (ii) granting related relief. In support of the Motion, the Debtors rely upon the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 25] (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

67906637.1

## BACKGROUND

A. **General Background**

4. On December 4, 2018 (the "**December Petition Date**"), certain of the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, and on January 21, 2019 (the "**January Petition Date**", and together with the December Petition Date, the "**Petition Dates**"), an additional seven affiliated Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

6. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. No trustee or examiner has been requested in the Chapter 11 Cases.

8. On December 14, 2018, the Office of the United States Trustee for the Northern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

9. Lessee is the operator of the skilled nursing facility known as "Heatherwilde Assisted Living" located at 401 S. Heatherwilde Blvd, Pflugerville, Texas 78660 (the "**Facility**"), pursuant to a Lease Agreement, dated December 5, 2008, as amended (the "**Lease**"), between Lessee and Landlord.

10. On January 31, 2019, the Bankruptcy Court approved Lessee's rejection of the Lease.

3

67906637.1

B. **The Proposed Settlement Agreement**

11. The Debtors and Landlord have negotiated a comprehensive agreement that resolves various disputed issues and obviates the need to engage in costly and protracted litigation, creates a pathway for the Debtors to resolve certain of their financial difficulties, preserves the jobs of a substantial portion of the Debtors' employees by keeping all of the Debtors' operating facilities operational, and, most importantly, allows for the continued care of the Debtors' patients.

12. Certain material terms of the Settlement Agreement are as follows:

   a. *Transfer of Assets.* The appropriate Debtors will transfer the Assets to the New Operator pursuant to an OTA between the Debtors and the New Operator.[2]

   b. *Effective Date.* The Effective Date of the Settlement Agreement shall be the date upon which the later of the following shall occur (a) the order of the Bankruptcy Court approving this Agreement is final and non-appealable, or (b) the Closing Date (as defined in the OTA).

   c. *Settlement Payment.* Lessee has paid January rent pursuant to the terms of the Bankruptcy Court's order on January 31, and such rent shall be considered consideration with respect to the Settlement Agreement.

   d. *Retention of Escrows.* Landlord shall retain all rights, title, and interests in, to, and under any impounds, deposits, escrows, or reserves held by Landlord under the terms of the Lease which impounds, deposits, escrows, or reserves may be applied to any outstanding obligations of Lessee under the Lease.

   e. *PTO Reimbursement.* With respect to employees of Lessee who are terminated on the Closing Date, Landlord shall pay Lessee on or before the Effective Date an amount equal to any payments made by Lessee at Closing to such employees for earned and unused

---

[2] Concurrently with the filing of this Motion, the Debtors have filed *Motion of Debtors for Entry of an Order (I) Approving Form of Operations Transfer Agreement, (II) Authorizing Transfer of the Operations and Related Assets of a Certain Facility Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* (the "**Sale Motion**"). The terms Assets, New Operator, and OTA used herein have the same meaning as defined in the Sale Motion.

    paid time off, personal leave, and vacation benefits earned while an employee of Lessee (together, the "**PTO Reimbursement**")

  f. *Mutual Releases*. The Debtors and Landlord shall both forever release, discharge, and acquit the other from any and all claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs, and expenses of any kind whatsoever, whether known or unknown, arising from the beginning of time.

## RELIEF REQUESTED

13. Through this Motion, the Debtors seek (a) approval of the Settlement Agreement by and among the Debtors and Landlord and (b) related relief.

## BASIS FOR RELIEF

**A. The Settlement Agreement Should be Approved**

14. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has recognized that compromises and settlements are "a normal part of the process of reorganization." *Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Accordingly, a Bankruptcy Court may, in its discretion, approve settlements in accordance with Bankruptcy Rule 9019(a). *CFB-5, Inc. v. Cunningham*, 371 B.R. 175, 181 (N.D. Tex. 2007). "Approval should only be given if the settlement is fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (internal quotations omitted); *In re Heritage Org., L.L.C.*, 375 B.R. 230, 259 (Bankr. N.D. Tex. 2007) (internal quotations omitted).

15. In deciding whether the settlement of a controversy is "fair and equitable," the Court must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation. *In re Cajun Elec.*, 119 F.3d at 355; *In re Heritage Org.*, 375 B.R. at

259. The factors to be reviewed by the Court in determining whether or not to approve a compromise are:

 a. the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

 b. the complexity and likely duration of the litigation and any attendant expenses, inconvenience and delay; and

 c. all other factors bearing on the wisdom of the compromise

*In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 259. The Court should also consider the best interest of the creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260.

16. It is unnecessary for the Court to conduct a mini-trial before approving a settlement. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260. The Court need only make itself aware of relevant facts and law so that it may make an informed and intelligent decision. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260. "The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009), *aff'd sub nom. In re Idearc, Inc.*, 662 F.3d 315 (5th Cir. 2011).

17. Approval of the Settlement Agreement, which is a product of extensive, arms-length bargaining between the Debtors and Landlord, is fair and equitable and in the best interest of the Debtors' estates and the relevant factors weigh in favor of approving the Settlement Agreement.

18. The Settlement Agreement is also beneficial to the Debtors' estates because it provides some certainty to the Debtors and their constituencies, including their elderly patients,

as the Debtors begin their reorganization in chapter 11. Additionally, the Settlement Agreement will avoid the distraction of litigation over the relevant questions of law and fact. Given the limited resources of the Debtors' estates, litigation over these issues will not benefit the Debtors' estates or their creditors. Thus, the Settlement Agreement provides a fair resolution in light of the legal and economic risks to the Debtors. Based on the foregoing, the Debtors submit that the Settlement Agreement is in the best interests of the Debtors' estates, and should be approved.

**B.     Cause Exists To Eliminate Any Stay Imposed By the Bankruptcy Rules**

19.    The Debtors request that any order approving this Motion be effective immediately, thereby waiving any applicable stays imposed by the Bankruptcy Rules. These waivers or eliminations of any applicable stays are necessary for the transactions contemplated by the Settlement Agreement to close as expeditiously as possible. The Debtors respectfully submit that it is in the best interest of their estates to consummate the Settlement Agreement with Landlord (including the closing of the transactions contemplated by the Settlement Agreement) as soon as possible after all closing conditions have been met or waived. Accordingly, the Debtors request that the Court eliminate any applicable stays imposed by the Bankruptcy Rules.

## CONSENT TO JURISDICTION

20.    The Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

21.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the states in which the Debtors operate; (c) the Debtors' forty (40) largest unsecured creditors on a

7

67906637.1

consolidated basis; (d) counsel to CIBC Bank USA; (e) counsel to Sabra Texas Holdings, L.P.; (f) the Internal Revenue Service; (g) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate; (h) counsel for the Unsecured Creditors Committee and (h) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

22. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order: (i) granting the relief sought herein, and (ii) granting the Debtors such other and further relief as the Court may deem proper.

Dated: April 3, 2019
       Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Trey A. Monsour*
Trey A. Monsour (State Bar No. 14277200)
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtors and
Debtors in Possession*

8

67906637.1

## Exhibit A

Settlement Agreement

**Execution Version**

Release
Exhibit 7.2(h)

COMPROMISE AND RELEASE AGREEMENT

This Compromise and Release Agreement (the "Agreement") is made and entered into as of this 29th day of March 2019 (the "Execution Date"), by and among Heatherwilde Assisted Living, LLC ("Lessor") and PM Management – Pflugerville AL LLC, a Texas limited liability company ("Lessee")

R E C I T A L S:

A. Lessee is the operator of the assisted living facility known as "Heatherwilde Assisted Living," located at 401 S. Heatherwilde Blvd., Pflugerville, Travis County, Texas (the "Facility"), pursuant to a Lease Agreement, dated December 5, 2008, as amended (the "Lease"), between Lessee, as tenant, Lessor, as landlord which Lease terminated December 31, 2018.

B. On December 4, 2018 ("Petition Date"), Lessee along with certain of their affiliates, each filed a voluntary petition for relief under Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Code for the Northern District of Texas (the "Bankruptcy Court"), and are operating as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered under Case No. 18-33967 (BJH).

C. Subject to the approval of the Bankruptcy Court, PF Senior Living, LLC, a Texas limited liability company ("New Operator") desires to acquire and assume from Lessee pursuant to sections 105, 363, and 365 of the Bankruptcy Code, all of the Assets as defined in that certain Operations Transfer Agreement ("OTA") executed as of the Execution Date, all in accordance with the terms and conditions of this Agreement by and between New Operator and Lessee.

D. The parties to this Agreement, acting by and through their duly authorized representative, and pursuant to the approval of the Bankruptcy Court, desire and agree to fully and finally compromise all claims, actions, causes of actions and matters in dispute, related to or arising out of the Lease and any related guaranty of the Lease obligations by a guarantor including but not limited to any guaranty by Harden Healthcare Texas LP or its successor (a "Guaranty"), in order to avoid any future uncertainty, inconvenience, and expense of litigation.

NOW, THEREFORE, for and in consideration of the mutual promises and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed by each of the parties hereto, the parties hereby agree as follows:

1. The parties acknowledge and agree that the recitals set forth above are incorporated herein and are true and correct.

67911779.5

2. Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Lease.

3. The order of the Bankruptcy Court approving this Agreement is entered by April 15th, 2019.

4. The effective date ("Effective Date") of this Agreement shall be the date upon which the later of the following shall occur (a) the order of the Bankruptcy Court approving this Agreement is final and non-appealable, or (b) the Closing Date (as defined in the OTA).

5. Lessor shall retain all rights, title, and interests in, to, and under any impounds, deposits, escrows, or reserves held by Lessor under the terms of the Lease which impounds, deposits, escrows, or reserves may be applied to any outstanding obligations of Lessee under the Lease.

6. With respect to employees of Lessee who are terminated on the Closing Date, Lessor shall pay Lessee on or before the Closing an amount equal to any payments made by Lessee at Closing to such employees for earned and unused paid time off, personal leave, and vacation benefits earned while an employee of Lessee (together, the "PTO Reimbursement"), which PTO Reimbursement amount shall be supported by document(s) provided to Lessor and mutually agreed to by the parties.

7. As of the Effective Date, Lessee hereby release, remise and forever discharge Lessor, as well as its respective officers, members, directors, shareholders, members, managers, affiliates, agents, employees, servants, attorneys, representatives, subsidiaries, parents (direct or indirect) (collectively, the "Lessor Parties"), from any and all rights, claims, demands, actions, causes of action, losses, expenses and judgments, whether known or unknown, suspected or unsuspected, accrued or not accrued, which the Lessee has, may have or may claim to have against any of the Lessor Parties, including but not limited to any claims raised or which could have been raised in respect of the Lease or any Guaranty through the Effective Date; *provided, however*, that this release shall not be deemed to relinquish or release the obligations of the Lessor Parties under the terms of this Agreement.

8. As of the Effective Date, Lessor hereby releases, remises and forever discharges the Lessee, as well as its respective guarantors, officers, members, directors, shareholders, members, managers, affiliates, agents, employees, servants, attorneys, representatives, subsidiaries, parents (direct or indirect) (the "Lessee Released Parties") from any and all rights, claims, demands, actions, causes of action, losses, expenses and judgments, whether known or unknown, suspected or unsuspected, accrued or not accrued, which Lessor has, may have or may claim to have against any of the Lessee Released Parties, including but not limited to any claims raised or which could have been raised in respect of the Lease or any Guaranty through the Effective Date; *provided, however*, that this release shall not be deemed to relinquish or release the obligations of the Lessee Released Parties under the terms of this Agreement.

9.  The parties acknowledge that the terms and conditions of this Agreement are expressly conditioned upon the occurrence of the Effective Date. For the avoidance of any doubt, this Agreement is void in the event the Closing, as contemplated by the OTA, does not occur.

10. The parties further agree and acknowledge that the terms of this Agreement are contractual, and are not merely a recital. This Agreement shall be binding upon, and inure to the benefit of, each party and their heirs, successors, affiliates, subsidiaries, parents, officers, shareholders, directors, managers, members, partners, assigns, agents, servants, employees and attorneys.

11. Each party hereby represents and warrants that (a) no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement; (b) it (and in the case of Lessee, subject to the approval of the Bankruptcy Court) has the sole right and exclusive authority to execute this Agreement; and (c) has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement. Each party further represents that it has the full power and authority to enter into this Agreement and is legally competent to enter into this Agreement. All representations, warranties, agreements, and waivers contained herein survive the consummation of this Agreement, and remain enforceable against the party to be charged.

12. This Agreement, and the written agreements referenced herein, contains the full and complete agreement of the parties hereto, and all prior negotiations and agreements pertaining to the subject matter hereof are merged into this Agreement. Each party hereto expressly disclaims reliance upon any facts, promises, undertakings or representations made by any other party, or its/his agents or attorneys, prior to the execution of this Agreement. The parties further acknowledge that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the claims released herein, and each agrees that in such event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof.

13. The terms and conditions of this Agreement, constitute a contemporaneous, single, integrated transaction and are not several, such that a determination that one or more of such provisions is not enforceable shall render this Agreement null and void, thereby returning the parties to the status quo in effect immediately prior to this Agreement.

14. This Agreement may not be modified, amended or waived except in a writing signed by all parties hereto. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

15. The parties to this Agreement have had the benefit of counsel of their choice and have been afforded an opportunity to review this Agreement with their chosen counsel. To that end, the parties hereto have been represented by attorneys in negotiating and drafting this Agreement and the parties hereto have influenced the language of this Agreement. Therefore, this Agreement shall not be construed against any party to this Agreement by reason of drafting or authorship.

16. This Agreement, and the rights and obligations of the parties hereto, shall be governed, construed, interpreted and enforced in accordance with the domestic substantive laws of the State of Texas, without giving effect to any choice or conflicts of law provision or rule that would cause the application of the domestic substantive laws of any other jurisdiction.

17. The parties hereto absolutely and irrevocably consent and submit to the exclusive jurisdiction of the Bankruptcy Court, in connection with any action(s) or proceeding(s) arising out of or relating in any way to this Agreement. In such action or proceeding, the parties hereby absolutely and irrevocably waive any objection to venue, it being agreed by the parties hereto that performance, in whole or in part, under the terms and conditions of this Agreement shall take place or occur in Texas. This Agreement is admissible in court in connection with any enforcement motion or otherwise subject to disclosure.

18. Each party hereto shall bear its own costs, out-of-pocket expenses, and attorneys' fees incurred in the negotiations and execution of this Agreement.

19. In the event of any litigation to enforce this Agreement, the substantially prevailing party in such litigation shall be awarded its legal fees and expenses incurred in such action from the substantially non-prevailing party.

20. The signatory for each party to this Agreement signing on behalf of each such party acknowledges and warrants that he/she is fully authorized and legally competent to execute this Agreement as the legal, valid and binding act and deed of such party, and is a duly authorized representative of such party.

21. This Agreement may be executed in one or more counterparts, any one of which shall be considered an original of this Agreement, but all of which shall be considered one and the same instrument.

22. All parties agree to cooperate fully, execute any and all supplementary documents and take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the Execution Date.

[NOTARIZED SIGNATURES TO FOLLOW ON SEPARATE PAGES]

67911779.5

LESSEE:

PM Management – Pflugerville AL LLC

By: _____
Name: Kelly J. Morrisa
Its: Secretary

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Kelly J. Morrisa, Secretary of the above referenced entity, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 29 day of March 2019.

_____
Notary Public in and for the
State of Texas

NAZANEEN MOHMAND
Notary Public, State of Texas
Comm. Expires 07-20-2022
Notary ID 131650275

Nazaneen Mohmand
Printed Name of Notary

My commission expires:
7/20/22

*Signature Page – Compromise and Release Agreement*

LESSOR:
Heatherwilde Assisted Living, LLC

By: _____
Name: Lewis N. Little, Jr.
Title: Manager

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

BEFORE ME, the undersigned authority, on this day personally appeared Lewis N. Little, Jr. of the above referenced entity, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 29th day of March, 2019.



_____
Notary Public in and for the
State of Texas

Britt Steffensen
Printed Name of Notary

My commission expires:
10/13/2022

- 5 -

67290868.1
4811-0838-6952v.2
67290868.2
67911779.3

## Exhibit B

Proposed Order

67906637.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Senior Care Centers, LLC, *et al.*,[3] | § | Case No. 18-33967 (BJH) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER (I) APPROVING SETTLEMENT AGREEMENT
AND (II) GRANTING RELATED RELIEF**

This matter having come before this Court on the *Motion of Debtors for Entry of an Order (I) Approving Settlement Agreement and (II) Granting Related Relief* [Docket No. __] (the "**Motion**")[4] filed by the above-captioned debtors and debtors in possession (the "**Debtors**"); the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that

---

[3] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

[4] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

67906637.1

the Debtors have shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; the Court finds that the relief requested in the Motion is in the best interests of the estates and the creditors thereof; the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that, based on the representations of counsel, and the evidence submitted, proffered or adduced, including the Court's consideration of these cases' history, after due deliberation, good and sufficient cause exists for granting the relief requested in the Motion;[5] accordingly:

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the relief requested in the Motion are overruled, were withdrawn, or were resolved by the express modifications agreed to herein.

3. The Settlement Agreement (a true and correct copy of which is attached hereto as <u>Exhibit 2</u>) is hereby approved, and all terms of the Settlement Agreement are hereby incorporated in this Order, as if set forth herein verbatim, and are hereby approved.

4. As of the Effective Date of the Settlement Agreement and to the extent provided in the Settlement Agreement, the Landlord waives any and all claims against the Debtors and shall take steps to withdraw such claims, if filed. As of the Effective Date of the Settlement Agreement, the Landlord also releases and waives all claims against any and all guarantors of the Lease or the Debtors' obligations relating to the Facility.

---

[5] As appropriate, statements made by the Court from the bench at the hearing over this Motion shall constitute additional conclusions of law and findings of fact. In addition, conclusions of law shall be construed as, and constitute, findings of fact, and findings of fact shall be construed as, and constitute, conclusions of law. See Fed. R. Bankr. P. 7052.

67906637.1

5. No release or indemnification shall be granted in contravention of *Bank of N.Y. Trust Co. v. Off'l Unsecured Creditors' Comm. (In re Pacific Lumber Co.), 584 F.3d 229 (5th Cir. 2009)* or Bankruptcy Code section 524(e).

6. The Debtors are authorized to and shall execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers, including the Settlement Agreement, and to take any and all actions reasonably necessary or appropriate to consummate the settlement approved herein and to perform any and all obligations contemplated hereunder.

7. The Landlord is authorized to and shall execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers, including the Settlement Agreement, and to take any and all actions reasonably necessary or appropriate to consummate the settlement approved herein and to perform any and all obligations contemplated hereunder.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### ### End of Order ###

AGREED:

| | |
|---|---|
| **POLSINELLI PC** | **McGinnis Lochridge LLP** |
| /s/ *Trey Monsour* | /s/ *William H. Daniel* |
| Trey A. Monsour | William H. Daniel |
| State Bar No. 14277200 | State Bar No. 00784479 |
| 2950 N. Harwood, Suite 2100 | 600 Congress Avenue, Suite 2100 |
| Dallas, Texas 75201 | Austin, TX 78701 |
| Telephone: (214) 397-0030 | Telephone: (512) 495-6016 |
| Facsimile: (214) 397-0033 | Facsimile: (512) 505-6316 |
| tmonsour@polsinelli.com | wdaniel@mcginnislaw.com |
| | |
| -and- | *Counsel to Heatherwilde Assisted Living, LLC* |
| | |
| Jeremy R. Johnson (*Pro Hac Vice*) | |
| 600 3rd Avenue, 42nd Floor | |
| New York, New York 10016 | |
| Telephone: (212) 684-0199 | |
| Facsimile: (212) 684-0197 | |
| jeremy.johnson@polsinelli.com | |
| | |
| *Counsel to the Debtors and Debtors in Possession* | |

67906637.1