Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION

E.P. Keiffer
State Bar No. 11181700
Rochelle McCullough, LLP
325 North Saint Paul St., Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
pkeiffer@romclaw.com

CONFLICTS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Senior Care Centers, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 18-33967 (BJH)<br><br>(Jointly Administered) |
| Senior Care Centers, LLC, a Delaware limited liability company,<br><br>                    Debtor/Plaintiff,<br>           v. | Adv. No. |

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Bankr. Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

1

69210765.2

Granite Park Bend Health Center, LLC; Granite Sagebrook Health Center, LLC; TXMS Real Estate Investments, Inc.; Granite Master Partners, L.P.; Hidalgo Healthcare Realty, LLC; CHI Javelin LLC; CHI Javelin Winters Park LLC; CHI Javelin Denison LLC; CHI Javelin Frisco, LLC; CHI Javelin Allen LLC; CHI Javelin Vista Ridge LLC; J-S Fredericksburg Realty, LP; HC Hill Country Associates, Ltd.; H-C Associates, Ltd.; HC-RW Associates, Ltd.; Los Hermanos & Associates, Ltd. TIC Skilled Nursing Portfolio II 1, L.P.; TIC Skilled Nursing Portfolio II 2, L.P.; TIC Skilled Nursing Portfolio II 3, L.P.; TIC Skilled Nursing Portfolio II 4, L.P.; TIC Skilled Nursing Portfolio II 5, L.P.; TIC Skilled Nursing Portfolio II 6, L.P.; TIC Skilled Nursing Portfolio II 7, L.P.; TIC Skilled Nursing Portfolio II 8, L.P.; TIC Skilled Nursing Portfolio II 9, L.P.; TIC Skilled Nursing Portfolio II 10, L.P.; TIC Skilled Nursing Portfolio II 11, L.P.; TIC Skilled Nursing Portfolio II 13, L.P.; TIC Skilled Nursing Portfolio II 14, L.P.; TIC Skilled Nursing Portfolio II 15, L.P.; TIC Skilled Nursing Portfolio II 16, L.P.; TIC Skilled Nursing Portfolio II 17, L.P.; TIC Skilled Nursing Portfolio II 18, L.P.; TIC Skilled Nursing Portfolio II 19, L.P.; TIC Skilled Nursing Portfolio II 20, L.P.; TIC S.A. Portfolio IV I, L.P.; TIC S.A. Portfolio IV 2, L.P.; TIC S.A. Portfolio IV 5, L.P.; TIC S.A. Portfolio IV 6, L.P.; TIC S.A. Portfolio IV 7, L.P.; TIC S.A. Portfolio IV 8, L.P.; TIC S.A. Portfolio IV 9, L.P.; TIC S.A. Portfolio IV 10, L.P.; TIC S.A. Portfolio IV 11, L.P.; TIC S.A. Portfolio IV 12, L.P.; TIC S.A. Portfolio IV 13, L.P.; TIC S.A. Portfolio IV 14, L.P.; TIC S.A. Portfolio IV 15, L.P.; TIC S.A. Portfolio IV 16, L.P.; TIC S.A. Portfolio IV 17, L.P.; TIC S.A. Portfolio IV 18, L.P.; TIC S.A. Portfolio IV 19, L.P.; TIC S.A. Portfolio IV 20, L.P.; TIC S.A. Portfolio IV 21, L.P.; TIC S.A. Portfolio IV 22, L.P.; TIC S.A. Portfolio IV 23, L.P.; TIC S.A. Portfolio IV 24, L.P.; TIC S.A. Portfolio IV 25, L.P.; TIC S.A.

Portfolio IV 26, L.P.; TIC S.A. Portfolio IV 27, L.P.; TIC S.A. Portfolio IV 28, L.P.; TIC S.A. Portfolio IV 29, L.P.; TIC S.A. Portfolio IV 30, L.P.; TIC S.A. Portfolio IV 32, L.P.; TIC S.A. Portfolio IV 33, L.P.; TIC S.A. Portfolio IV 34, L.P.; TIC S.A. Portfolio IV 35, L.P.; and TIC S.A. Portfolio IV 36, L.P.

Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Senior Care Centers, LLC and its affiliated debtors and debtors in possession (the "**Debtors**" or "**Plaintiffs**"), by and through its undersigned counsel, hereby commences the above-captioned Adversary Proceeding by filing its Complaint for Declaratory Judgment against Defendants Granite Park Bend Health Center, LLC; Granite Sagebrook Health Center, LLC; TXMS Real Estate Investments, Inc.; Granite Master Partners, L.P.; Hidalgo Healthcare Realty, LLC; CHI Javelin LLC; CHI Javelin Winters Park LLC; CHI Javelin Denison LLC; CHI Javelin Frisco, LLC; CHI Javelin Allen LLC; CHI Javelin Vista Ridge LLC; J-S Fredericksburg Realty, LP; HC Hill Country Associates, Ltd.; H-C Associates, Ltd.; HC-RW Associates, Ltd.; Los Hermanos & Associates, Ltd. TIC Skilled Nursing Portfolio II 1, L.P.; TIC Skilled Nursing Portfolio II 2, L.P.; TIC Skilled Nursing Portfolio II 3, L.P.; TIC Skilled Nursing Portfolio II 4, L.P.; TIC Skilled Nursing Portfolio II 5, L.P.; TIC Skilled Nursing Portfolio II 6, L.P.; TIC Skilled Nursing Portfolio II 7, L.P.; TIC Skilled Nursing Portfolio II 8, L.P.; TIC Skilled Nursing Portfolio II 9, L.P.; TIC Skilled Nursing Portfolio II 10, L.P.; TIC Skilled Nursing Portfolio II 11, L.P.; TIC Skilled Nursing Portfolio II 13, L.P.; TIC Skilled Nursing Portfolio II 14, L.P.; TIC Skilled Nursing Portfolio II 15, L.P.; TIC Skilled Nursing Portfolio II 16, L.P.; TIC Skilled Nursing Portfolio II 17, L.P.; TIC Skilled Nursing Portfolio II 18, L.P.; TIC Skilled Nursing

Portfolio II 19, L.P.; TIC Skilled Nursing Portfolio II 20, L.P.; TIC S.A. Portfolio IV 1, L.P.; TIC S.A. Portfolio IV 2, L.P.; TIC S.A. Portfolio IV 5, L.P.; TIC S.A. Portfolio IV 6, L.P.; TIC S.A. Portfolio IV 7, L.P.; TIC S.A. Portfolio IV 8, L.P.; TIC S.A. Portfolio IV 9, L.P.; TIC S.A. Portfolio IV 10, L.P.; TIC S.A. Portfolio IV 11, L.P.; TIC S.A. Portfolio IV 12, L.P.; TIC S.A. Portfolio IV 13, L.P.; TIC S.A. Portfolio IV 14, L.P.; TIC S.A. Portfolio IV 15, L.P.; TIC S.A. Portfolio IV 16, L.P.; TIC S.A. Portfolio IV 17, L.P.; TIC S.A. Portfolio IV 18, L.P.; TIC S.A. Portfolio IV 19, L.P.; TIC S.A. Portfolio IV 20, L.P.; TIC S.A. Portfolio IV 21, L.P.; TIC S.A. Portfolio IV 22, L.P.; TIC S.A. Portfolio IV 23, L.P.; TIC S.A. Portfolio IV 24, L.P.; TIC S.A. Portfolio IV 25, L.P.; TIC S.A. Portfolio IV 26, L.P.; TIC S.A. Portfolio IV 27, L.P.; TIC S.A. Portfolio IV 28, L.P.; TIC S.A. Portfolio IV 29, L.P.; TIC S.A. Portfolio IV 30, L.P.; TIC S.A. Portfolio IV 32, L.P.; TIC S.A. Portfolio IV 33, L.P.; TIC S.A. Portfolio IV 34, L.P.; TIC S.A. Portfolio IV 35, L.P.; and TIC S.A. Portfolio IV 36, L.P. (collectively, the "**Defendants**").[2] For its Complaint against the Defendants, the Debtors hereby alleges as follows:

## PARTIES AND JURISDICTION

1. Senior Care Centers, LLC is a Delaware limited liability company.

2. The Debtor, along with certain of its affiliates (collectively, the "**Debtors**"), filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on December 4, 2018 (the "**Petition Date**").

3. The Debtors' chapter 11 cases are jointly administered before the Bankruptcy Court in the above-captioned bankruptcy case (the "**Chapter 11 Cases**").

---

[2] For the avoidance of doubt, the Defendants named herein should include every landlord or counterparty to all of the Debtors' skilled nursing, assisted living, and hospice leases. In the event that any of these parties were inadvertently omitted from the list of Defendants, the Debtors hereby reserve the right to join such additional defendants.

4

4. The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in the Chapter 11 Cases.

5. Based upon information and belief, Granite Park Bend Health Center, LLC is a Texas limited liability company.

6. Based upon information and belief, Granite Sagebrook Health Center, LLC is a Texas limited liability company.

7. Based upon information and belief, TXMS Real Estate Investments, Inc. is a Delaware corporation.

8. Based upon information and belief, Granite Master Partners, L.P. is a Texas limited partnership.

9. Based upon information and belief, Hidalgo Healthcare Realty, LLC is a Texas limited liability company.

10. Based upon information and belief, CHI Javelin LLC is a Delaware limited liability company.

11. Based upon information and belief, CHI Javelin Winters Park LLC is a Delaware limited liability company.

12. Based upon information and belief, CHI Javelin Denison LLC is a Delaware limited liability company.

13. Based upon information and belief, CHI Javelin Frisco, LLC is a Delaware limited liability company.

14. Based upon information and belief, CHI Javelin Allen LLC is a Delaware limited liability company.

15. Based upon information and belief, CHI Javelin Vista Ridge LLC is a Delaware limited liability company.

16. Based upon information and belief, J-S Fredericksburg Realty, LP is a Texas limited partnership.

17. Based upon information and belief, HC Hill Country Associates, Ltd. is a Texas limited partnership.

18. Based upon information and belief, H-C Associates, Ltd. is a Texas limited partnership.

19. Based upon information and belief, HC-RW Associates, Ltd. is a Texas limited partnership.

20. Based upon information and belief, Los Hermanos & Associates, Ltd. is a Texas limited partnership.

21. Based upon information and belief, TIC Skilled Nursing Portfolio II 1, L.P. is a Texas limited partnership.

22. Based upon information and belief, TIC Skilled Nursing Portfolio II 2, L.P. is a Texas limited partnership.

23. Based upon information and belief, TIC Skilled Nursing Portfolio II 3, L.P. is a Texas limited partnership.

24. Based upon information and belief, TIC Skilled Nursing Portfolio II 4, L.P. is a Texas limited partnership.

25. Based upon information and belief, TIC Skilled Nursing Portfolio II 5, L.P. is a Texas limited partnership.

26. Based upon information and belief, TIC Skilled Nursing Portfolio II 6, L.P. is a Texas limited partnership.

27. Based upon information and belief, TIC Skilled Nursing Portfolio II 7, L.P. is a Texas limited partnership.

28. Based upon information and belief, TIC Skilled Nursing Portfolio II 8, L.P. is a Texas limited partnership.

29. Based upon information and belief, TIC Skilled Nursing Portfolio II 9, L.P. is a Texas limited partnership.

30. Based upon information and belief, TIC Skilled Nursing Portfolio II 10, L.P. is a Texas limited partnership.

31. Based upon information and belief, TIC Skilled Nursing Portfolio II 11, L.P. is a Texas limited partnership.

32. Based upon information and belief, TIC Skilled Nursing Portfolio II 13, L.P. is a Texas limited partnership.

33. Based upon information and belief, TIC Skilled Nursing Portfolio II 14, L.P. is a Texas limited partnership.

34. Based upon information and belief, TIC Skilled Nursing Portfolio II 15, L.P. is a Texas limited partnership.

35. Based upon information and belief, TIC Skilled Nursing Portfolio II 16, L.P. is a Texas limited partnership.

36. Based upon information and belief, TIC Skilled Nursing Portfolio II 17, L.P. is a Texas limited partnership.

37. Based upon information and belief, TIC Skilled Nursing Portfolio II 18, L.P. is a Texas limited partnership.

38. Based upon information and belief, TIC Skilled Nursing Portfolio II 19, L.P. is a Texas limited partnership.

39. Based upon information and belief, TIC Skilled Nursing Portfolio II 20, L.P. is a Texas limited partnership.

40. Based upon information and belief, TIC S.A. Portfolio IV 1, L.P. is a Texas limited partnership.

41. Based upon information and belief, TIC S.A. Portfolio IV 2, L.P. is a Texas limited partnership.

42. Based upon information and belief, TIC S.A. Portfolio IV 5, L.P. is a Texas limited partnership.

43. Based upon information and belief, TIC S.A. Portfolio IV 6, L.P. is a Texas limited partnership.

44. Based upon information and belief, TIC S.A. Portfolio IV 7, L.P. is a Texas limited partnership.

45. Based upon information and belief, TIC S.A. Portfolio IV 8, L.P. is a Texas limited partnership.

46. Based upon information and belief, TIC S.A. Portfolio IV 9, L.P. is a Texas limited partnership.

47. Based upon information and belief, TIC S.A. Portfolio IV 10, L.P. is a Texas limited partnership.

48. Based upon information and belief, TIC S.A. Portfolio IV 11, L.P. is a Texas limited partnership.

49. Based upon information and belief, TIC S.A. Portfolio IV 12, L.P. is a Texas limited partnership.

50. Based upon information and belief, TIC S.A. Portfolio IV 13, L.P. is a Texas limited partnership.

51. Based upon information and belief, TIC S.A. Portfolio IV 14, L.P. is a Texas limited partnership.

52. Based upon information and belief, TIC S.A. Portfolio IV 15, L.P. is a Texas limited partnership.

53. Based upon information and belief, TIC S.A. Portfolio IV 16, L.P. is a Texas limited partnership.

54. Based upon information and belief, TIC S.A. Portfolio IV 17, L.P. is a Texas limited partnership.

55. Based upon information and belief, TIC S.A. Portfolio IV 18, L.P. is a Texas limited partnership.

56. Based upon information and belief, TIC S.A. Portfolio IV 19, L.P. is a Texas limited partnership.

57. Based upon information and belief, TIC S.A. Portfolio IV 20, L.P. is a Texas limited partnership.

58. Based upon information and belief, TIC S.A. Portfolio IV 21, L.P. is a Texas limited partnership.

59. Based upon information and belief, TIC S.A. Portfolio IV 22, L.P. is a Texas limited partnership.

60. Based upon information and belief, TIC S.A. Portfolio IV 23, L.P. is a Texas limited partnership.

61. Based upon information and belief, TIC S.A. Portfolio IV 24, L.P. is a Texas limited partnership.

62. Based upon information and belief, TIC S.A. Portfolio IV 25, L.P. is a Texas limited partnership.

63. Based upon information and belief, TIC S.A. Portfolio IV 26, L.P. is a Texas limited partnership.

64. Based upon information and belief, TIC S.A. Portfolio IV 27, L.P. is a Texas limited partnership.

65. Based upon information and belief, TIC S.A. Portfolio IV 28, L.P. is a Texas limited partnership.

66. Based upon information and belief, TIC S.A. Portfolio IV 29, L.P. is a Texas limited partnership.

67. Based upon information and belief, TIC S.A. Portfolio IV 30, L.P. is a Texas limited partnership.

68. Based upon information and belief, TIC S.A. Portfolio IV 32, L.P. is a Texas limited partnership.

69. Based upon information and belief, TIC S.A. Portfolio IV 33, L.P. is Texas limited partnership.

70. Based upon information and belief, TIC S.A. Portfolio IV 34, L.P. is a Texas limited partnership.

71. Based upon information and belief, TIC S.A. Portfolio IV 35, L.P. is a Texas limited partnership.

72. Based upon information and belief, and TIC S.A. Portfolio IV 36, L.P. is a Texas limited partnership.

73. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

74. The statutory predicates for the relief requested in this Complaint are Bankruptcy Code sections 105 and 365, and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## GENERAL ALLEGATIONS

75. Prior to the Petition Date, the Debtors operated approximately ninety-seven (97) skilled nursing facilities ("**SNFs**"), nine (9) assisted living facilities ("**ALFs**"), and six (6) hospice facilities (collectively, the "**Facilities**"). The Debtors do not own any real estate, but instead operates the Facilities through a number of leases, subleases, and master leases (collectively, the "**Leases**") among numerous landlords (together, the "**Landlords**"). Prior to the Petition Date, the Debtors were party to approximately 113 Leases.

76. Prior to the Petition Date, the Debtors provided care on a daily basis to approximately 9,000 patients and had a capacity of approximately 13,000 beds. To become a patient, the prospective patient must enter into an admission agreement with the Debtors

("**Admission Agreement**"). The Admission Agreement establishes the terms and conditions under which a resident will reside in a Facility and receive services. The services provided by the Debtors to patients include, among other things: transportation, meals, housekeeping, 24-hour monitoring, laundry, daily living assistance, and 24-hour nursing care.

77. Prior to the Petition Date, the Debtors' three largest Landlords were Granite Investment Group, LLC (together with its affiliates, "**Granite**"), Sabra Healthcare REIT, Inc. (together with its affiliates, "**Sabra**"), and TXMS Real Estate Investments, Inc. ("**TXMS**" or "**LTC**").

78. Prior to the Petition Date, the Debtors and Granite were parties to a number of Leases (the "**Granite Leases**") covering approximately thirty-one (31) Facilities (the "**Granite Facilities**").

79. Prior to the Petition Date, the Debtors and Sabra were parties to a number of Leases (the "**Sabra Leases**") covering approximately thirty-eight (38) Facilities (the "**Sabra Facilities**").

80. Prior to the Petition Date, the Debtors and TXMS were parties to a number of Leases (the "**TXMS Leases**") covering approximately eleven (11) Facilities (the "**TXMS Facilities**").

81. Prior to the Petition Date, the Debtors were also parties to Leases with approximately fifteen (15) additional Landlords (the "**Additional Landlords**") representing approximately twenty-six (26) Facilities (the "**Additional Leases**").

82. Currently, the Debtors have filed six (6) omnibus motions to reject executory contracts and unexpired leases pursuant to Bankruptcy Code section 365 (collectively, the

"**Rejection Motions**").[3] The Debtors have rejected or rejection is pending on Leases covering approximately seventy-five (75) Facilities (collectively, the "**Rejected Facilities**"). Given the nature of the Debtors' business, after rejection, the Debtors have continued to operate Rejected Facilities while new operators are identified. The Debtors have and continue to have negotiations with Landlords and new operators for Rejected Facilities. These negotiations include settlement agreements that resolve outstanding issues between the Debtors and Landlords and operations transfer agreements ("**OTAs**") which transfer operations to a new operator.[4] Each OTA and settlement agreement is unique given the facts and circumstances of the particular transfer. As of this time, the Debtors have transitioned operations of forty-five (45) Facilities, including thirty-eight (38) Sabra Facilities.

83. On April 1, 2019, the Court entered the *Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 820] and *Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property (Specific to G-Debtors)* [Docket No. 1052] (the "**Deadline Extension Orders**"). Pursuant to the Deadline Extension Orders, the Debtors' time to assume or reject unexpired real property leases was extended generally[5] through and including July 2, 2019, without prejudice to the rights of the Debtors to request further extensions.

### CLAIM FOR RELIEF
### COUNT 1
### (Declaratory Judgment)

84. The Debtors hereby re-allege and incorporate all preceding paragraphs as if fully set forth herein.

---

[3] [Docket Nos. 178, 209, 211, 448, 759, and 1023].

[4] It should be noted that the Granite Rejected Facilities were rejected as of early May, however, counsel for Granite has still not presented the Debtors with any OTAs for consideration.

[5] The referenced Granite orders already have revised deadlines and conditions.

69210765.2

85. Pursuant to Bankruptcy Code section 365(d)(4)(A), "an unexpired lease of *nonresidential* real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming the plan." (emphasis added).

86. "The court may extend the period determined under subpart (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C.A. § 365(d)(4)(B)(i). "If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance." 11 U.S.C.A. § 365(d)(4)(B)(ii).

87. However, these deadlines only apply to *nonresidential* real property leases. "[N]owhere in the legislative history … did Congress state any intent for § 365(d)(4) to be applied to residential structures. No legislative intent can be inferred from the legislative history which contradicts the plain language of the statute restricting § 365(d)(4) to nonresidential real property." *In re Care Givers, Inc.*, 113 B.R. 263, 267 (Bankr. N.D. Tex. 1989) (holding that six nursing home leases are not leases of nonresidential real property within the meaning of § 365(d)(4), and therefore, the deadline to assume real property leases did not apply).

88. In *Care Givers*, the debtors were lessees to six real property leases in which they operated nursing homes. Their landlords moved the court to deem these leases rejected as a matter of law because the debtors filed their motion to assume the leases two days after the deadline provided in Bankruptcy Code section 365(d)(4). *Id.* at 265.

89. The landlords argued that the court should focus on the nature of the lease, not on the use of the real property. *Id*. at 266. If the lease can be characterized as a commercial lease, then, the landlords argued, the lease is nonresidential and falls under Bankruptcy Code section 365(d)(4). *Id*. The landlords further argued that section 365(d)(4) applies even to a commercial lease for residential real property, and that the statute covers any commercial lease of real property. *Id*.

90. In starting its analysis, the court rejected the landlord's argument and noted that "[t]he plain meaning of the phrase used in the statute, 'lease of nonresidential real property,' is not synonymous with the phrase 'commercial lease of real property.'" *Id*. The court continued, "[i]n the statute the adjective 'nonresidential' modifies 'real property' thereby focusing on the character of the real property, not the character of the lease." *Id*.

91. The six nursing homes which the debtors wished to continue to operate were designed to provide residences and nursing care for people who lived in them, and the residents lived in the nursing homes for years or, sometimes, for the rest of their lives. *Id*. at 267. In addition, while the debtors held licenses to operate the homes, their landlords did not. *Id*. The court thus noted that if Bankruptcy Code section 365(d)(4) applied, absent timely assumption of the leases, that section would have required that the debtors immediately surrender the real property to landlords on the 1st day after the deadline ran, and then no licensed entity would have been in a position to operate the nursing homes. *Id*.

92. Accordingly, the court noted that "[t]he plain language of the statute would have produced an unsensible and unintended circumstance by requiring immediate surrender of real property where people live and depend upon a licensed operator. The residents and the governmental agencies would have been forced to confront an unintended predicament. Congress

15

never contemplated that result. Rather that result seems contrary to the congressional concern with filling vacant space in nonresidential [shopping centers]." *Id*.

93.  The landlords also argued that because the nursing homes had nonresidential as well as residential aspects, they should be characterized as nonresidential. *Id*. However, the court rejected that argument also, and held that § 365(d)(4) applies "only to property which is wholly nonresidential. Real property which has both residential and nonresidential aspects is not 'nonresidential' within the meaning of § 365(d)(4)." *Id*.

94.  *Care Givers* also cited *In re Independence Village, Inc.*, 52 B.R. 715 (Bankr. E.D. Mich. 1985) as support for its holding. There, the debtor operated a 252 unit life care facility for the elderly and the court found that since "the lease in question deals with residential real property, that is, property in which human beings reside, § 365(d)(4) does not apply." *Id*. at 722.

95.  Consistent with the holding of *Care Givers*, the court in *In re Texas Health Enterprises, Inc.*, 255 B.R. 181 (Bankr. E.D. Tex. 2000) also held that a debtors' nursing home lease was not a lease of "nonresidential real property" within the meaning of Bankruptcy Code section 365(d)(4).

96.  There, the debtors were the second largest operator of nursing home facilities in the State of Texas. *Id*. at 183. One of their landlords argued that its lease should be declared rejected as a matter of law pursuant to 11 U.S.C. § 365(d)(4) since it is a lease of nonresidential real property that was not assumed within the deadline provided. *Id*. However, the court agreed with *Care Givers* and *Independence Village* and held that the nursing home lease was not a nonresidential lease, and thus, Bankruptcy Code section 365(d)(4) did not apply. *Id*. at 184.

16

**WHEREFORE**, the Debtors respectfully request a declaratory judgment finding that Bankruptcy Code section 365(d)(4) does not apply to the Debtors' skilled nursing, assisted living, and hospice leases, and such other and further relief that the Court deems just and proper under the circumstances.

Dated: July 2, 2019
      Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Trey A. Monsour*
Trey A. Monsour (State Bar No. 14277200)
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtors and*
*Debtors in Possession*

-and-

**ROCHELLE McCULLOUGH, LLP**

*/s/ E.P. Keiffer*
E.P. Keiffer (State Bar No. 11181700)
325 North Saint Paul St., Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
pkeiffer@romclaw.com

*Conflicts Counsel to the Debtors and*
*Debtors in Possession*

69210765.2

69210765.2