Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Debtors. | § § § | (Jointly Administered) |

**DEBTORS' BRIEF AND MEMORANDUM OF LAW PERTAINING TO
CURE AMOUNT DISCREPANCIES AND ADEQUATE ASSURANCE OF
<u>FUTURE PERFORMANCE</u>**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, hereby file this brief and memorandum of law (this "**Memorandum of Law**") pertaining to which attorneys fees are allowable as a component of a cure amount under Bankruptcy Code section 365(b). In support of this Memorandum of Law, the Debtors respectfully state as follows:

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

69499207.4
70279201.3

## BACKGROUND

1. On December 4, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").[2]

2. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings*, filed concurrently herewith [Docket No. 25] (the "**First Day Declaration**") and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. No trustee or examiner has been requested in the Chapter 11 Cases.

5. On December 14, 2018, the Office of the United States Trustee for the Northern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

6. On July 2, 2019, the Debtors filed the *Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Unexpired Real Property Leases, (II) Establishing and Authorizing the Debtors to Pay any Attendant Cure Amounts, or Such Other Amounts as Agreed, and (III) Granting Certain Related Relief* [Docket No. 1479] (the "**Assumption Motion**").

7. On July 23, 2019, CHI Javelin LLC, CHI Javelin Winters Park LLC, CHI Javelin Denison LLC, CHI Javelin Frisco LLC, CHI Javelin Allen LLC, and CHI Javelin Vista Ridge

---

[2] Certain additional Debtors filed voluntary petitions for relief on January 21, 2019 and May 20, 2019.

70279201.3

LLC ("**Annaly**") filed *Annaly/CHI Javelin Landlords' Objection to Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Unexpired Real Property Leases, (II) Establishing and Authorizing the Debtors to Pay any Attendant Cure Amounts, or Such Other Amounts as Agreed, and (III) Granting Certain Related Relief* [Docket No. 1609] (the "**Annaly Objection**").

8. On July 23, 2019, TXMS Real Estate Investments, Inc. ("**LTC**") filed *TXMS Real Estate Investments, Inc.'s Objection to the Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Unexpired Real Property Leases, (II) Establishing and Authorizing the Debtors to Pay any Attendant Cure Amounts, or Such Other Amounts as Agreed, and (III) Granting Certain Related Relief* [Docket No. 1610] (the "**LTC Objection**").

## BRIEF AND MEMORANDUM OF LAW

9. As a component of their cure claims, LTC is asserting $337,667.20 in attorney fees and Annaly is asserting $411,214.39 in attorney fees. These fees should be limited, or disallowed in their entirety, because the legal fees are (a) unreasonable in light of the nature and amount of the alleged defaults; (b) not permitted under applicable authority because they are unrelated to the alleged defaults; and (c) not permitted under the prevailing party provisions of the applicable leases.

**I.    Material Default is a Threshold Prerequisite to Recovery of Attorney Fees as a Component of Cure Under Bankruptcy Code Section 365(b)**

10. Bankruptcy Code section 365(b)(1)(B) does not create an independent basis for the recovery of attorneys' fees by a non-debtor counterparty. *In re FKA FC, LLC*, 545 B.R. 567, 574 (Bankr. W.D. Mich. 2016). Instead, the following four criteria must be satisfied by the non-debtor counterparty before it is entitled to reimbursement of its attorneys' fees as a component of default cures: (a) a default must have occurred, (b) the agreement must specifically entitle the

3

70279201.3

non-debtor party to reimbursement of attorneys' fees, (c) applicable non-bankruptcy law must recognize a right to attorneys' fees, and (d) the attorneys' fees must be reasonable. *Id*.

11. Pursuant to Bankruptcy Code section 365(b)(1)(A), if there has been a default in an executory contract of unexpired lease of the debtor, then prior to assumption, the debtor has the option of either curing, or providing adequate assurance that the debtor will promptly cure, any such default. However, "notwithstanding the unqualified language of section 365(b)(1)(A) of the Code, cure is not required for a minor, nonmaterial default. Thus, the only contracts requiring the debtor to cure the default are those where it has made a material breach." *In re Kemeta, LLC*, 470 B.R. 304, 324–25 (Bankr. D. Del. 2012) (internal citations omitted).

12. The Debtors disagree with the extent of defaults that have been alleged in the Annaly Objection and LTC Objection. As an initial threshold matter, both Annaly and LTC are claiming the nonpayment of December rent as an event of default. This is wholly improper, as that issue was thoroughly addressed and ruled upon by this Court. The Debtors were not obligated to pay December stub rent until a later time and only upon further order of this Court. The Debtors understand that they must pay December rent as a prerequisite to assuming the leases, however, it would be inequitable to allow Annaly and LTC to classify the non-payment of December rent as an event of default.

13. Indeed, Annaly and LTC assert cure obligations that are primarily comprised of stub rent and attorney fees. The proposed attorney fees are effectively a manufactured cure claim. Annaly and LTC have expended substantial fees contesting the Debtors' proposal to assume its leases and then assert that their fees must be paid as a cure cost if the leases are assumed over their objections. Such a request is, at minimum, inequitable and, at worst, bad faith. The landlords have been paid in full during the prepetition and postpetition period (with the

exception of stub rent) and will be paid in full under the projections. The landlords have not suffered injury or damages as part of this bankruptcy process, and seeking payment of over $700,000 in fees is inequitable.

14. Other than the non-payment of December rent, the Debtors believe that the remaining classifications of alleged defaults can be classified as non-material, and thus, no cure is required and no attorney fees are allowable. The Debtors have remained current on their leasehold obligations to Annaly and LTC both prepetition and postpetition. Replenishment of escrows and maintenance obligations are not material defaults. Accordingly, because Annaly and LTC have not shown any material defaults, they have not satisfied the initial threshold bar that might otherwise entitle them to an award of certain attorneys fees.

**II.     Only Certain Attorneys Fees are Allowable as a Component of Default Cures**

15. Assuming *arguendo* that an event of default has occurred, a landlord is entitled to recover attorney fees as part of a debtor's cure of its defaults on a lease that it seeks to assume only to the extent provided for in the lease. *In re M. Fine Lumber Co., Inc.*, 383 B.R. 565 (Bankr. E.D.N.Y. 2008). When deciding whether a landlord may recover contractual attorney fees as part of the cure amount for a debtor's assumption of a lease, bankruptcy courts consider whether the actions undertaken by the landlord for which fees are sought were undertaken to enforce the lessor's rights under lease in a manner consistent with the Bankruptcy Code (so as to be compensable), or whether they sought to contest a debtor's rights under Bankruptcy Code (so as not to be compensable). *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001).

16. In addition to *Crown Books*, there is substantial authority in support:

- *In re Child World, Inc.*, 161 B.R. 349 (Bankr. S.D.N.Y. 1993), the court allowed attorneys' fees for a landlord's efforts to enforce "the timely payment of rental, tax, and common area maintenance charges under the lease" for the post-petition period. *Id*. at 354.

5

The court, however, disallowed attorneys' fees for the landlord's efforts to collect damages based on an *ipso facto* clause which is not enforceable in bankruptcy cases. *Id.* at 354–55. Rather than rely on the dichotomy between state and federal rights,[3] the court allowed attorneys fees for efforts to enforce the terms of the lease, so long as those efforts were not inconsistent with the debtor's rights under the Bankruptcy Code.

- *In re Best Products Co., Inc.*, 148 B.R. 413 (Bankr. S.D.N.Y. 1992), the court denied the landlord's request for attorneys' fees incurred in seeking to shorten the time within which the debtor must assume or reject the lease and then opposing the debtor's assumption of the lease. *Id.* at 414. The Court concluded that the fees were not recoverable because they were not incurred in efforts to collect any delinquencies under the lease but in seeking to deny the debtor rights it had under the Bankruptcy Code. *Id.* at 415.

- *In re Ryan's Subs, Inc.*, 165 B.R. 465 (Bankr. W.D. Mo. 1994), the landlord contested the debtor's right to assume the lease and franchise agreement and sought relief from the stay to evict the debtor. 165 B.R. at 467. The court concluded that "If [the landlord] chooses to challenge [the] rights granted to the debtor by the Code, then [the landlord] must bear the risk of attorney's fees incurred by such action." *Id.* Accordingly, the landlord's motion for attorneys' fees and expenses under the lease was denied. *Id.*

17. Here, Annaly and LTC purportedly incurred over $700,000 in attorney fees to enforce their rights under the lease and collect any delinquencies. Rather, as further discussed below, Annaly and LTC sought to contest the Debtors' rights granted under the Bankruptcy Code at numerous stages of these Chapter 11 Cases. With the exception of December stub rent, which issue Annaly and LTC did not even brief and which issue the Debtors prevailed in, the Debtors have remained current on their obligations under the leases, both prepetition and postpetition.

---

[3] Some courts have held that where a matter involves purely bankruptcy law issues, attorneys fees are not recoverable. *See, e.g., In re Fobian*, 951 F.2d 1149, 1153 (9th Cir.1991) (applying bright line test: if issues raised are peculiar to bankruptcy law, such as objection to confirmation of chapter 12 plan, they are not recoverable); *In re Ryan's Subs, Inc.*, 165 B.R. 465, 469 (Bankr.W.D.Mo.1994) (fees for litigating bankruptcy issues not allowed); *In re Joshua Slocum, Ltd.*, 103 B.R. 601, 608 (Bankr.E.D.Pa.1989) (attorneys' fees for litigating cure claim not allowed).

6

70279201.3

18. Annaly and LTC take the position that they have carte blanche with regard to attorney fees and all fees incurred during the Debtors' Chapter 11 Cases are allowable as a cure component. However, this is not how this works in law or in practice. Annaly and LTC are only entitled to a narrow portion of the attorney fees they are currently seeking that must be appropriately tailored to their efforts to enforce their rights under the lease and collect any delinquencies.

### III. Prevailing Party Limitation

19. In addition to the restrictions on the landlords under applicable authority, each of the Annaly and LTC master leases have a "prevailing party" limitation.

20. The Annaly master lease provides:

> 32.12 *Attorney's Fees and Expenses*. Lessee shall pay to Lessor all costs and expenses incurred by Lessor in enforcing or preserving Lessor's rights under this Lease and the security for this Lease, and in all matters of collection, whether or not an Event of Default has actually occurred or has been declared and thereafter cured, including, but not limited to, (a) attorney's and paralegal, consulting and witness fees and disbursements, whether in house or outside counsel; (b) the fees, costs and expenses of any litigation, appellate, administrative, bankruptcy, insolvency, receivership and any other similar proceeding; (c) court costs; (d) the expenses of Lessor, its employees, agents, attorneys and witnesses in preparing for litigation, administrative, bankruptcy, insolvency and other proceedings, including, without limitation, lodging, meals, travel, and attendance at meetings, hearings, depositions, and trials in connection therewith; and (e) consulting and witness fees and expenses incurred by Lessor in connection with any litigation or other proceeding. Notwithstanding the foregoing, in the event litigation is commenced with respect to any alleged default under this Lease, the prevailing party in such litigation shall be entitled to receive, in addition to any award of damages, such sum as the court shall determine as its reasonable attorneys' fees and litigation expenses incurred in connection with such litigation.

21. The LTC master lease provides:

> 32.11 *Attorneys Fees*. In the event of any action or proceeding brought by one party against the other under this Lease, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs in such action or proceeding from the other party, including all attorneys, fees incurred in connection with any appeals, and any post-judgment attorneys' fees incurred in efforts to collect on any judgment.

22. As an initial matter, the entire first sentence in Annaly's attorneys fees provision is unenforceable because it is in the nature of an *ipso facto* clause in that it purports to grant

Annaly a right to recover all attorney fees incurred in the bankruptcy. *See In re Child World, Inc.*, 161 B.R. 349 (Bankr. S.D.N.Y. 1993) (Lessor could not recover attorney fees based on *ipso facto* clause in lease to chapter 11 debtor tenant that made filing bankruptcy petition event of default).

23. Under Bankruptcy Code section 365(e)(1)(B), a lease of a debtor may not be terminated or modified, and any right or obligation under such lease may not be terminated or modified, solely because of a provision in such lease that is conditioned on the commencement of a case under title 11. This provision of the Bankruptcy Code that renders *ipso facto* clauses unenforceable is directly applicable to render the first sentence of section 32.12 of the Annaly master lease unenforceable, as it is a provision that modifies a right and obligation based on the commencement of a bankruptcy. To allow Annaly reimbursement of every attorney fee incurred because the Debtors filed for protection under the Bankruptcy Code would contravene and disturb the very purpose of the Bankruptcy Code.

24. In addition to the limitations discussed herein, which apply both to Anally and LTC, the Debtors have engaged in substantial litigation and prevailed with LTC on various matters (collectively, the "**LTC Non-Prevailing Matters**"), including:

    a. LTC's objection to the Debtors' cash collateral motion [Docket No. 153];

    b. LTC's motion for relief from automatic stay to terminate leases [Docket No. 273];

    c. LTC's objection to the Debtors' motion extending exclusivity periods for filing and soliciting acceptance of a chapter 11 plan [Docket No. 1411]; and

    d. LTC's objection to the Debtors' assumption motion and related 365(d)(4) argument [Docket No. 1610];

25. As an initial matter, none of these LTC Non-Prevailing Matters were litigated to protect LTC's interests under the lease and collect delinquencies, but were rather to contest the Debtors' rights granted under the Bankruptcy Code. Furthermore, for all of these matters, LTC is not entitled to any award of attorney fees since they did not prevail.[4] In addition, since the Debtors prevailed in all of these matters, LTC's global claim for attorney fees is further reduced and offset by the Debtors' claim for attorney fees in these matters.[5]

26. With respect to Annaly, the Debtors likewise recently prevailed in the 365(d)(4) argument against Annaly. Annaly has litigated against the Debtors substantially less than LTC, so there are very few matters in which Annaly could arguably be construed as the prevailing party that might otherwise entitle it to an award of attorneys fees. Furthermore, with Annaly litigating substantially less matters against the Debtors than LTC, it is perplexing how Annaly is claiming attorneys fees that are approximately $74,000 higher than LTC.

27. Annaly is also attempting to charge the Debtors' estates with $145,000 in attorneys fees for its lender. The Debtors are not in privity of contract with Annaly's lender. There is no basis under applicable authority, or the even under the terms of the Annaly master lease, to charge the Debtors' estates with the attorney fees of Annaly's lender. The Debtors have found no authority for Annaly's request to be reimbursed for the fees of their lender.

28. Lastly, a substantial portion of the request for attorney fees is currently premature under the prevailing party limitation because the Court has not yet ruled on whether the Debtors can assume the leases. With these "prevailing party" limitations, the Court cannot award any

---

[4] Based on a preliminary and cursory review of LTC's attorney time records, the Debtors have been able to allocate at least $107,000 in attorneys fees attributable to the LTC Non-Prevailing Matters, which LTC is not entitled to reimbursement.

[5] Based on a preliminary and cursory review of Polsinelli's attorney time records, the Debtors have been able to allocate at least $147,000 in attorneys fees attributable to the LTC Non-prevailing Matters, which the Debtors are entitled to reimbursement.

70279201.3

attorney fees to Annaly or LTC if the Debtors ultimately prevail in assuming the leases since both Annaly and LTC have objected to the actual assumption of the leases.

29. For example, in *In re Mid Am. Oil, Inc.*, 255 B.R. 839 (Bankr. M.D. Tenn. 2000), the court held that a landlord was not entitled to payment of attorney fees that it incurred in opposing a chapter 11 debtor's motion to assume a commercial lease, pursuant to a similar clause in the lease providing for an award of reasonable attorney fees to the prevailing party in any action or proceeding that pertained to lease or to a default thereunder. The court held that it was ultimately the debtor, not the landlord, that prevailed on the lease assumption issue, and while the landlord had some success in negotiating additional protections for the debtor's use of landlord's cash collateral, negotiation of terms of the debtor's use of cash collateral was not an action or proceeding relating to provisions of lease, nor was it result of any default. *Id*.

30. As another example, in *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001), the court held that two landlords commenced "legal proceedings" against a debtor to enforce their rights under leases, within the meaning of the attorney fee clauses in leases, when they objected to the debtor's motion to assume leases and to conduct going-out-of-business sales, and thereby converted motions into contested matters. *Id*. at 16. Accordingly, the landlords could recover reasonable attorney fees as an addition to a cure amount, but only to extent that they prevailed on their objections, as required by terms of the attorney fee clauses. *Id*.

31. The court noted that one of the landlords was not successful in its objection to the debtor's going out of business motion. *Id*. The landlord's limited objection to that motion sought an order (a) requiring payment of pre-petition defaults and post-petition rent until the debtor rejected the lease, (b) setting a fixed date by which the lease would be rejected by the debtor, (c) requiring the debtor to abandon any property left on the premises after rejection, and (d) allowing

the landlord an administrative claim for the costs of removing the abandoned property and cleaning the premises. *Id*. None of that relief sought by the landlord was granted, and therefore, the court held that attorney fees for those efforts were not allowable. *Id*.

32. Lastly, the landlords objected to the debtor's motion to assume their leases because the debtor was in default for not paying postpetition rent in full. *Id*. at 17. It should be noted, however, that the landlords did not object to the debtor's actual assumption of the leases. *Id*. at 16. Accordingly, the court noted that the landlords were successful in obtaining an order directing the payment of the defaults of the leases and the fee requests for those efforts were allowable under the lease provisions. *Id*. at 17. However, the court reduced the landlord's claim by certain amounts that were for its counsel's services in advising the landlord of the effect of bankruptcy on its rights, as those services could not be categorized as necessary for collection of rents. *Id*. at 20.

33. Here, in contrast, Annaly and LTC have objected to the actual assumption of the leases, and have not alleged any postpetition defaults. If the Court ultimately rules that the Debtors may assume the leases, then the Debtors will be the prevailing party.

[*Remainder of Page Intentionally Left Blank*]

70279201.3

**WHEREFORE**, the Debtors respectfully request that this honorable Court rule in favor of the Debtors and (a) disallow fees which are not reasonable, (b) disallow any fees that are not related to the landlords' efforts to enforce their rights under the leases and collect delinquencies, (c) disallow fees in matters which the Debtors prevailed, and (d) allow the Debtors' fees in matters which they prevailed.

Dated: September 11, 2019
       Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/    Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Counsel to the Debtors and Debtors in Possession*