| | |
|---|---|
| Trey A. Monsour | Jeremy R. Johnson (Admitted *Pro Hac Vice*) |
| State Bar No. 14277200 | Stephen J. Astringer (Admitted *Pro Hac Vice*) |
| Polsinelli PC | Polsinelli PC |
| 2950 N. Harwood, Suite 2100 | 600 3rd Avenue, 42nd Floor |
| Dallas, Texas 75201 | New York, New York 10016 |
| Telephone: (214) 397-0030 | Telephone: (212) 684-0199 |
| Facsimile: (214) 397-0033 | Facsimile: (212) 684-0197 |
| tmonsour@polsinelli.com | jeremy.johnson@polsinelli.com |
| | sastringer@polsinelli.com |

COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Senior Care Centers, LLC, *et al.*,[1] | § | Case No. 18-33967 (BJH) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING
SETTLEMENT AGREEMENT, AND (II) GRANTING RELATED RELIEF**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 5, 2019 AT 2:00 P.M.. (PREVAILING CENTRAL TIME) AT THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE ST., 14TH FLOOR, COURTROOM NO. 2, DALLAS, TEXAS 75242.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON**

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

**THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Senior Care Centers, LLC and its affiliated debtors and debtors in possession (the "**Debtors**") hereby move (this "**Motion**"), for entry of an order, substantially in the form of Exhibit A attached hereto (the "**Proposed Order**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) approving a compromise and release agreement (the "**Settlement Agreement**") by and among Senior Care Centers, LLC ("**SCC**") and Partners Pharmacy, LLC ("**Partners**"), which is attached to the Proposed Order as Exhibit 1, and (ii) granting related relief. In support of the Motion, the Debtors rely upon the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 25] (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief required herein are: Bankruptcy Code section 105 and Bankruptcy Rule 9019.

70745472.3

## BACKGROUND

4. On December 4, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").[2]

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

6. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases.

7. On December 14, 2018, the Office of the United States Trustee for the Northern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

## RELEVANT FACTUAL BACKGROUND

8. Partners is a Louisiana limited liability company. Pursuant to that certain Operating Agreement of Partners Pharmacy, LLC (as amended, the "**Operating Agreement**"), the ownership of Partners is divided into 135 units (each a "**Unit**") among 11 members (each a "**Member**").

9. Among other things, the Operating Agreement provides that cash flow from operations shall be used to make mandatory distributions ("**Distributions**") to Members.

---

[2] Certain additional Debtors filed voluntary petitions for relief on January 21, 2019 and May 20, 2019.

70745472.3

10. The Operating Agreement also provides that Partners may redeem or purchase a Members' ownership interest for a price (the "**Redemption Value**") to be calculated pursuant to a formula (the "**Redemption Formula**").

11. SCC is a Member of Partners. As of the Petition Date, SCC owned at least fifty Units (the "**SCC Units**") which represented an ownership interest in Partners of at least approximately more than 40% (the "**SCC Membership Interest**").

12. On June 14, 2019, Partners filed the *Motion for Relief from the Automatic Stay to Exercise Option to Redeem Debtor's Membership Interest* [Docket No. 1352] (the "**Redemption Motion**").

13. On June 28, 2019, the Debtors filed the *Stipulation Revising Response Dates Pursuant to Local Rule 4001-1 as to Motion for Relief from Automatic Stay to Exercise Option to Redeem Debtor's Membership Interest* [Docket No. 1461] (the "**Stipulation**"). In the Stipulation, the Debtors stipulated that Partners had acted within the redemption period identified in the Operating Agreement. However, the Debtors did not stipulate, nor do the Debtors believe that Partners had the right to redeem the SCC Membership Interest.

## THE PROPOSED SETTLEMENT

14. The Debtors and Partners have negotiated a comprehensive agreement which resolves the various disputed issues and obviates the need to engage in any further costly and protracted litigation, and provides the Debtors with additional liquidity.

15. The material terms of the Settlement Agreement are as follows:

   a. *Distribution Payment*. On the date hereof, Partners shall pay SCC $200,000 representing past due Distributions owed to SCC (the "**Distribution Payment**").

   b. *Membership Interest Payment*. On the date the Court enters the Proposed Order, Partners shall pay the Debtors $700,000 representing the

        Redemption Value of the SCC Membership Interest (the "**Membership Interest Payment**").

    c.    *Modification of the Automatic Stay*. The automatic stay of Bankruptcy Code section 362 is modified and terminated regarding the SCC Membership Interest as provided herein. Partners is permitted to exercise its right under the Operating Agreement to redeem the SCC Membership Interest and related rights and remedies.

    d.    *Proofs of Claim*. Partners waives any and all claims against the Debtors, including, without limitation, any prepetition claims against the Debtors and any administrative claims. Partners shall take steps to withdraw any proofs of claim, if filed.

    e.    *Mutual Releases*. The Debtors and Partners shall both forever release, discharge, and acquit the other from any and all claims, causes of action, suits, debts, obligations, liabilities, demands, losses, costs, and expenses of any kind whatsoever, whether known or unknown, arising from the beginning of time.

## RELIEF REQUESTED

16.    Through this Motion, the Debtors seek (a) approval of the Settlement Agreement by and among SCC and Partners, and (b) related relief.

## BASIS FOR RELIEF

**I.**    **The Settlement Agreement Should be Approved**

17.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has recognized that compromises and settlements are "a normal part of the process of reorganization." *Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Accordingly, a Bankruptcy Court may, in its discretion, approve settlements in accordance with Bankruptcy Rule 9019(a). *CFB-5, Inc. v. Cunningham*, 371 B.R. 175, 181 (N.D. Tex. 2007). "Approval should only be given if the settlement is fair and equitable and in the best interest of the estate." *In re Cajun*

*Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (internal quotations omitted); *In re Heritage Org., L.L.C.*, 375 B.R. 230, 259 (Bankr. N.D. Tex. 2007) (internal quotations omitted).

18. In deciding whether the settlement of a controversy is "fair and equitable," the Court must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation. *In re Cajun Elec.*, 119 F.3d at 355; *In re Heritage Org.*, 375 B.R. at 259. The factors to be reviewed by the Court in determining whether or not to approve a compromise are:

 a. the probability of success in the litigation, with due consideration for the uncertainty in fact and law;

 b. the complexity and likely duration of the litigation and any attendant expenses, inconvenience and delay; and

 c. all other factors bearing on the wisdom of the compromise

*In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 259. The Court should also consider the best interest of the creditors, with proper deference to their reasonable views, and the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260.

19. It is unnecessary for the Court to conduct a mini-trial before approving a settlement. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260. The Court need only make itself aware of relevant facts and law so that it may make an informed and intelligent decision. *In re Cajun Elec.*, 119 F.3d at 356; *In re Heritage Org.*, 375 B.R. at 260. "The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009), *aff'd sub nom. In re Idearc, Inc.*, 662 F.3d 315 (5th Cir. 2011).

20. Approval of the Settlement Agreement, which is a product of extensive, arms-length bargaining between the Debtors and Partners, is fair and equitable and in the best interest

of the Debtors' estates and the relevant factors weigh in favor of approving the Settlement Agreement.

21. The Settlement Agreement will avoid the distraction of litigation over the relevant questions of law and fact. Given the limited resources of the Debtors' estates, litigation over these issues will not benefit the Debtors' estates or their creditors. Thus, the Settlement Agreement provides a fair resolution in light of the legal and economic risks to the Debtors. Based on the foregoing, the Debtors submit that the Settlement Agreement is in the best interests of the Debtors' estates, and should be approved.

**II.     Cause Exists To Eliminate Any Stay Imposed By the Bankruptcy Rules**

22. The Debtors request that any order approving this Motion be effective immediately, thereby waiving any applicable stays imposed by the Bankruptcy Rules. These waivers or eliminations of any applicable stays are necessary for the transactions contemplated by the Settlement Agreement to close as expeditiously as possible. The Debtors respectfully submit that it is in the best interest of their estates to consummate the Settlement Agreement with Partners (including the closing of the transactions contemplated by the Settlement Agreement) as soon as possible after all closing conditions have been met or waived. Accordingly, the Debtors request that the Court eliminate any applicable stays imposed by the Bankruptcy Rules.

**NO PRIOR REQUEST**

23. No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

**NOTICE**

24. Notice of this Motion shall be provided to: (a) the U.S. Trustee the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the states in which the Debtors operate; (c) counsel to CIBC Bank USA; (d) counsel to the

7

Official Committee of Unsecured Creditors; (e) the Internal Revenue Service; (f) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 11, 2019
       Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/    Trey A. Monsour*
Trey A. Monsour
State Bar No. 14277200
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Stephen J. Astringer (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit A**

Proposed Order

70745472.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Debtors. | § § § | (Jointly Administered) |

**ORDER (I) APPROVING SETTLEMENT AGREEMENT,
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (i) approving the Debtors entry into the Settlement Agreement, and (ii) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

[2] Capitalized Terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

70745472.3

the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the relief requested in the Motion are overruled, were withdrawn, or were resolved by the express modifications agreed to herein.

3. The Settlement Agreement (a true and correct copy of which is attached hereto as Exhibit 1) is hereby approved, and all terms of the Settlement Agreement are hereby incorporated in this Order, as if set forth herein verbatim, and are hereby approved.

4. As of the Effective Date of the Settlement Agreement and to the extent provided in the Settlement Agreement, Partners waives any and all claims against the Debtors, including, without limitation, any prepetition claims against the Debtors and any administrative claims. Partners shall take steps to withdraw such claims, if filed.

5. No release or indemnification shall be granted in contravention of *Bank of N.Y. Trust Co. v. Off'l Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229 (5th Cir. 2009) or Bankruptcy Code section 524(e).

6. The Debtors are authorized to and shall execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers, including the Settlement

3

Agreement, and to take any and all actions reasonably necessary or appropriate to consummate the settlement approved herein and to perform any and all obligations contemplated hereunder.

7.  Partners is authorized to and shall execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers, including the Settlement Agreement, and to take any and all actions reasonably necessary or appropriate to consummate the settlement approved herein and to perform any and all obligations contemplated hereunder.

8.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in Accordance with the Motion.

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

**# # # End of Order # # #**

Order submitted by:

**POLSINELLI PC**

*/s/     Trey A. Monsour*
_____
Trey A. Monsour
State Bar No. 14277200
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
tmonsour@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Stephen J. Astringer (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

*Counsel to the Debtors and Debtors in Possession*

4

## **Exhibit 1**

Settlement Agreement

70745472.3

## COMPROMISE AND RELEASE AGREEMENT

This Compromise and Release Agreement (the "Agreement") is entered into as of October 11, 2019 (the "Execution Date"), by and among Senior Care Centers, LLC ("SCC") and Partners Pharmacy, LLC ("Partners").

### RECITALS:

A. On December 4, 2018 (the "Petition Date"), SCC along with certain of its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), and are operating as debtors-in-possession under Bankruptcy Code sections 1107 and 1108. The chapter 11 cases are being jointly administered under Case No. 18-33967 (BJH) (collectively, the "Chapter 11 Cases").

B. Partners is a Louisiana limited liability company. Pursuant to that certain Operating Agreement of Partners Pharmacy, LLC (as amended, the "Operating Agreement"), the ownership of Partners is divided into 135 units (each a "Unit") among 11 members (each a "Member").

C. Among other things, the Operating Agreement provides that cash flow from operations shall be used to make mandatory distributions ("Distributions") to Members.

D. The Operating Agreement also provides that Partners may redeem or purchase a Members' ownership interest for a price (the "Redemption Value") to be calculated pursuant to a formula (the "Redemption Formula").

E. SCC is a Member of Partners. As of the Petition Date, SCC owned at least fifty Units (the "SCC Units") which represented an ownership interest in Partners of at least approximately 40% (the "SCC Membership Interest").

F. On June 14, 2019, Partners filed the *Motion for Relief from the Automatic Stay to Exercise Option to Redeem Debtor's Membership Interest* [Docket No. 1352] (the "Redemption Motion") with the Bankruptcy Court.

G. On June 28, 2019, the Debtors filed the *Stipulation Revising Response Dates Pursuant to Local Rule 4001-1 as to Motion for Relief from Automatic Stay to Exercise Option to Redeem Debtor's Membership Interest* [Docket No. 1461] (the "Stipulation"). In the Stipulation, the Debtors stipulated that Partners had acted within the redemption period identified in the Operating Agreement. However, the Debtors did not stipulate, nor do the Debtors believe that Partners had the right to redeem the SCC Membership Interest.

H. Subject to the approval of the Bankruptcy Court, SCC and Partners (collectively, the "Parties") desire to resolve the Redemption Motion in accordance with the terms and conditions of this Agreement.

70737646.8

I.   The Parties to this Agreement, acting by and through their duly authorized representatives, and pursuant to the approval of the Bankruptcy Court, desire and agree to fully and finally compromise all claims, actions, causes of actions and matters in dispute, related to or arising out of the Operating Agreement and the SCC Membership Interest, to avoid any future uncertainty, inconvenience, and expense of litigation.

**NOW, THEREFORE**, for and in consideration of the mutual promises and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed by each of the Parties hereto, the Parties hereby agree as follows:

1.   The Parties acknowledge and agree that the recitals set forth above are incorporated herein and are true and correct.

2.   Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Operating Agreement.

3.   The effective date ("Effective Date") of this Agreement shall be the date that the order entered by the Bankruptcy Court approving this Agreement is final and non-appealable.

4.   On the date the motion is filed to approve this Agreement (the "9019 Motion"), Partners shall pay the Debtor $200,000 representing past due Distributions owed to SCC (the "Distribution Payment").

5.   On the Effective Date, the automatic stay of Bankruptcy Code section 362 is modified and terminated regarding the SCC Membership Interest as provided herein. Partners is permitted to exercise its right under the Operating Agreement to redeem the SCC Membership Interest and related rights and remedies.

6.   On the Effective Date, Partners shall pay the Debtors $700,000 representing the Redemption Value of the SCC Membership Interest (the "Membership Interest Payment").

7.   Partners waives any and all claims against the Debtors, including, without limitation, any prepetition claims against the Debtors and any administrative claims. Partners shall take steps to withdraw any proofs of claim, if filed.

8.   Tax Treatment.  SCC and Partners acknowledge and agree that, for federal, state and local income tax purposes, (i) the payment of the $200,000 to be made by Partners to SCC pursuant to paragraph 4 of this Agreement shall be treated as a distribution to by a partnership to a partner, (ii) the payment of the $700,000 to be made by Partners to SCC pursuant to paragraph 6 of this Agreement shall be treated as payment made by a partnership in redemption of the entire partnership interest, (iii) the Partners shall not treat either of the above-referenced payments as payments that are deductible to Partners nor take any action that would cause the above-referenced payments to be treated as ordinary income to SCC, (iv) in connection with the redemption of the entire interest of SCC is partners, as of the Effective Date, the books of the Company shall be closed in accordance with 706(d) of the Code, and consistent therewith:  (A) items of income, deduction, gain, loss and/or credit of the Company that are recognized prior to the Effective Date shall be allocated among those Persons who were Members in the Company

prior to the Effective Date; and (B) items of income, deduction, gain, loss and/or credit of the Company that are recognized on or after the Effective Date shall be allocated among the Persons who were Members after the Effective Date; and (v) all losses arising from the release of SCC by Partners pursuant to paragraphs 7 and 9 shall be deemed to occur on the Effective Date. SCC and Partners and each of their respective affiliates shall file all tax returns and shall otherwise take all tax and financial reporting positions in a manner consistent with the tax treatment set forth in clauses (i), (ii), (iii), (iv) and (v) of this paragraph 8.

9. As of the Effective Date, Partners hereby releases and forever discharges the Debtors, as well as the Debtors' respective officers, members, directors, shareholders, members, managers, affiliates, agents, employees, servants, attorneys, representatives, subsidiaries, parents (direct or indirect) (collectively, the "Debtor Parties"), from any and all rights, claims, demands, actions, causes of action, losses, offsets, expenses and judgments, whether known or unknown, suspected or unsuspected, accrued or not accrued, which Partners has, may have or may claim to have against any of the Debtor Parties, including but not limited to any claims raised or which could have been raised in respect of the Operating Agreement through the Effective Date; *provided, however*, that this release shall not be deemed to relinquish or release the obligations of the Debtor Parties under the terms of this Agreement.

10. As of the Effective Date, the Debtors hereby release, remise, and forever discharge Partners, as well as its respective Guarantors, officers, members, directors, shareholders, members, managers, affiliates, agents, employees, servants, attorneys, representatives, subsidiaries, parents (direct or indirect) (the "Partners Released Parties") from any and all rights, claims, demands, actions, causes of action, losses, expenses and judgments, whether known or unknown, suspected or unsuspected, accrued or not accrued, which the Debtors have, may have or may claim to have against any of the Partners Released Parties, including but not limited to any claims raised or which could have been raised in respect of the Operating Agreement; *provided, however*, that this release shall not be deemed to relinquish or release the obligations of the Partners Released Parties under the terms of this Agreement.

11. The Parties acknowledge that the terms and conditions of this Agreement are expressly conditioned upon the occurrence of the Effective Date. For the avoidance of any doubt, this Agreement is void in the event that the Court does not enter an order approving this Agreement.

12. The Parties further agree and acknowledge that the terms of this Agreement are contractual, and are not merely a recital. This Agreement shall be binding upon, and inure to the benefit of, each party and their heirs, successors, affiliates, subsidiaries, parents, officers, shareholders, directors, managers, members, partners, assigns, agents, servants, employees, trustees, and attorneys.

13. This Agreement, and the written agreements referenced herein, contains the full and complete agreement of the Parties hereto, and all prior negotiations and agreements pertaining to the subject matter hereof are merged into this Agreement. Each party hereto expressly disclaims reliance upon any facts, promises, undertakings or representations made by any other party, or its/his agents or attorneys, prior to the execution of this Agreement. The Parties further acknowledge that they may hereafter discover facts different from or in addition

to those which they now know or believe to be true with respect to the claims released herein, and each agrees that in such event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts, or the discovery thereof.

14. The terms and conditions of this Agreement, constitute a contemporaneous, single, integrated transaction and are not several, such that a determination that one or more of such provisions is not enforceable shall render this Agreement null and void, thereby returning the Parties to the status quo in effect immediately prior to this Agreement.

15. This Agreement may not be modified, amended or waived except in a writing signed by all Parties hereto. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

16. The Parties to this Agreement have had the benefit of counsel of their choice and have been afforded an opportunity to review this Agreement with their chosen counsel. To that end, the Parties hereto have been represented by attorneys in negotiating and drafting this Agreement and the Parties hereto have influenced the language of this Agreement. Therefore, this Agreement shall not be construed against any party to this Agreement by reason of drafting or authorship.

17. This Agreement, and the rights and obligations of the Parties hereto, shall be governed, construed, interpreted and enforced in accordance with the domestic substantive laws of the State of Texas, without giving effect to any choice or conflicts of law provision or rule that would cause the application of the domestic substantive laws of any other jurisdiction.

18. During the Chapter 11 Cases, the Parties absolutely and irrevocably consent and submit to the exclusive jurisdiction of the Bankruptcy Court, in connection with any action(s) or proceeding(s) arising out of or relating in any way to this Agreement. In such action or proceeding, the Parties hereby absolutely and irrevocably waive any objection to venue, it being agreed by the Parties hereto that performance, in whole or in part, under the terms and conditions of this Agreement shall take place or occur in Texas. This Agreement is admissible in court in connection with any enforcement motion or otherwise subject to disclosure.

19. The Parties shall bear their own costs, out-of-pocket expenses, and attorneys' fees incurred in the negotiations and execution of this Agreement and prosecution of the Redemption Motion.

20. In the event of any litigation to enforce this Agreement, the substantially prevailing party in such litigation shall be awarded its legal fees and expenses incurred in such action from the substantially non-prevailing party.

21. The signatory for each party to this Agreement signing on behalf of each such party acknowledges and warrants that he/she is fully authorized and legally competent to execute this Agreement as the legal, valid and binding act and deed of such party, and is a duly authorized representative of such party.

22.    This Agreement may be executed in one or more counterparts, any one of which shall be considered an original of this Agreement, but all of which shall be considered one and the same instrument.

23.    All Parties agree to cooperate fully, execute any and all supplementary documents and take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as of the Execution Date.

Dated:   October 11, 2019

| **SENIOR CARE CENTERS, LLC** | **PARTNERS PHARMACY, LLC** |
|---|---|
| */s/   Kevin O'Halloran* | */s/* |
| Kevin O'Halloran | Rick Delrie |
| Chief Restructuring Officer | Managing Officer |

5

23. All Parties agree to cooperate fully, execute any and all supplementary documents and take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed as of the Execution Date.

Dated: October 11, 2019.

| | |
|---|---|
| **SENIOR CARE CENTERS, LLC** | **PARTNERS PHARMACY, LLC** |
| /s/ | /s/ |
| Kevin O'Halloran | Rick Delrie |
| Chief Restructuring Officer | Managing Officer |

5