**GREENBERG TRAURIG, LLP**

| | |
|---|---|
| Shari L. Heyen | Nancy A. Peterman |
| Texas Bar No. 09564750 | Admitted *Pro Hac Vice* |
| HeyenS@gtlaw.com | PetermanN@gtlaw.com |
| 1000 Louisiana St., Suite 1700 | 77 West Wacker Dr., Suite 3100 |
| Houston, Texas 77002 | Chicago, Illinois 60601 |
| Telephone: (713) 374-3500 | Telephone: (312) 456-8400 |
| Facsimile: (713) 374-3505 | Facsimile: (312) 456-8435 |

COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF SENIOR
CARE CENTERS, LLC, ET AL.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| SENIOR CARE CENTERS, LLC, *et al.*,[1] | § | CASE NO. 18-33967 (BJH) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION
TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING
SETTLEMENT AGREEMENT WITH PHARMERICA LONG-TERM
CARE, LLC, AND (II) GRANTING RELATED RELIEF**
[Relates to Docket No. 2316]

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Senior Care Centers, LLC and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**") files this objection to the *Motion of Debtors for Entry of an Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1100, Dallas, Texas 75201.

ACTIVE 47797866v1

*(I) Approving Settlement Agreement with PharMerica Long-Term Care, LLC, and (II) Granting Related Relief* [Docket No. 2316] (the "**Settlement Motion**") and respectfully states as follows:

### Background

1. On December 3, 2019, the Debtors filed the Settlement Motion seeking approval of a proposed settlement with PharMerica Long-Term Care LLC ("**PharMerica**").

2. PharMerica's claim stems from a final default judgment (the "**Default Judgment**") that PharMerica obtained against the Debtors in the amount of $314,738.98 on September 28, 2018. [Docket No. 2316, p. 4]. On November 26, 2018, PharMerica created an alleged garnishment lien on Debtors' bank account with CIBC Bank USA ("**CIBC**")—only eight days prior to the Debtors filing their bankruptcy petitions (December 4, 2018, the "**Petition Date**"). [*Id.*]. After the Petition Date and as part of the cash collateral orders entered in these cases, the Debtors segregated cash equal to the amount of the Default Judgment pending resolution of the disputes with PharMerica (the "**Segregated Funds**"). [*Id.*].

3. Pursuant to the proposed settlement between the Debtors and PharMerica (the "**Settlement**"), the Debtors will disburse $30,000.00 of the Segregated Funds to PharMerica. [*Id.* at p. 6]. PharMerica will waive any further rights to assert a secured claim, but will receive an allowed general unsecured claim for the full amount of the Default Judgment. [*Id.*]. The $30,000.00 settlement payment will not reduce PharMerica's unsecured claim. [*Id.*]. The Debtors will also release all claims against PharMerica related to the alleged garnishment lien.

4. On December 13, 2019, the Court entered an order (the "**Confirmation Order**") [Docket No. 2376] confirming the *Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as supplemented and amended, the "**Plan**") [Docket No. 2094]. Any

capitalized terms used herein and not otherwise defined shall have those meanings set forth in the Plan.

5. On the Effective Date of the Plan, the Unsecured Creditor Trust will be established and the Unsecured Creditor Trust Assets will automatically vest in the Unsecured Creditor Trust, free and clear of all Claims, Liens and other encumbrances. *See* Plan at Article VI.E, M (pages 36 and 39) [Docket No. 2094-1]. The Unsecured Creditor Trust Assets include the Unsecured Creditor Trust Causes of Action, which Causes of Action were expressly reserved and preserved under the Plan and Disclosure Statement for the Unsecured Creditor Trust and for the benefit of the unsecured creditors who are the beneficiaries of that Trust. *Id.* Pursuant to the Plan and Disclosure Statement, the Unsecured Creditor Trust Causes of Action include any and all Claims or Causes of Action against PharMerica and/or the PharMerica Funds (as defined in the Plan to mean the funds subject to the monetary hold on one of the Debtors' accounts in the amount of at least $314,738.98 which was established pursuant to the Cash Collateral Orders to preserve PharMerica's alleged judgment lien). *Id.*; Disclosure Statement at Article III.E(5) (pages 38 to 39) [Docket No. 2094-3].

## Objection

6. The Committee objects to the Settlement Motion for the following two reasons: (a) the balance of the Segregated Funds (after paying $30,000 to PharMerica pursuant to the terms of the Settlement) should continue to be segregated and deposited into the Unsecured Creditor Trust on the Effective Date and (b) PharMerica's general unsecured claim should be reduced by $30,000.

7. As noted above, under the Plan, on the Effective Date, the Unsecured Creditor Trust will be established and will pursue Unsecured Creditor Causes of Action. Therefore, the unsecured creditors recovery under the Plan is dependent upon the successful pursuit of such Causes of

Action. When soliciting votes on the Plan, the Debtors and the Committee set forth those Causes of Action reserved and preserved for the Unsecured Creditor Trust, including any Causes of Action relating to PharMerica and the PharMerica Fund. The unsecured creditors cast votes on the Plan based on such disclosure. Now, the Debtors are proposing to settle with PharMerica and once the garnishment is released, the monies will be used to reduce any amounts due to CIBC in advance of the Effective Date. This result is inequitable. The unsecured creditors cast votes on a Plan with the understanding that certain Causes of Action would be reserved for their benefit, including actions against PharMerica and the PharMerica Fund. The Unsecured Creditor Trust is to be funded with $500,000 on the Effective Date, which is not a sizeable amount given the various Causes of Action to be pursued and other responsibilities of the Trust. An additional $285,000 (representing the remaining amount of the PharMerica Fund after payment of $30,000 to PharMerica under the Settlement) is a meaningful amount to the Unsecured Creditor Trust, and this amount should be reserved for the Unsecured Creditor Trust consistent with the Plan and Disclosure Statement.

8. In addition, PharMerica should only be allowed a general unsecured claim equal to $284,738.98, representing the difference between $314,738.98, the amount of the Default Judgment, and $30,000, the amount of the Settlement. By allowing PharMerica a claim of $314,738.98, the full amount of the Default Judgment, it is receiving a windfall under the Settlement.

## Reservation of Rights

9. The Committee reserves the right to amend, modify or supplement this objection and to assert any and all additional objections to the Settlement Motion at any appropriate time, including at any hearing related thereto.

WHEREFORE, in light of the foregoing, the Committee respectfully requests that the Court enter an order (i) sustaining this objection; and (ii) granting such other and further relief as the Court may deem just and equitable.

Dated: December 24, 2019

**GREENBERG TRAURIG, LLP**

*/s/ Shari L. Heyen*
Shari L. Heyen
Texas Bar No. 09564750
*HeyenS@gtlaw.com*
Karl Burrer
Texas Bar No. 24043584
*BurrerK@gtlaw.com*
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3564
Facsimile:     (713) 374-3505

– and –

Nancy A. Peterman
Admitted *Pro Hac Vice*
*PetermanN@gtlaw.com*
David D. Cleary
*Pro Hac Vice* Pending
*ClearyD@gtlaw.com*
77 West Wacker Dr., Suite 3100
Chicago, Illinois 60601
Telephone:     (312) 456-8410
Facsimile:     (312) 456-8435

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SENIOR CARE CENTERS, LLC, ET AL.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 24, 2019, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail.

      */s/ Shari L. Heyen*
      Shari L. Heyen