Liz Boydston
State Bar No. 24053684
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
lboydston@polsinelli.com

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Stephen J. Astringer (Admitted *Pro Hac Vice*)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

COUNSEL TO THE REORGANIZED DEBTORS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

**REORGANIZED DEBTORS' FIRST OMNIBUS
<u>OBJECTION TO ADMINISTRATIVE CLAIMS</u>**

> **THIS IS AN OBJECTION TO YOUR CLAIM. SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS FIRST OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIMS AND BY ANY FURTHER OBJECTION THAT MAY BE FILED. CLAIMANTS RECEIVING THIS FIRST OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIMS IN THIS FIRST OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIMS AND ITS EXHIBITS.**

**AN EVIDENTIARY HEARING ON THIS MATTER WILL BE HELD ON AUGUST 25, 2020 AT 1:30 P.M. (PREVAILING CENTRAL TIME) AT THE UNITED STATES**

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1050, Dallas, Texas 75201.

74003849.1

**BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, 1100 COMMERCE ST., 14TH FLOOR, COURTROOM NO. 2, DALLAS, TEXAS 75242. ANY RESPONSE TO THIS OBJECTION SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TEXAS 75242-1496, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY.**

**FOR FURTHER INFORMATION, OR TO ACCESS PLEADINGS, DOCUMENTS, AND OTHER INFORMATION ABOUT THESE CASES, INCLUDING COPIES OF THE CLAIMS DISPUTED HEREIN WITHOUT CHARGE, VISIT HTTPS://OMNIMGT.COM/SENIORCARECENTERS.**

Senior Care Centers, LLC, and its affiliated debtors (the "**Reorganized Debtors**," and, prior to the Effective Date, as defined herein, the "**Debtors**") hereby file this objection (this "**Objection**") certain administrative expense claims asserted under section 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rules 3007-1 and 3007-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), granting the relief requested herein and such other and further relief as the Court deems just and proper. In support of this Objection, the Reorganized Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors consent to entry of a final order under Article III of the United States Constitution.

2.    Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On December 4, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").[2]

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 25] (the "**First Day Declaration**"). First Day Declaration and fully incorporated herein by reference.

5. On December 14, 2018, the Office of the United States Trustee for the Northern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

6. The Debtors' claims, noticing, and administrative agent in these Chapter 11 Cases is Omni Agent Solutions ("**Omni**"). *See Order Authorizing Employment and Retention of Omni Management Group, Inc., as Claims, Noticing, and Administrative Agent,* Nunc Pro Tunc *to the Petition Date* [Docket No. 102].

7. On March 27, 2019, the Court entered the *Order Establishing Bar Dates, Approving Form and Manner of Notice, and Approving Procedures for Filing Proofs of Claim* [Docket No. 766] (the "**Bar Date Order**"). Among other things, the Bar Date Order set May 15, 2019 at 4:00 p.m. (prevailing Central Time) as the general date (the "**General Bar Date**") for filings proofs of claim. The Bar Date Order also provided:

> The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative expense claims under Bankruptcy Code section 503(b)(9) (each a "**503(b)(9) Claim**"); provided, however, that all other administrative claims

---

[2] Certain additional Reorganized Debtors filed voluntary petitions for relief on January 21, 2019 and May 20, 2019.

3

> under Bankruptcy Code section 503(b) ("**Administrative Claims**") must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and will not be deemed proper if made by proof of claim.

Bar Date Order, ¶ 3.

8. Attached to the Bar Date Order was the notice of deadlines for filing proofs of claim (the "**Bar Date Notice**"). The Bar Date Notice was by Omni. *See Certificate of Service* [Docket No. 942] (the "**Bar Date Notice Certificate of Service**").

9. On October 25, 2019, the Debtors filed the *Notice of Filing of Solicitation Version of Disclosure Statement for the Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2094] (the "**Solicitation Notice**"). Attached to the Solicitation Notice as Exhibit A, was the solicitation version of the *Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be further amended, modified, and/or supplemented, the "**Plan**"). On December 13, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2376] (the "**Confirmation Order**").[3] On March 27, 2020 (the "**Effective Date**"), all conditions to the occurrence of the Effective Date set forth in the Plan and Confirmation Order were satisfied or waived in accordance therewith, and the Effective Date of the Plan occurred. On March 30, 2020, the *Notice of (I) Entry of Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, (II) Occurrence of the Effective Date, and (III) Bar Date Notice for Rejection Damages Claims, Administrative Claims and Professional Fee Claims* [Docket No. 2659] (the "**Effective Date Notice**") was filed.

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Confirmation Order, Plan, and Disclosure Statement.

4

74003849.1

10. The Plan contained the following relevant definitions:

"*Administrative Claim*" means any Claim against any Debtor for costs and expenses of administration of the Chapter 11 Cases pursuant to Bankruptcy Code sections 503(b), 507(a)(2), 507(b), or 1114(e)(2), including: (a) the actual and necessary costs and expenses incurred on or after the Petition Date until and including the Effective Date of preserving the Estates and operating the Debtors' businesses; (b) Allowed Professional Fee Claims; (c) all Allowed requests for compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to Bankruptcy Code sections 503(b)(3), (4), and (5); (d) all fees and charges assessed against the Estates pursuant to section 1930 of chapter 123 of title 28 of the United States Code; and (e) 503(b)(9) Claims.

"*Administrative Claims Bar Date*" means the deadline for Filing requests for payment of Administrative Claims, which: (a) with respect to Administrative Claims other than Professional Fee Claims and 503(b)(9) Claims, shall be the first Business Day that is thirty (30) days after the Effective Date; (b) with respect to Professional Fee Claims, shall be the first Business Day that is thirty (30) days after the Effective Date; and (c) with respect to 503(b)(9) Claims, was the Claims Bar Date.

11. Section II.A of the Plan provides the following:

No later than five (5) days after the Effective Date, the Debtors or Reorganized Debtors, as applicable, shall post on the Case Website the Scheduled Administrative Claims that are based on unpaid liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date. Except for Administrative Claims which are Professional Fee Claims, Priority Tax Claims, or Scheduled Administrative Claims, requests for payment of Administrative Claims must be Filed and served on the Debtors or Reorganized Debtors, as applicable, pursuant to the procedures specified in the Confirmation Order and notice of entry of the Confirmation Order no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to, but do not, File and serve a request for payment of such Administrative Claims against the Debtors or their property and such Administrative Claims shall be deemed discharged as of the Effective Date. Objections to such requests, if any, must be Filed and served on the Debtors or Reorganized Debtors, as applicable, and the requesting party no later than sixty (60) days after the Effective Date. Notwithstanding the foregoing, no request for

5

payment of an Administrative Claim need be filed with respect to an Administrative Claim previously Allowed.

12. The Confirmation Order provides:

> 46. <u>Administrative Claims</u>. No later than five (5) days after the Effective Date, the Debtors or Reorganized Debtors, as applicable, shall post on the Case Website the Scheduled Administrative Claims that are based on unpaid liabilities incurred by the Debtors in the ordinary course of their business after the Petition Date.
>
> 47. Except for Administrative Claims which are Professional Fee Claims, Priority Tax Claims, or Scheduled Administrative Claims, requests for payment of Administrative Claims must be filed with the Court and served on the Debtors or Reorganized Debtors, as applicable, no later than thirty (30) days after the Effective Date, or thirty (30) days after the date of rejection, if applicable (the "**Administrative Claims Bar Date**"). Such notice must be served on the Reorganized Debtors, their counsel, counsel to the Committee or Unsecured Creditor Trust, as applicable, and other parties-in-interest. Additionally, such notice must include, at a minimum: (a) the name of the Holder of the Administrative Claim, (b) the amount of the Administrative Claim, and (c) the basis of the Administrative Claim (including any documentation or evidence supporting such claim).
>
> 48. Failure to properly file such a notice prior to the Administrative Claims Bar Date and as required hereunder and pursuant to the Plan shall result in the Administrative Claim being deemed discharged as of the Effective Date. Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim that was previously Allowed. Objections to Administrative Claims, if any, must be filed and served by the Debtors or Reorganized Debtors, as applicable, on the requesting party no later than sixty (60) days after the Effective Date.

13. The Effective Date Notice informed parties in interest that the Effective Date of the Plan occurred on March 27, 2020. The Effective Date Notice also provided:

> 7. <u>Administrative Claims Bar Date and Filing</u>. Pursuant to the Plan and Confirmation Order, each person or entity that holds or wishes to assert a claim that such person believes is an Administrative Claim except for Administrative Claims which are Professional Fee Claims, Priority Tax Claims, or Scheduled Administrative Claims (see Paragraph 6 above), must file with the Court an application (an "**Administrative Claims Request**") requesting allowance of such

6

Administrative Claim on or before **April 29, 2020** (the "**Administrative Claims Bar Date**"). An Administrative Claims Request must be served on: (a) counsel to the Debtors, Polsinelli PC, Polsinelli PC, 600 3rd Avenue, 42nd Floor, New York, New York 10016 (Attention: Jeremy R. Johnson) and 2950 N. Harwood, Suite 2100, Dallas, Texas 75201 (Attention: Trey A. Monsour); (b) counsel to the Committee, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601 (Attention: Nancy A. Peterman) and 1000 Louisiana Street, Suite 1700, Houston, Texas 77002 (Attention: Shari L. Heyen); and (c) the Liquidating Trustee, Alan D. Halperin, Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005 (Attention: Alan D. Halperin). Such Administrative Claims Requests must include, at a minimum: (a) the name of the Holder of the Administrative Claim, (b) the amount of the Administrative Claim, and (c) the basis of the Administrative Claim (including any documentation or evidence supporting such claim).

## RELIEF REQUESTED

14. By this Objection, the Reorganized Debtors request entry of an order disallowing, and expunging claims identified on Schedule 1-2 to the proposed order attached hereto as Exhibit A.

15. By this Objection, the Reorganized Debtors seek entry of the Proposed Order disallowing and expunging the claims listed on Schedule 1 attached to the Proposed Order as they have been withdrawn by the claimant and are no longer seeking the relief identified in the withdrawn claims (the "**Withdrawn Claims**").

16. By this Objection, the Reorganized Debtors seek entry of the Proposed Order disallowing and expunging the claims listed on Schedule 2 as they have been satisfied (the "**Satisfied Claims**").

17. By this Objection, the Reorganized Debtors seek entry of the Proposed Order disallowing and expunging the claims listed on Schedule 3 attached to the Proposed Order as they have asserted administrative claims via proofs of claim and not the procedures set forth in the Plan

74003849.1

and Confirmation Order (the "**Improper Form Claims**", and together with the Withdrawn Claims and Satisfied Claims, the "**Disputed Claims**").[4]

## BASIS FOR RELIEF

**I.      Withdrawn Claims**

18.     The Reorganized Debtors object to the Withdrawn Claims because each claimant has formally withdrawn its claim. Disallowance and expungement of these claims will enable the claims register to reflect the claims asserted against the Debtors more accurately. Moreover, disallowance of these claims will not affect the right of any claimant who has a claim which is not a Withdrawn Claim. Accordingly, the Reorganized Debtors request that the Court disallow and expunge the Withdrawn Claims identified on Schedule 1 to the Proposed Order.

**II.     Satisfied Claims**

19.     The Reorganized Debtors have reviewed their books and records and determined that as of the date hereof, the Satisfied Claims has been satisfied pursuant to the *Agreed Order (I) Allowing and Authorizing the Debtors to Pay Administrative Expense Claim and (II) Allowing General Unsecured Claim of Rangers Baseball, LLC* [Docket No. 1537] and *Order (I) Approving Settlement with PharMerica Long-Term Care, LLC, and (II) Granting Related Relief* [Docket No. 2655]. Accordingly, the Reorganized Debtors request that the Court disallow and expunge the Satisfied Claims identified on Schedule 2 to the Proposed Order.

---

[4] The Disputed Claims listed on Schedules 1-2 relate solely to the portion of claims asserted pursuant to Bankruptcy Code section 503(b). This Objection does not seek to reclassify or expunge any non-503(b) claims or portions of non-503(b) claims that may have been asserted by the claimant. As noted more fully below, the Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Objection and to file additional objections to any proofs of claim filed in these Chapter 11 Cases including, without limitation, objections as to the liability, amount or priority of any Disputed Claims listed on Schedules 1-2.

### III. Improper Form Claims

20. Bankruptcy Code section 503 should be "strictly construed because administrative expense priority claims reduce the funds available for creditors and other claimants." *City of White Plains v. A&S Galleria Real Estate, Inc. (In re Federated Dep't Stores, Inc.)*, 270 F.3d 994, 1000 (6th Cir. 2001). *See also Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667, 669 (2006) (noting that administrative claims "must be tightly construed"); *In re Canton Jubilee, Inc.*, 253 B.R. 770, 775 (Bankr. E.D. Tex. 2000) ("The statute is narrowly construed in order to hold administrative expenses to a minimum amount and thus preserve the estate assets for the benefit of all creditors."). Bankruptcy Code section 503(a) provides that "[a]n entity may timely file a request for payment of an administrative expense." An administrative expense will be allowed by the court only after notice and a hearing. 11 U.S.C. § 503(b).

21. "The Fifth Circuit requires an application for post-petition administrative claims." *In re Jack Kline Co., Inc.*, 440 B.R. 712, 732 (Bankr. S.D. Tex. 2010) (citing *NL Industries, Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir. 1991)). The Bankruptcy Court for the Northern District of Texas recently held that administrative expense claims cannot be asserted through a proof of claim when a confirmed plan and confirmation order set forth the procedures for asserting administrative claims. *In re Taco Bueno Restaurants, Inc.*, 606 B.R. 289 (Bankr. N.D. Tex. 2019). The Court relied on four reasons: first, Official Form 410 expressly provides that it is not to be used for requests for payment of administrative expenses. *Id.* at 301. Second, proofs of claim deal only with prepetition claims. *Id.* Third, pursuant to Bankruptcy Rule 3001(f), proofs of claim have *prima facie* validity. On the other hand, the claimant bears the burden of persuasion and production with respect to an administrative expense claim. *Id.* at 301-02. Fourth, the debtors had an interest in being able to quickly ascertain asserted administrative claims from the docket instead of the claims register. *Id.* at 302-03.

74003849.1

22. Here, the Plan and Confirmation Order required any party asserting an Administrative Claim to do so by the Administrative Claims Bar Date, *i.e.*, April 29, 2020. Parties wishing to assert an Administrative Claim were required to file such requests with the Court and serve the Reorganized Debtors and the Unsecured Creditor Trust. *See* Confirmation Order ¶ 47. Asserted Administrative Claims which were not properly filed and served by the Administrative Claims Bar Date are deemed discharged as of the Effective Date. *See* Confirmation Order ¶ 48.

23. The claimants listed on Schedule 2 were required to timely file requests for payment. Instead, each of these parties filed a proof of claim using Official Form 410 to assert a postpetition administrative expense claim. None of these parties have filed and served a request for payment before the Administrative Claims Deadline. For the same reasons indicated in *Taco Bueno*, the proofs of claim underlying each Improper Form Claim do not constitute a proper request for allowance and payment of an administrative expense claim pursuant to Bankruptcy Code section 503(a).

24. Accordingly, the Reorganized Debtors request that the Court disallow and expunge each Improper Form Claim identified on Schedule 2 to the Proposed Order in its entirety.

## SEPARATE CONTESTED MATTER

25. Each of the above objections to the Disputed Claims constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Reorganized Debtors request that any order entered by this Court with respect to an objection asserted herein shall be deemed a separate order with respect to each Claim.

## RESERVATION OF RIGHTS

26. The Reorganized Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional substantive or non-substantive objections to the Proofs of Claim objected to herein, or any other Claims (filed or not) which may be asserted against

the Reorganized Debtors. Should one or more of the grounds of objection stated in this Objection be overruled, the Reorganized Debtors reserve their rights to object on other stated grounds or on any other grounds that the Reorganized Debtors discover. In addition, the Reorganized Debtors reserve the right to seek further reduction of any Claim for any reason including to the extent such Claim has been paid, and further reserve the right to raise further objections.

## COMPLIANCE WITH LOCAL RULES

27. This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Objection. The Reorganized Debtors object to no more than 100 Proofs of Claim herein. The Reorganized Debtors have served notice of this Objection on those persons whose names appear in the signature blocks on the Proofs of Claim, and in accordance with Bankruptcy Rule 7004. Moreover, the Reorganized Debtors have notified Claimants that a copy of their claim may be obtained from the Reorganized Debtors upon request. Accordingly, the Reorganized Debtors submit that this objection satisfies Local Rule 3007-2.

## NO PREVIOUS REQUEST

28. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other court.

## NOTICE

29. Notice of this Objection has been provided to the parties listed on Schedules 1-2.

30. Notice of this Motion shall be provided to: (a) the U.S. Trustee the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the states in which the Reorganized Debtors operate; (c) counsel to CIBC Bank USA; (d) counsel to the Unsecured Creditor Trustee; (e) the Internal Revenue Service; (f) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which

11

the Reorganized Debtors operate; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Reorganized Debtors respectfully request that the Court enter an order, substantially similar to the form attached as Exhibit A, granting (i) the relief requested herein and (ii) such other and further relief as it deems just and proper.

Dated: June 25, 2020  
Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Liz Boydston*  
Liz Boydston  
State Bar No. 24053684  
2950 N. Harwood, Suite 2100  
Dallas, Texas 75201  
Telephone: (214) 397-0030  
Facsimile: (214) 397-0033  
lboydston@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)  
Stephen J. Astringer (Admitted *Pro Hac Vice*)  
600 3rd Avenue, 42nd Floor  
New York, New York 10016  
Telephone: (212) 684-0199  
Facsimile: (212) 684-0197  
jeremy.johnson@polsinelli.com  
sastringer@polsinelli.com

*Counsel to the Reorganized Debtors*

74003849.1

# **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

## ORDER GRANTING REORGANIZED DEBTORS' FIRST
## OMNIBUS OBJECTION TO ADMINISTRATIVE CLAIMS

Upon the first omnibus objection to claims (the "**Objection**")[2] of the Reorganized Debtors seeking to disallow, expunge, and reclassify certain proofs of claim pursuant to Bankruptcy Code section 502; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1050, Dallas, Texas 75201.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objection.

74003849.1

157(b)(2), and that the Reorganized Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Objection is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Objection has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Pursuant to Bankruptcy Code section 502, the claims listed on Schedule 1 attached hereto are hereby disallowed and expunged (the "**Withdrawn Claims**").

3. Pursuant to Bankruptcy Code section 502, the claims listed on Schedule 2 attached hereto are hereby disallowed and expunged (the "**Satisfied Claims**").

4. Pursuant to Bankruptcy Code section 502, the claims listed on Schedule 3 attached hereto are hereby disallowed and expunged (the "**Improper Form Claims**").

5. Notwithstanding anything to the contrary contained herein, nothing herein shall affect the validity, nature, amount, allowability, priority, or otherwise seek to reclassify or expunge any non-Administrative Claims or portions of non-Administrative Claims that may have been asserted by the claimant.

6. The Reorganized Debtors' rights to amend, modify, or supplement the Objection, to file additional objections to the Disputed Claims or any other claims (filed or not) which may be asserted against the Reorganized Debtors, and to seek further reduction of any claim to the

extent such claim has been paid, are preserved. Additionally, should one or more grounds of objection stated in the Objection be overruled, the Reorganized Debtors' rights to object on other stated grounds or on any other grounds that the Reorganized Debtors discover are further preserved.

7. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry

8. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

### # # # End of Order # # #

Order submitted by:

**POLSINELLI PC**

*/s/      Liz Boydston*
Liz Boydston
State Bar No. 24053684
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
lboydston@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Stephen J. Astringer (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

*Counsel to the Reorganized Debtors*

74003849.1

## SCHEDULE 1

Withdrawn Claims

| # | Claim No. | Claimant | Date Claim Filed | Filed Case | Asserted Administrative Claim Amount | Proposed Administrative Claim Amount | Reason for Reclassification / Reduction |
|---|---|---|---|---|---|---|---|
| 1. | C4 | City of Garland | 2/25/2019 | 18-33979 | $30,227.34 | $0.00 | The claim has been withdrawn. |
| 2. | C21 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 7/1/2019 | 18-33972 | $2,064.29 | $0.00 | The claim has been withdrawn. |
| 3. | C16 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34054 | $3,180.26 | $0.00 | The claim has been withdrawn. |
| 4. | C18 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34010 | $4,062.42 | $0.00 | The claim has been withdrawn. |
| 5. | C20 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34065 | $486.01 | $0.00 | The claim has been withdrawn. |
| 6. | C20 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34062 | $2,219.04 | $0.00 | The claim has been withdrawn. |
| 7. | C22 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34067 | $1,764.46 | $0.00 | The claim has been withdrawn. |
| 8. | C25 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34066 | $6,500.53 | $0.00 | The claim has been withdrawn. |
| 9. | C25 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34057 | $2,825.60 | $0.00 | The claim has been withdrawn. |
| 10. | C44 | Texas Workforce Comm. Regulatory Integrity Div. - SAU | 5/16/2019 | 18-34031 | $9,162.67 | $0.00 | The claim has been withdrawn. |
| 11. | C29 | Texas Workforce Commission Regulatory Integrity Div. - SAU | 7/2/2019 | 18-33980 | $20,116.35 | $0.00 | The claim has been withdrawn. |

**SCHEDULE 2**

Satisfied Claims

| # | Claim No. | Claimant | Date Claim Filed | Filed Case | Asserted Administrative Claim Amount | Proposed Administrative Claim Amount | Reason for Reclassification / Reduction |
|---|---|---|---|---|---|---|---|
| 1. | C1139 | Rangers Baseball LLC | 5/15/2019 | 18-33967 | $178,175.00 | $0.00 | The claim has been satisfied. See Docket No. 1537. |
| 2. | C17 | Pharmacy Corporation of America d/b/a PharMerica | 5/14/2019 | 18-34040 | $877.43 | $0.00 | The claim has been satisfied. See Docket No. 2655. |

74003849.1

**SCHEDULE 3**

Improper Form Claims

| # | Claim No. | Claimant | Date Claim Filed | Filed Case | Asserted Administrative Claim Amount | Proposed Administrative Claim Amount | Reason for Reclassification / Reduction |
|---|---|---|---|---|---|---|---|
| 1. | C32 | Cisco Systems Capital Corporation | 1/10/2019 | 18-33967 | $389,811.41 | $0.00 | The claim does not comply with the procedures set forth in the Plan and Confirmation Order. |
| 2. | C1355 | Principal Life Insurance Company (Raleigh) | 11/18/2019 | 18-33967 | $3,975.00 | $0.00 | The claim does not comply with the procedures set forth in the Plan and Confirmation Order. |
| 3. | C22 | Sterling Healthcare Services, LLC | 5/13/2019 | 18-34003 | $165.06 | $0.00 | The claim does not comply with the procedures set forth in the Plan and Confirmation Order. |
| 4. | C1115 | TXMS Real Estate Investments, Inc. | 5/15/2019 | 18-33967 | $1,072,358.51 | $0.00 | The claim does not comply with the procedures set forth in the Plan and Confirmation Order. |