

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 8, 2020**

_____
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

**STIPULATION AND AGREED ORDER APPROVING
ANNALY'S AMENDED APPLICATION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM, PURSUANT
TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1), AND TO GRANT RELATED RELIEF**

This stipulation and agreed order (this "**Stipulation and Agreed Order**") is entered into by and between the Reorganized Debtors and CHI Javelin LLC, CHI Javelin Winters Park LLC, CHI Javelin Denison LLC, CHI Javelin Frisco LLC, CHI Javelin Allen LLC, and CHI Javelin

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1050, Dallas, Texas 75201.

74003416.3

Vista Ridge LLC (collectively, "**Annaly**", and together with the Reorganized Debtors, collectively, the "**Parties**").

## STIPULATED FACTS

A. On December 4, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").[2]

B. Prior to the Petition Date, the Debtors and Annaly entered into that Master Lease Agreement between Annaly[3] and PM Management – Portfolio VI NC, LLC, dated May 11, 2016 (the "**Annaly Master Lease**"). Under the Annaly Master Lease, the Debtors leased certain real property and improvements, comprising five skilled nursing facilities in Texas (the "**Annaly Facilities**").

C. Berkadia Commercial Mortgage LLC ("**Berkadia**") and Annaly are parties to certain loans secured by the Annaly Facilities. Such loans are insured by the U.S. Department of Housing and Urban Development ("**HUD**").

D. Pursuant to, among other things, HUD regulatory and security agreements, Berkadia has a security interest in, among other things, accounts receivable generated at the Annaly Facilities.

E. On October 4, 2019, the Court entered the *Memorandum Opinion and Order Granting Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Unexpired Real Property Leases, and (III) Establishing and Authorizing the Debtors to Pay Attendant Cure Amounts* [Docket No. 1983] (the "**Assumption Order**"). Pursuant to the Assumption Order, the Debtors assumed the Annaly Master Lease.

---

[2] Certain additional Reorganized Debtors filed voluntary petitions for relief on January 21, 2019 and May 20, 2019.

[3] CHI Javelin LLC, CHI Javelin Winters Park LLC, CHI Javelin Denison LLC, CHI Javelin Frisco LLC, CHI Javelin Allen LLC, and CHI Javelin Vista Ridge LLC.

F. On October 25, 2019, the Debtors filed the *Notice of Filing of Solicitation Version of Disclosure Statement for the Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2094] (the "**Solicitation Notice**"). Attached to the Solicitation Notice as <u>Exhibit A</u>, was the solicitation version of the *Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be further amended, modified, and/or supplemented, the "**Plan**").

G. On December 13, 2019, the Debtors made the cure payments as required by the Assumption Order, including the payment of Annaly's attorneys' fees for the period from the Petition Date to August 30, 2019.

H. On December 13, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2376] (the "**Confirmation Order**"). Among other things, the Confirmation Order provided that the Debtors would pay $168,000 in Annaly's attorneys' fees for the period from September 1, 2019 through December 31, 2019, provided that the effective date of the Plan occurred before January 31, 2020, with payment of such amount in the following installments: (i) $42,000 on the effective date of the Plan, which was required to occur by January 31, 2020; and (ii) six monthly installments of $21,000, paid on the first day of each month, commencing on February 1, 2020, through July 1, 2020.

I. After entry of the Confirmation Order, Annaly continued to incur attorneys' fees and expenses in connection with this matter.

J. On or about February 13, 2020, Annaly gave notice by letter to the Debtors that because the effective date of the Plan did not occur by January 31, 2020, the capped amount of $168,000 for attorneys' fees and expenses and the installment payment schedule under the

3

Confirmation Order were no longer applicable. Annaly also gave notice of amounts due and owing for attorney's fees and expenses incurred through January 2020, that such amounts were defined as "Rent" under the Annaly Master Lease, and failure to pay such amounts within ten days of receipt of the notice would constitute an Event of Default under the Annaly Master Lease. The Debtors dispute that such attorneys' fees and expenses are "Rent" under the Master Lease and that the payment schedule in the Confirmation was no longer applicable. The Debtors also dispute whether such attorneys' fees and expenses are reasonable.

K.  The Debtors made the first payment of $42,000 on or about January 31, 2020, and made each subsequent payment of $21,000 pursuant to the installment schedule set forth in the Confirmation Order.

L.  On March 27, 2020 (the "**Effective Date**"), all conditions to the occurrence of the Effective Date set forth in the Plan and Confirmation Order were satisfied or waived in accordance therewith, and the Effective Date of the Plan occurred. On March 30, 2020, the *Notice of (I) Entry of Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, (II) Occurrence of the Effective Date, and (III) Bar Date Notice for Rejection Damages Claims, Administrative Claims and Professional Fee Claims* [Docket No. 2659] (the "**Effective Date Notice**") was filed.

M.  On April 29, 2020, *Annaly's Amended Application for Allowance and Payment of Administrative Expense Claim, Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and to Grant Related Relief* (the "Application") [Docket No. 2706] (the "**Application**")[4] was filed. The Application asserted an administrative expense claim against the Debtors in the amount of $186,474.21. At the time the Application was filed, three payments remained under the installment

---

[4] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

schedule, totaling $63,000. Subtracting $63,000 for these installment payments by the Debtors, $121,474.21 remains related to Annaly's attorneys' fees and expenses for the period of December 2019 through the Effective Date.

N.  On April 29, 2020, Berkadia filed the *Application for Allowance and Payment of Administrative Expense Claim of Berkadia Commercial Mortgage LLC* [Docket No. 2705] (the "**Berkadia Application**"). The Berkadia Application asserted an administrative expense claim for $176,550.25 against the Debtors for Berkadia's attorneys' fees during the Chapter 11 Cases.

O.  The Parties have resolved their pending disputes, all as set forth below.

## STIPULATION

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, THE PARTIES HEREBY AGREE AND STIPULATE, AND IT IS ORDERED AS FOLLOWS:**

1. The foregoing recitals are incorporated herein by reference as if set forth in full herein and are made an express part of this Stipulation and Agreed Order.

2. In full satisfaction of the Application, the Reorganized Debtors shall pay Annaly $105,000.00 (the "**Settlement Amount**") no later than July 6, 2020, in relation to the Application.

3. Annaly hereby agrees that it waives its right to assert any Event of Default (as defined in the Annaly Master Lease) with respect to:

   a. any amounts for attorneys' fees and expenses contained in the Application;

   b. any amounts for attorneys' fees and expenses incurred after the Effective Date in connection with the Application;

   c. any amounts for attorneys' fees and expenses contained in the Berkadia Application; and

   d. any amounts for attorneys' fees and expenses incurred after the Effective Date in connection with the Berkadia Application.

74003416.3

4. Out of an abundance of caution, except for the matters specifically delineated in the foregoing Paragraph 3, Annaly retains and preserves all rights and remedies pursuant to the Annaly Master Lease.

5. Effective as of the entry of this Stipulation and Agreed Order, Annaly hereby withdraws the Application.

6. The Parties' rights and obligations under this Stipulation and Agreed Order are conditioned upon this Stipulation and Agreed Order becoming a final order within the meaning of the Bankruptcy Rules.

7. This Stipulation and Agreed Order shall be binding upon, and shall inure to the benefit of each of the Debtors, the Reorganized Debtors, and Annaly, and all their respective agents, employees, representatives, assigns, successors in interest, and attorneys.

8. This Stipulation and Agreed Order may be executed in multiple counterparts. The Parties agree that their respective signatures will be effective and a counterpart containing an electronic copy of the signature page shall have the same force and effect as an original.

9. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

### # # # End of Order # # #

Order submitted by:

| **POLSINELLI PC** | **WINSTEAD PC** |
|---|---|
| */s/ Liz Boydston* | */s/ Joe Wielebinski* |
| Liz Boydston | Joseph J. Wielebinski |
| State Bar No. 24053684 | State Bar No. 21432400 |
| 2950 N. Harwood, Suite 2100 | Jason A. Enright |
| Dallas, Texas 75201 | State Bar No. 24087475 |
| Telephone: (214) 397-0030 | 500 Winstead Building |
| Facsimile: (214) 397-0033 | 2728 N. Harwood Street |
| lboydston@polsinelli.com | Dallas, Texas 75201 |
| | Telephone: (214) 745-5400 |
| -and- | Facsimile: (214) 745-5390 |
| | jwielebinski@winstead.com |
| Jeremy R. Johnson (Admitted *Pro Hac Vice*) | jenright@winstead.com |
| Stephen J. Astringer (Admitted *Pro Hac Vice*) | |
| 600 3rd Avenue, 42nd Floor | |
| New York, New York 10016 | |
| Telephone: (212) 684-0199 | |
| Facsimile: (212) 684-0197 | |
| jeremy.johnson@polsinelli.com | |
| sastringer@polsinelli.com | |
| | |
| *Counsel to the Reorganized Debtors* | *Counsel to Annaly* |

74003416.3