| | |
|---|---|
| Liz Boydston | Jeremy R. Johnson (Admitted *Pro Hac Vice*) |
| State Bar No. 24053684 | Stephen J. Astringer (Admitted *Pro Hac Vice*) |
| Polsinelli PC | Polsinelli PC |
| 2950 N. Harwood, Suite 2100 | 600 3rd Avenue, 42nd Floor |
| Dallas, Texas 75201 | New York, New York 10016 |
| Telephone: (214) 397-0030 | Telephone: (212) 684-0199 |
| Facsimile: (214) 397-0033 | Facsimile: (212) 684-0197 |
| lboydston@polsinelli.com | jeremy.johnson@polsinelli.com |
| | sastringer@polsinelli.com |

COUNSEL TO THE REORGANIZED DEBTORS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

**REORGANIZED DEBTORS' MOTION FOR FINAL
DECREE CLOSING CERTAIN CHAPTER 11 CASES**

Senior Care Centers, LLC, and its affiliated debtors (the "**Reorganized Debtors,**" and, prior to the Effective Date, as defined herein, the "**Debtors**") hereby file this motion (this "**Motion**") for entry of a final decree, substantially in the form attached hereto as Exhibit A (the "**Proposed Final Decree**") closing the chapter 11 cases of those entities listed on Exhibit 1 to the Proposed Final Decree (collectively, the "**Closing Debtors**" or the "**Subsidiary Debtors**"). In support of this Motion, the Reorganized Debtors respectfully represent as follows:

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1050, Dallas, Texas 75201.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are: sections 105 and 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"); Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Local Rule 3022-1.

## BACKGROUND

4. On December 4, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").[2]

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of Senior Care Centers, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 25] (the "**First Day Declaration**"). First Day Declaration and fully incorporated herein by reference.

6. On December 14, 2018, the Office of the United States Trustee for the Northern District of Texas appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**").

7. The Debtors' claims, noticing, and administrative agent in these Chapter 11 Cases is Omni Agent Solutions ("**Omni**"). *See Order Authorizing Employment and Retention of Omni*

---

[2] Certain additional Reorganized Debtors filed voluntary petitions for relief on January 21, 2019 and May 20, 2019.

*Management Group, Inc., as Claims, Noticing, and Administrative Agent,* Nunc Pro Tunc *to the Petition Date* [Docket No. 102].

8. On March 28, 2019, the Court entered the *Order Establishing Bar Dates, Approving Form and Manner of Notice, and Approving Procedures for Filing Proofs of Claim* [Docket No. 766] (the "**Bar Date Order**"). Among other things, the Bar Date Order established May 15, 2019 at 4:00 p.m. (prevailing Central Time) as the general bar date (the "**General Bar Date**") and July 20, 2019 at 4:00 p.m. (prevailing Central Time) as the governmental bar date (the "**Governmental Bar Date**").

9. On October 25, 2019, the Debtors filed the *Notice of Filing of Solicitation Version of Disclosure Statement for the Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2094] (the "**Solicitation Notice**"). Attached to the Solicitation Notice as Exhibit A, was the solicitation version of the *Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as may be further amended, modified, and/or supplemented, the "**Plan**"). On December 13, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2376] (the "**Confirmation Order**").[3]

10. On March 27, 2020 (the "**Effective Date**"), all conditions to the occurrence of the Effective Date set forth in the Plan and Confirmation Order were satisfied or waived in accordance therewith, and the Effective Date of the Plan occurred. On March 30, 2020, the *Notice of (I) Entry of Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, (II) Occurrence of the Effective Date,*

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Confirmation Order, Plan, and Disclosure Statement.

76616314.2

*and (III) Bar Date Notice for Rejection Damages Claims, Administrative Claims and Professional Fee Claims* [Docket No. 2659] (the "**Effective Date Notice**") was filed.

11.  Pursuant to the Plan and Confirmation Order, the following additional bar dates were established: (1) the administrative claims bar date (the "**Administrative Claims Bar Date**") of April 29, 2020; (2) the rejection damages claims bar date (the "**Rejection Damages Claims Bar Date**") of April 29, 2020; and (3) the professional fees claims bar date (the "**Professional Fees Claims Bar Date**", and together with the General Bar Date, the Governmental Bar Date, the Administrative Claims Bar Date, and the Rejection Damages Claims Bar Date, the "**Bar Dates**").

12.  The Plan and Confirmation Order provided for the substantive consolidation of the Debtors' estates. *See* Section VI.A of the Plan and Confirmation Order ¶¶ KK and 26. Moreover, Section VI.A of the Plan provides that the Plan served as a motion for a final decree closing the Chapter 11 Cases of the Subsidiary Debtors.

## RELIEF REQUESTED

13.  By this Motion, the Reorganized Debtors request, pursuant to Bankruptcy Code section 350(a), Bankruptcy Rule 3022, and Local Rule 3022-1, entry of a final decree closing the Chapter 11 Cases of the Subsidiary Debtors *nunc pro tunc* to the Effective Date of March 27, 2020.

14.  If the Court grants this Motion, the only remaining case will be that of Senior Care Centers, LLC (the "**Surviving Case**"). The Surviving Case will remain open to administer the substantially consolidated claims reconciliation process and allow the Unsecured Creditor Trust to pursue causes of action.

## BASIS FOR RELIEF REQUESTED

15.  Bankruptcy Code section 350(a) provides "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements Bankruptcy Code section 350, further provides that "[a]fter an estate is fully

4

administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

16. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

  a. whether the order confirming the plan has become final;

  b. whether deposits required by the plan have been distributed;

  c. whether the property proposed by the plan to be transferred has been transferred;

  d. whether the debtor or its successor has assumed the business or management of the property dealt with by the plan;

  e. whether payments under the plan have commenced;

  f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

17. "Although courts have generally used the Advisory Notes six factors to determine whether a case has been fully administered, these factors are not exhaustive nor must all six factors be present to establish that a case should be closed." *In re Valence Technology, Inc.*, Case No. 12-11580-CAG, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. Oct. 17, 2014). *See also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Notes when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Notes need not be present before the Court will enter a final decree."); *Greater Jacksonville Trans. Co. v. Willis (In re Greater Jacksonville Transp. Co.)*, 169 B.R. 221, 224

5

(Bankr. M.D. Fla. 1994) ("Even a cursory reading of [Bankruptcy Rule 3022] leaves no doubt that the entry of a final decree is merely a perfunctory, administrative event and nothing- more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties in interest involved in a Chapter 11 case. This should be evident from the fact that the final decree is entered without notice and hearing to anyone and could be entered even on the Court's own motion."). In addition to the factors set forth in the Advisory Committee Notes, courts have considered whether the plan of reorganization has been substantially consummated. *See*, *e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

18. Here, the Chapter 11 Cases of the Subsidiary Debtors have been fully administered within the meaning of Bankruptcy Code section 350, making it appropriate for the Court to enter a final decree closing these cases. First, the Confirmation Order was entered on December 13, 2019 and become final. The Effective Date occurred on March 27, 2020. Second, all motions related to the Subsidiary Debtors have been resolved. The only remaining matters will be addressed in the Surviving Case pursuant to the terms of the Plan. Third, expenses arising from the administration of the Subsidiary Debtors Chapter 11 Cases, including professional fees, U.S. Trustee Fees, court fees, and other expenses have been paid or will be paid in the amounts due as soon as reasonably practical. Fourth, all transactions contemplated by the Plan closed on the Effective Date.

19. The Reorganized Debtors assert that *nunc pro tunc* relief is appropriate as the Confirmation Order served as the motion for a final decree and this Motion is simply the ministerial task of closing the estates. By its terms, the Plan served as a motion for a final decree for the

Subsidiary Debtors. After discussions with the U.S. Trustee, this Motion is filed out of an abundance of caution so that the ministerial task of closing the Subsidiary Debtors' cases is achieved.

## **NOTICE**

20.  Notice of this Motion shall be provided to: (a) the U.S. Trustee the Office of the United States Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the states in which the Reorganized Debtors operate; (c) counsel to CIBC Bank USA; (d) counsel to the Unsecured Creditor Trustee; (e) the Internal Revenue Service; (f) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Reorganized Debtors operate; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Reorganized Debtors respectfully request that the Court enter an order, substantially similar to the form attached as Exhibit A, granting (i) the relief requested herein and (ii) such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: February 23, 2021<br>Dallas, Texas | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/     Liz Boydston*<br>Liz Boydston<br>State Bar No. 24053684<br>2950 N. Harwood, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>lboydston@polsinelli.com<br><br>-and-<br><br>Jeremy R. Johnson (Admitted *Pro Hac Vice*)<br>Stephen J. Astringer (Admitted *Pro Hac Vice*)<br>600 3rd Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>jeremy.johnson@polsinelli.com<br>sastringer@polsinelli.com<br><br>*Counsel to the Reorganized Debtors* |

# **EXHIBIT A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| Senior Care Centers, LLC, *et al.*,[1] | § § | Case No. 18-33967 (BJH) |
| Reorganized Debtors. | § § § | (Jointly Administered) |

## FINAL DECREE CLOSING CHAPTER 11 CASES

Upon the motion (the "**Motion**")[2] of the Reorganized Debtors for entry of an order closing the bankruptcy cases of those entities listed on Exhibit 1 (collectively, the "**Closing Debtors**" or the "**Subsidiary Debtors**"); and the Court being satisfied that the Debtors' estates has been fully administered within the meaning of Bankruptcy Code section 350; and the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 569] and may also be found on the Debtors' claims agent's website at https://omnimgt.com/SeniorCareCenters. The location of the Debtors' service address is 600 North Pearl Street, Suite 1050, Dallas, Texas 75201.

[2] Capitalized Terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

76616314.2

1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases of the Debtors listed on Exhibit 1 shall be closed, effective as of March 27, 2020, as provided for in Bankruptcy Rule 3022.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order, or as further described in the Plan.

4. Notwithstanding the possible application of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

**# # # End of Order # # #**

Order submitted by:

**POLSINELLI PC**

*/s/      Liz Boydston*
_____
Liz Boydston
State Bar No. 24053684
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
lboydston@polsinelli.com

-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
Stephen J. Astringer (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

*Counsel to the Reorganized Debtors*

3

**Exhibit 1**

76616314.2

| Debtor Name | Case No. |
| --- | --- |
| Alief SCC LLC | 18-33987 |
| Bandera SCC LLC | 18-33989 |
| Baytown SCC LLC | 18-33992 |
| Beltline SCC LLC | 18-33996 |
| Booker SCC LLC | 18-33999 |
| Bossier SCC LLC | 18-34003 |
| Bradford SCC LLC | 18-34004 |
| Brinker SCC LLC | 18-34005 |
| Brownwood SCC LLC | 18-33968 |
| Capitol SCC LLC | 18-34006 |
| CapWest-Texas LLC | 18-34008 |
| Cedar Bayou SCC LLC | 18-34010 |
| Clear Brook SCC LLC | 18-34012 |
| Colonial SCC LLC | 18-34014 |
| Community SCC LLC | 18-33969 |
| Corpus Christi SCC LLC | 18-34016 |
| Crestwood SCC LLC | 18-34017 |
| Crowley SCC LLC | 18-33970 |
| CTLTC Real Estate, LLC | 18-34018 |
| Fairpark SCC LLC | 18-34020 |
| Gamble Hospice Care Central, LLC | 18-34022 |
| Gamble Hospice Care Northeast, LLC | 18-34025 |
| Gamble Hospice Care Northwest, LLC | 18-34027 |
| Gamble Hospice Care of Cenla, LLC | 18-34029 |
| Green Oaks SCC LLC | 18-33971 |
| Harbor Lakes SCC LLC | 18-33972 |
| Harden HUD Holdco LLC | 18-34032 |
| Harden Non-HUD Holdco LLC | 18-34035 |
| Harden Pharmacy LLC | 18-34036 |
| Hearthstone SCC LLC | 18-34037 |
| Hewitt SCC LLC | 18-33973 |
| HG SCC LLC | 18-34040 |
| HHC Portland AL, LP | 19-31719 |
| Hill Country SCC LLC | 18-34043 |
| Holland SCC LLC | 18-33974 |
| Hunters Pond SCC LLC | 18-34045 |
| Jacksonville SCC LLC | 18-34046 |
| La Hacienda SCC LLC | 18-34049 |
| Lakepointe SCC LLC | 18-34050 |
| Major Timbers LLC | 18-34052 |
| Marlandwood East SCC LLC | 18-34054 |
| Marlandwood West SCC LLC | 18-34058 |
| Meadow Creek SCC LLC | 18-34064 |
| Midland SCC LLC | 18-34065 |
| Mill Forest Road SCC LLC | 18-34066 |
| Mission SCC LLC | 18-33975 |
| Mullican SCC LLC | 18-34067 |

| | |
|---|---|
| Mystic Park SCC LLC | 18-34068 |
| Normandie SCC LLC | 18-34069 |
| Onion Creek SCC LLC | 18-34070 |
| Park Bend SCC LLC | 18-34071 |
| Pasadena SCC LLC | 18-34072 |
| Pecan Tree SCC LLC | 18-34073 |
| Pecan Valley SCC LLC | 18-34074 |
| Pleasantmanor SCC LLC | 18-34075 |
| PM Management - Allen NC LLC | 18-34076 |
| PM Management - Babcock NC LLC | 18-34077 |
| PM Management - Cedar Park NC LLC | 18-34078 |
| PM Management - Corpus Christi NC II LLC | 18-34079 |
| PM Management - Corpus Christi NC III LLC | 18-34080 |
| PM Management - Corsicana NC II LLC | 18-34081 |
| PM Management - Corsicana NC III LLC | 18-34082 |
| PM Management - Corsicana NC LLC | 18-34083 |
| PM Management - Denison NC LLC | 18-34084 |
| PM Management - El Paso I NC LLC | 18-34085 |
| PM Management - Fredericksburg NC LLC | 18-34086 |
| PM Management - Frisco NC LLC | 18-34087 |
| PM Management - Garland NC LLC | 18-33979 |
| PM Management - Golden Triangle NC I LLC | 18-33980 |
| PM Management - Golden Triangle NC II LLC | 18-33981 |
| PM Management - Golden Triangle NC III LLC | 18-33982 |
| PM Management - Golden Triangle NC IV LLC | 18-33983 |
| PM Management - Killeen I NC LLC | 18-33984 |
| PM Management - Killeen II NC LLC | 18-33985 |
| PM Management - Killeen III NC LLC | 18-33986 |
| PM Management - Lewisville NC LLC | 18-33988 |
| PM Management - New Braunfels NC LLC | 18-33990 |
| PM Management - Park Valley NC LLC | 18-33991 |
| PM Management - Pflugerville AL LLC | 18-33993 |
| PM Management - Portfolio IX NC LLC | 19-30253 |
| PM Management - Portfolio V NC, LLC | 19-30249 |
| PM Management - Portfolio VI NC LLC | 19-30250 |
| PM Management - Portfolio VII NC LLC | 19-30251 |
| PM Management - Portfolio VIII NC LLC | 19-30252 |
| PM Management - Portland AL LLC | 18-33994 |
| PM Management - Portland NC LLC | 18-33995 |
| PM Management - Round Rock AL LLC | 18-33997 |
| PM Management - San Antonio AL LLC | 19-30254 |
| PM Management - San Antonio NC LLC | 18-33998 |
| Presidential SCC LLC | 18-34000 |
| Redoak SCC LLC | 18-33976 |
| Riverside SCC LLC | 18-34001 |
| Round Rock SCC LLC | 18-34002 |
| Rowlett SCC LLC | 18-34007 |
| Ruston SCC LLC | 18-34009 |

3

| | |
|---|---|
| RW SCC LLC | 18-34011 |
| Sagebrook SCC LLC | 18-34013 |
| San Angelo SCC LLC | 18-34015 |
| San Antonio SCC, LLC | 19-30261 |
| SCC Edinburg LLC | 18-34019 |
| SCC Hospice Holdco LLC | 18-34021 |
| SCC Senior Care Investments LLC | 18-34023 |
| SCC Socorro LLC | 18-34024 |
| Senior Care Center Management II LLC | 18-34026 |
| Senior Care Center Management LLC | 18-34028 |
| Senior Care Centers Home Health, LLC | 18-34030 |
| Senior Rehab Solutions LLC | 18-34031 |
| Senior Rehab Solutions North Louisiana LLC | 18-34033 |
| Shreveport SCC LLC | 18-34034 |
| Solutions 2 Wellness LLC | 18-34038 |
| South Oaks SCC LLC | 18-34039 |
| Springlake ALF SCC LLC | 18-34041 |
| Springlake SCC LLC | 18-34042 |
| Stallings Court SCC LLC | 18-33977 |
| Stonebridge SCC LLC | 18-34044 |
| Stonegate SCC LLC | 18-33978 |
| Summer Regency SCC LLC | 18-34047 |
| TRISUN Healthcare LLC | 18-34048 |
| Valley Grande SCC LLC | 18-34051 |
| Vintage SCC LLC | 18-34053 |
| West Oaks SCC LLC | 18-34055 |
| Western Hills SCC LLC | 18-34056 |
| Weston Inn SCC LLC | 18-34057 |
| Westover Hills SCC LLC | 18-34059 |
| Whitesboro SCC LLC | 18-34060 |
| Windcrest SCC LLC | 18-34061 |
| Windmill SCC LLC | 18-34062 |
| Wurzbach SCC LLC | 18-34063 |

76616314.2